UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAZ PARTNERS LP, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

v.                                                                              Case No. 6:19-cv-00619-PGB-LRH

FIRST CHOICE HEALTHCARE
SOLUTIONS, INC. and CHRISTIAN
ROMANDETTI, SR.,

      Defendants.

_____/

**DEFENDANT FIRST CHOICE HEALTHCARE SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO MAZ PARTNERS LP'S MOTION TO (1) DISMISS WITHOUT PREJUDICE, OR STAY BRIEFING OF, DEFENDANT FIRST CHOICE HEALTHCARE SOLUTIONS, INC.'S MOTION TO DISMISS, (2) TO ESTABLISH AN ORDERLY PROCEDURE TO COMPLY WITH THE PRIVATE SECURITIES LITIGATION REFORM ACT AND CONDUCT INITIAL STAGES OF THE LITIGATION, AND (3) IN THE ALTERNATIVE FOR AN ENLARGEMENT OF TIME OF 30 DAYS TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

Defendant First Choice Healthcare Solutions, Inc. ("First Choice" or the "Company") responds in opposition to Plaintiff MAZ Partners LP's ("MAZ Partners" or "Plaintiff") Motion (1) to Dismiss Without Prejudice, or Stay Briefing of Defendant First Choice Healthcare Solutions, Inc.'s Motion to Dismiss, (2) to Establish an Orderly Procedure to Comply with the Private Securities Litigation Reform Act and Conduct the Initial Stages of the Litigation, and (3) in the Alternative, for an Enlargement of Time of 30 Days to Respond to the Defendant's Motion to Dismiss ("Motion to Stay") [ECF No. 20].

48858562;4

In the Motion to Stay, Plaintiff asks the Court to disregard the pending Motion to Dismiss filed by First Choice [ECF No. 13], and to instead delay consideration of its certified Complaint for Violation of the Federal Securities Laws and Demand for Jury Trial ("Complaint"), until a lead plaintiff is first appointed.[1]  As set forth below, First Choice opposes the request to dismiss or stay consideration of the Motion to Dismiss, and further opposes the lengthy extension of time requested in the Motion to Stay.

## I.      INTRODUCTION

Plaintiff asks this Court to treat the filing of the Complaint as a nullity, even though there is nothing in the Federal Rules of Civil Procedure, or under the federal securities laws, that suggests a court should simply ignore the filing of a complaint as though it never happened. Plaintiff asserts that, despite the fact that no motions for lead plaintiff have been filed, the Court should await the appointment of lead plaintiff – and the potential filing of an amended complaint – prior to ruling on the Motion to Dismiss.  However, every complaint must comply with the federal pleading standards and must state a claim.  First Choice has every right to test the sufficiency of this Complaint – the only live pleading filed against it.

Plaintiff argues that because this case is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), that this Court should never rule on dispositive motions prior to the appointment of a lead plaintiff.  Yet such a concept is not found anywhere in the

---

[1] Alternatively, Plaintiff asks for an extra month to respond to the Motion to Dismiss – an unquestionably excessive amount of time.  First Choice did not oppose a reasonable extension of time of two weeks (through and including May 28, 2019) for Plaintiff to respond to the pending Motion to Dismiss or file an amended pleading, and Plaintiff filed a separate unopposed motion for a 14 day enlargement of time to do so [ECF No. 19].

PSLRA.  Not only is such a rule not found in the PSLRA, it defies the PSLRA's policy goal of quickly dispensing with costly and unfounded securities lawsuits.

Even further, Plaintiff's position is contrary to the federal pleading standards because it would allow plaintiffs to file mere "placeholder" complaints which, according to Plaintiff, will never have to be defended.  Such a policy would only encourage the filing of poor pleadings in a race to the courthouse, as is evidenced by the Complaint here.

Plaintiff seems to accept that its initial Complaint is deficient.  Indeed, in the Motion to Dismiss [ECF No. 13], First Choice outlined at least six compelling reasons why Plaintiff's Complaint [ECF No. 1] should be dismissed.  These include that (1) the Complaint fails to specifically identify actionable statements that were alleged to be misleading; (2) the statements quoted in the Complaint are accurate, not false or misleading; (3) many of the alleged misleading statements are based on non-actionable, forward-looking cautionary statements protected by a statutory safe harbor; (4) the Complaint fails to adequately allege that Plaintiff (or the putative class) relied on any of the alleged misstatements; (5) the Complaint fails to plead facts necessary to plead the required strong inference of scienter; and (6) the Complaint's proposed class definition is fundamentally flawed.  [*See* ECF No. 13].

While Plaintiff argues that it will be "inefficient" for the Court to rule on the Motion to Dismiss, the reality is that Plaintiff recognizes that First Choice has raised substantive dismissal arguments in its Motion to Dismiss, and therefore Plaintiff is reluctant or unable to defend its own weak pleading.  Even so, a stay is never mandatory and it is entirely unwarranted here.

3

48858562;4

Plaintiff's alternative request for a lengthy extension of time (beyond the unopposed two-week extension) to respond to the Complaint and/or file an amended complaint is also not well-founded.   Plaintiff provides no rationale as to why it was unable to respond to the Complaint (or amend) within the two-week extension that was unopposed.   Indeed, First Choice was able to respond to the Complaint and file its Motion to Dismiss without seeking additional time.   Plaintiff's request for extra time is unquestionably unnecessary if, as Plaintiff has indicated, it plans to file an amended complaint.   Plaintiff presumably performed a factual investigation prior to filing suit, as required by Rule 11.   If so, it has had access to whatever information may underlie the amended complaint since the November 15, 2018 alleged drop in First Choice's stock price, which was the impetus of this lawsuit.   If Plaintiff could not file a robust factual complaint in that five-month time frame, it should not be provided a lengthy extension of time to do so now.

## II.   DISMISSAL, OR A STAY, OF THE MOTION TO DISMISS IS NOT APPROPRIATE.

### A.   The Motion to Dismiss Requires Dismissal of this Action.

The PSLRA justifies dismissal of the Complaint here, so there is no justification for the proposed "dismissal" of the Motion to Dismiss (or a stay of the case pending lead plaintiff appointment).   Contrary to Plaintiff's assertion, the filing of a motion to dismiss in response to a complaint governed by the PSLRA is a perfectly legitimate vehicle for any defendant to employ – even if not the "typical procedure" experienced by Plaintiff's counsel.   Motion to Stay at 12.   The statute actually encourages the filing of a motion to dismiss and provides that a court must address such a motion when filed.   *See* 15 U.S.C. § 78u-4(b)(3).

4

The PSLRA is Congress' "effort to deter or at least **quickly dispose** of those suits whose nuisance value outweighs their merits . . . ." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 82 (2006) (emphasis added). "An important component of achieving this goal was structuring the legislation to permit the **dismissal of frivolous cases at the earliest feasible stage of the litigation**, thereby reducing the cost to the company, and by derivation, to its shareholders, in defending a baseless action." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (emphasis added). To that end, the PSLRA explicitly imposes a stay of discovery "during the pendency of **any motion to dismiss**" and mandates that the Court dismiss a complaint that is deficient:

> **(3) Motion to dismiss; stay of discovery**
>
> > **(A) Dismissal for failure to meet pleading requirements**
> > In any private action arising under this chapter, the court shall, on the motion of any defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met.
> >
> > **(B) Stay of discovery**
> > In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3) (bold emphasis in original; underlined emphasis added).

By advocating for "dismissal" of the Motion to Dismiss, Plaintiff asserts that the appointment of lead plaintiff must be addressed before a motion to dismiss. But there is no statutory authority that supports Plaintiff's assertion. Motion to Stay at 8-12. A PSLRA defendant is unequivocally permitted to file a motion to dismiss following the service of ***any***

5

48858562;4

complaint.  The statute says nothing about waiting for the lead plaintiff process to be completed before so ruling.

Here, this Court must dismiss Plaintiff's Complaint, as outlined in the Motion to Dismiss, because the pleading requirements — particularized allegations (1) of misleading statements and omissions, (2) giving rise to a strong inference of scienter — have not been met.  15 U.S.C. § 78u-4(b)(1) and (2); *see also* [ECF No. 13], pp. 9-19, 22-21.  Each deficiency provides independent justification for dismissal under the PSLRA.  15 U.S.C. § 78u-4(b)(3) ("the court <u>shall</u>, on the motion of any defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met") (emphasis added).  The Motion to Dismiss also seeks dismissal for non-PSLRA related reasons, such as the failure to plead reliance on the alleged fraud and the failure to plead fraud with specificity as required under Federal Rule of Procedure 9(b).  There is no need to await the appointment of lead plaintiff to address the merits of the Motion to Dismiss.

## B.    A Stay Of The Motion To Dismiss Is Not Warranted.

### 1.    *Courts Often Dismiss Complaints Prior to the Appointment of Lead Plaintiff.*

The PSLRA explicitly imposes a stay of discovery and other proceedings "during the pendency of any motion to dismiss;" it does **not** impose, implicitly or explicitly, a stay of this Court's adjudication of the motion to dismiss pending appointment of a lead plaintiff.  *See generally*, 15 U.S.C. § 78u-4.  Plaintiff instead focuses on the PSLRA provision governing the appointment of a lead plaintiff in Section (a)(3), and argues that the provision essentially requires that the Motion to Dismiss cannot go forward at least until a lead plaintiff is appointed, because only the lead plaintiff can act on behalf of a class.  *See* Motion to Stay at 7-8.  But

6

48858562;4

Plaintiff jumps ahead of itself.  There is no class to represent at this time.[2]

Indeed, numerous courts have rejected the argument that an appointment of lead plaintiff must occur first.  *See Grobler v. Neovasc, Inc.*, Case No. 1:16-cv-11038 (D. Mass. July 26, 2016) at [ECF No. 22] ("There is nothing in the PSLRA requiring a district judge to stay a motion to dismiss so that a plaintiff can assign lead counsel and file a Consolidated Complaint.") (attached as Exhibit A); *see also Brooks v. Wachovia Bank, N.A.*, No. Civ. A. 06-00955, 2007 WL 2702949, at *1 (E.D. Pa. Sept. 14, 2007) (granting motion to dismiss securities class action and denying as moot motion for appointment of lead plaintiff); *Hartman v. Pathmark Stores, Inc.*, No. Civ. A. 05-403-JJF, 2006 WL 571852, at *1 (D. Del. Mar. 8, 2006) (same); *Walker v. Shield Acquisition Corp.*, 145 F. Supp. 2d 1360, 1361 (N.D. Ga. 2001) (same); *Recupito v. Prudential Secs., Inc.*, 112 F. Supp. 2d 449, 451 (D. Md. 2000) (same); *Berkowitz v. Conrail, Inc.*, No. Civ. A. 97-1214, 1997 WL 611606, at *1 n.1 (E.D. Pa. Sept. 25, 1997) (in Section 10(b) case under PSLRA, "[b]ecause Defendant's motion to dismiss will be granted, Plaintiff's pending motions to be appointed lead plaintiff, for appointment of lead and co-lead counsel, and for class certification will be denied as moot").

This Court should likewise not delay ruling on the Motion to Dismiss, but rather address its merits at this time.

---

[2] The cases cited by Plaintiff do not support an argument that Plaintiff is without authority to respond to the Motion to Dismiss prior to the appointment of lead plaintiff.  Both *In re Select Comfort Corp. Sec. Litig.*, No. 99-884 (DSD/JMM), 2000 U.S. Dist. LEXIS 22697, (D. Minn. Jan. 27, 2000) and *Christman v. Brauvin Realty Advisors, Inc.*, 191 F.R.D. 142, 144 (N.D. Ill. 1999), cited by the Motion to Stay at 9, involved instances where a third-party attempted to act for the purported class despite the fact that a lead plaintiff had *previously* been appointed.  Those courts rightly noted that under such circumstances the third-party had no ability to act on behalf of the purported class.  In contrast, no lead plaintiff has been appointed here, and nothing prevents Plaintiff from defending its own certified filing.

### 2.    *Plaintiff's Position is Inconsistent with Federal Pleading Standards.*

Plaintiff's position also makes no logical sense.  In effect, Plaintiff argues that a plaintiff can file a facially deficient complaint (like here), as a mere "placeholder" and nullity to be ignored until a court-appointed lead plaintiff files an amended complaint – even where the lead plaintiff appointed was the party who filed the initial complaint to begin with.

That position of course ignores Federal Rule of Civil Procedure 11's requirements. Pursuant to Rule 11, when a party files a pleading, it is certifying that, *inter alia*, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11 is not designed to permit plaintiffs to file "placeholder" complaints which a defendant is not permitted to challenge.  *See In re Engle Cases*, 767 F.3d 1082, 1113 (11th Cir. 2014) (noting that the filing of "placeholder actions" "would run counter" to Rule 11); *Kennedy v. Paniccia-Indialantic, LLC*, 616CV2208ORL31DCI, 2017 WL 5178182, at *4 (M.D. Fla. Nov. 8, 2017) (criticizing the practice of filing insufficient ADA complaints which are "nothing more than a placeholder," followed by an amended pleading with more detail).  Plaintiff should not be allowed to skirt around its own deficient filing.

Under Plaintiff's view, this Court should never rule on a motion to dismiss the original complaint in a securities class action prior to the appointment of lead plaintiff.  This directly conflicts with the PSLRA's mandate requiring dismissal for failure to meet its pleading standards, and directly conflicts with the PSLRA's goal of assessing the pleading requirements

8

at the "earliest feasible stage of the litigation." *Bryant*, 187 F.3d at 1278. Thus, no stay should be imposed here.

### 3.      *Plaintiff's Authorities Do Not Provide Support for a Stay.*

The authorities relied on by Plaintiff are not binding and otherwise do not provide support for a stay of this case. *See* Motion to Stay at 10-12. Two of the cases involved stays that were issued on **joint motions or stipulations** or in response to motions that were **not opposed**. *See McIlvaine v. Arthocare Corp.*, No. 08-cv-80343-KLR, [ECF No. 18] (S.D. Fla. May 27, 2019) (parties' joint stipulation to stay case) (attached as Exhibit B); *Cohen v. Saf T Lok, Inc.*, No. 02-80252-CIV-RYSKAMP [Docket Report] (S.D. Fla.) (docket report reflecting that no opposition was filed to the motion for stay) (attached as Exhibit C).

The other cases cited involved complex consolidations where multiple different complaints were already pending or where multiple parties were already seeking appointment as lead counsel. *See, e.g.*, *Harrison v. Mako Surgical Corp.*, No. 12-60875-CIV, 2012 WL 12896916, at *1 (S. D. Fla. Aug. 1, 2012) (ruling on a motion to consolidate multiple actions and appointing lead counsel before finding that the pending motion to dismiss the complaint was moot); *Chau v. Intrepid Potash, Inc.*, No. 09-cv-00320, 2009 WL 902408, at *1 (D. Colo. April 1, 2009) (consolidating three pending securities fraud class actions at the time the stay was issued); *Spiegel v. Tenfold Corp.*, No. 00-cv-00652-TC, (D. Utah Jan. 3, 2001) (attached as Exhibit A to the Motion to Stay) (issuing a stay while denying a motion to appoint lead plaintiff filed by three movants seeking appointment of three law firms); *Casey v. Windmere-Durable Holdings, Inc.*, No. 98-cv-02273-JAL [ECF No. 13] (S.D. Fla. Dec. 4, 1998) (attached as Exhibit D) (motion to consolidate six different cases was pending when the court issued a

9

*sua sponte* stay on the motion to dismiss).

This case, by contrast, does not involve the consolidation of any – and certainly not multiple – other complaints. Plaintiff itself filed the only pending Complaint, and as of now, is the only prospective plaintiff. Moreover, even if additional parties seek to be named lead plaintiff in the future, nothing prevents those parties from filing their own complaints should they choose to do so.[3] Either way, there is no justification for Plaintiff to try to abandon its own filing.

Plaintiff's reliance on the Manual for Complex Litigation is also misplaced. Motion to Stay at 13. The manual does not advocate for the blanket stay Plaintiff requests here, but instead provides that a court should consider preserving the defendants resources in the early part of a securities fraud case. Manual Complex Lit. § 31.4 (4th ed.) (noting that the trial judge should consider "suspending the time for *defendants* to respond to the complaint") (emphasis added). The manual is inapposite; Defendants have already responded to the Complaint. Moreover, the manual is concerned about cases involving "pending or expected related litigation" that will further complicate resolution of the securities fraud case. *Id.* However, even in such instances, the manual makes clear that "[s]everal foundational issues may preclude the action altogether, and thereby render it subject to early resolution." *Id.* As noted, only one action has been brought against First Choice, and the action should be adjudicated based on the foundational issues raised in the Motion to Dismiss without delay.

---

[3] While First Choice moved for dismissal of the Complaint with prejudice, should the Court agree that dismissal is proper but grant Plaintiff leave to amend, a ruling on the Motion to Dismiss would also provide clarity for any future complaints.

10

## C.      First Choice Would Be Prejudiced By A Stay.

The pendency of this action and the allegations in the Complaint are prejudicial to First Choice, both in terms of the damage to its reputation and in terms of the costs of defending this litigation.  First Choice has responded to the Complaint, pursuant to the requirements of Fed. R. Civ. P. 12, explaining in detail why the Complaint must be dismissed.  Delaying resolution of the Motion to Dismiss pending this Court's determination of not-yet-filed motions for potential lead plaintiff will only prolong this case, increasing the reputational damages and litigation costs.

Courts have long recognized that these types of allegations of fraud can be damaging; in fact, that is one reason such allegations are required to meet a heightened pleading standard, even outside of securities litigation.  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (explaining that courts have long recognized that damage to individual reputation can be caused by unfounded accusations of fraud); *In re Comshare, Inc. Sec. Litig.*, No. 96-73711-DT, 1997 WL 1091468, at *5 (E.D. Mich. Sept. 18, 1997) (quoting H.R. Conf. Rep. No. 104-369, at 41 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 740) ("Unwarranted fraud claims can lead to serious injury to reputation for which our legal system effectively offers no redress.").

## D.      A Scheduling Order Is Premature Before The Motion To Dismiss Is Resolved.

The PSLRA explicitly imposes a **stay of discovery and other proceedings** "during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3).  Accordingly, at this time, there is no need for a scheduling order until the pending Motion to Dismiss is resolved.

If Plaintiff seeks to amend the current Complaint, it can – and indeed, must – follow the time-lines set forth in Fed. R. Civ. P. 15.  As the Eleventh Circuit has held, the PSLRA

11

48858562;4

does not modify Rule 15. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) (citing *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir. 2008)). Under Rule 15, Plaintiff has – or had – several options. It could have amended its Complaint, as of right, within 21 days after service. Fed. R. Civ. P. 15(a)(1)(A). That time has now passed. It could also amend its Complaint within 21 days after the service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). That deadline is currently today, May 21, 2019. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

As noted, First Choice did not object to a two-week extension of the deadline for Plaintiff to respond to the pending Motion to Dismiss, from May 14, 2019 through and including May 28, 2019, and Plaintiff has filed an unopposed motion seeking that relief. Plaintiff could have filed an amended complaint during that time. Plaintiff, however, does not explain why it needs an even longer period of time to respond to the current Motion to Dismiss or otherwise amend the Complaint. Plaintiff has had over five months since the drop in First Choice's stock price, but has not filed a factually robust and sufficient complaint. Given the discovery stay mandated by the PSLRA, Plaintiff will not have access to additional information via discovery during any prolonged extended period of time. Delaying the time to amend the Complaint will therefore not change the facts available to Plaintiff to form the basis of its pleading. First Choice opposes Plaintiff's request for extended period of time to amend or respond, especially because First Choice was able to file the Motion to Dismiss without the need for any extension whatsoever.

12

48858562;4

## CONCLUSION

For the foregoing reasons, First Choice respectfully requests that the Court enter an

Order denying the Motion to Stay, and awarding First Choice such other and further relief as

the Court deems just and proper.

Dated: May 21, 2019

Respectfully submitted,

*/s/ Brian P. Miller*
Brian P. Miller, Esq.
**TRIAL COUNSEL**
Florida Bar No. 0980633
Brian.Miller@akerman.com
Samantha J. Kavanaugh
Florida Bar No. 0194662
Samantha.Kavanaugh@akerman.com
Ross E. Linzer
Florida Bar No. 73094
Ross.Linzer@akerman.com
Jonathan D. Lamet
Florida Bar No. 106059
Jonathan.Lamet@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, FL  33131
Tel: 305-374-5600
Fax: 305-374-5095

***Attorneys for Defendant First Choice***
***Healthcare Solutions, Inc.***

48858562;4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2019, I filed the foregoing with the Court via CM/ECF, which will serve a true and correct copy of the foregoing via email service on counsel of record:

Joshua W. Ruthizer
Chet B. Waldman
WOLF POPPER LLP
845 Third Avenue
New York, NY  10022
Tel: 212-759-4600
Fax: 212-486-2093
jruthizer@wolfpopper.com
cwaldman@wolfpopper.com

Fritz Scheller
Fritz Scheller, P.L.
200 E. Robinson, Suite 1150
Orlando, Florida  32801
Tel: 407-792-1285
Fax: 407-513-4146
fscheller@flusalaw.com

/s/ Brian P. Miller
Attorney

48858562;4