UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAZ PARTNERS LP, Individually and on
Behalf of All Others Similarly Situated,

    Plaintiff,

v.                                      Case No. 6:19-cv-00619-PGB-LRH

FIRST CHOICE HEALTHCARE
SOLUTIONS, INC. and CHRISTIAN
ROMANDETTI, SR.,                     **DISPOSITIVE MOTION**

    Defendants.
_____/

## DEFENDANT ROMANDETTI'S MOTION TO DISMISS

Defendant CHRISTIAN ROMANDETTI, SR. ("Mr. Romandetti"), through undersigned counsel, respectfully moves to dismiss Plaintiff's Complaint for Violation of the Federal Securities Laws (Doc. 1). The Complaint is a shotgun pleading that runs afoul of 8(a)(2) of the Federal Rules of Civil Procedure. Furthermore, though it sounds in fraud, the Complaint fails to satisfy the heightened pleading standard required under Rule 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Finally, Plaintiff does not sufficiently allege reliance and therefore fails to state a claim under Rule 12(b)(6). For these reasons, the Court should dismiss the Complaint.

## BACKGROUND

Plaintiff's putative class action Complaint alleges that First Choice Healthcare Solutions, Inc. ("First Choice") and Romandetti, the former CEO and Chairman of the Board of Trustees of First Choice, violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the

"Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t, and the Securities and Exchange Commission ("SEC") Rule 10b-5. (Doc. 1 at ¶ 1, 19).

According to the allegations of the Complaint, Romandetti participated in a "market manipulation" scheme of First Choice stock by acquiring large blocks of shares and engaging Elite Stock Research ("Elite") to artificially promote the market price and trading volume of the company's shares. *Id*. at ¶¶ 3-4, 24, 29. Elite allegedly operated a "boiler room" that implemented a promotional campaign to "pump" the value of First Choice shares by "fawning over" the company in communications with retail investors. *Id*. at ¶ 5. Elite also purportedly engaged in manipulative trades designed to artificially increase the trading volume and market price of First Choice common stock while co-conspirators allegedly simultaneously dumped their First Choice stock at the inflated price as other unsuspecting investors were purchasing First Choice stock. *Id*.

In November of 2018, the Department of Justice filed a criminal indictment against Romandetti and alleged co-conspirators and issued a press release the following day. *Id*. at ¶ 56. The SEC also filed a lawsuit against Romandetti and his alleged coconspirators, once again accompanied by a press release. *Id*. at ¶ 61. According to Plaintiff, the ensuing decline in the stock price resulted in at least $2.5 million in losses to more than 100 retail investors, while generating more than $3.3 million of illegal profits for the participants, including an alleged $560,000 payment to Romandetti. *Id*. at ¶ 6.

The Complaint contains a number of statements gleaned from five years of First Choice's SEC filings that it characterizes as "misleading statements" and "material omissions," including (1) alleged false or misleading Form 10-Ks that discussed risk factors for First Choice, as well as the potential sources of volatility and fluctuation of its stock, but did not disclose the alleged misconduct of Romandetti; (2) alleged false or misleading Form 10-Ks that characterized

Romandetti as a key executive but did not disclose his involvement in the alleged market manipulation; and (3) alleged failure to disclose that Elite was a boiler room operation hired to engage in the alleged market manipulation. *See id.* at ¶¶ 21-24, 26-29, 31-34, 36-39, 41-44.

The Complaint also cites alleged false or misleading certifications pursuant to Section 302 of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7241 ("SOX"), signed by Romandetti, as well as statements regarding First Choice's "Code of Conduct and Ethics," its "Disclosure Policy," and its "Compliance Program." *See id*. at ¶¶ 7-9, 21, 25, 30, 35, 40, 74, 75, 88.

Plaintiff avers it is a hedge fund that purchased 250,859 shares of First Choice common stock from April 1, 2014 through November 14, 2018 (the "Class Period"). *Id*. at ¶¶ 1, 17. Plaintiff filed its Complaint on March 29, 2019, individually, purporting to represent a class representing "all persons other than Defendants who purchased or otherwise acquired First Choice common stock" during the Class Period, "and were damaged thereby." *Id*. at ¶¶ 1, 90.

In Count I, Plaintiff alleges that Romandetti and First Choice violated Section 10(b) of the Exchange Act when they

    (a)    employed devices, schemes and artifices to defraud;

    (b)    omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of First Choice common stock during the Class Period.

*Id.* at ¶ 99. According to Plaintiff, this caused "the market price of First Choice common stock" to become "artificially inflated during the Class Period." *Id.* at ¶ 102.

Although Plaintiff states that the members of the Class "relied on the statements described above during the Class Period in purchasing First Choice Common Stock," it does not allege that

the damages were caused by reliance on an assumption of an efficient market free of manipulation. *See id.* at ¶¶ 96-105. Count I also incorporates by reference all of the preceding 95 paragraphs "as if fully set forth" therein. *Id.* at ¶ 96.

In Count II, which also incorporates by reference all the preceding paragraphs, Plaintiff alleges that Romandetti is individually liable as a "controlling person" within the meaning of Section 20(a) of the Exchange Act because he "exercised control" over the "general operations of First Choice and possessed the power to control the specific activities that comprise the primary violations about which Plaintiff and the other members of the Class complain." *Id.* at ¶¶ 106-112.

Defendant Romandetti moves to dismiss the Complaint.

## **MEMORANDUM OF LAW**

The Complaint is a shotgun pleading that employs multiple claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Romandetti to determine with any certainty which factual allegations give rise to viable claims for relief. This sort of pleading, which the Eleventh Circuit has repeatedly condemned, is particularly problematic in this context because Plaintiff does not specifically identify which false statements made over the course of five years of 10k filings it (or any of the other class members) relied upon in purchasing common stock.

The conclusory allegation that it relied on *all* the First Choice statements does not satisfy the heightened pleading standard required under Rule 9(b) and the PSLRA. Moreover, Plaintiff's market manipulation theory is unsustainable because Plaintiff does not and cannot allege that any of the damages were caused by reliance on an assumption of an efficient market free of manipulation. Finally, claims under Section 20(a) necessarily rise and fall with the other securities

claims. Because Count I fails as a matter of law, the "controlling person" theory in Count II fails as well.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As interpreted by the Supreme Court, this requirement means a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Claims alleging fraud must also comply with the heightened pleading requirements of Rule 9(b), which states that plaintiffs "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) requires the a complaint to set forth: (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled plaintiff; and (4) what the plaintiff obtained as a consequence of the fraud. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

The PSLRA, 15 U.S.C. § 78u-4, governs complaints alleging securities fraud and also imposes an additional particularity requirement on pleadings. With regard to misleading representations, the PSLRA requires that complaints "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1)(B); *see also Aldridge v. A.T. Cross Corp.*, 284 F.3d 72, 78 (1st Cir. 2002).

Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint alleging securities fraud under section 10(b) of the Exchange Act and Securities and Exchange Commission Rule 10b-5 must plead six elements: "(1) a material misrepresentation or omission; (2) scienter, or a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation." *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S.Ct. 2398, 2407 (2014).

## ANALYSIS

1. <u>The Complaint is an Impermissible Shotgun Pleading</u>

A threshold issue before the Court is whether the complaint constitutes a shotgun pleading in violation of Rule 8's requirement that a complaint must contain a short and plain statement. *See, e.g.*, *Jackson v. Bank of America*, 898 F.3d 1348 (11th Cir. 2018).

As explained by the Eleventh Circuit, a shotgun pleading is one which:

> employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief.

*Jackson v. Bank of America*, 898 F.3d 1348, 1356 (11th Cir. 2018); *see also Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions"). Such a "complaint patently violates Federal Rule of Civil Procedure 8, which requires a plaintiff to plead 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Jackson*, 898 F.3d at 1356.

In the instant case, the complaint consists of 48-pages and contains some 112 paragraphs raising various allegations, including class action assertions. *See* Doc. 1. Rather than delineating which specific facts pertain to which of the Plaintiff's two causes of action, the complaint incorporates all allegations into each of the two counts. Thus, as the *Jackson* Court noted, Defendant Romandetti is left to guess which factual allegation relate to which cause of action. *See also Strategic Income Fund*, 305 F.3d at 1295 (asserting that a shotgun pleading forces a court to sift out irrelevancies in order to determine which facts are relevant to which causes of action). Because the complaint violates Rule 8, it must be dismissed. *Jackson*, 898 F.3d at 1356. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (shotgun pleadings are "altogether unacceptable," and it is the court's obligation to force the plaintiff to replead).

2. The Complaint Fails to Adequately Plead Justifiable Reliance

As argued in the well-reasoned Motion to Dismiss filed by Defendant First Choice (Doc. 13 at 9-19), the Complaint fails to state a claim for material misrepresentation.[1] Even if the Court finds that Plaintiff identified some actionable misrepresentation, the Complaint falls short of the heightened pleading standard of Rule 9(b) and the PLSRA with respect to the element of reliance.

The Complaint devotes over thirty paragraphs to various statements made over the course of *five years* in First Choice's SEC filings and elsewhere. (Doc. 1 at ¶¶ 21-55). Yet, when alleging the essential element of reliance, its allegations are limited to the following threadbare recitals:

- Plaintiff purchased 250,859 shares of First Choice common stock at artificially inflated prices in reliance on Defendants' misleading statements due to omissions of material facts during the Class Period.

---

[1] Defendant Romandetti hereby adopts the arguments contained in Section III, part B, of the Motion to Dismiss filed by First Choice. *See* Doc. 13 at 9-19. Those arguments are equally applicable to Defendant Romandetti because, if the statements are not actionable, the Complaint fails as to all defendants.

7

- Unaware of the falsity of the statements by Defendants, Plaintiff and the other members of the Class relied on the statements described above during the Class Period in purchasing First Choice common stock at prices that were artificially inflated as a result of the misleading statements by Defendants.

- Had Plaintiff and the other members of the Class been aware that the market price of First Choice common stock had been artificially inflated by Defendants' omissions of the material adverse information that Defendants did not disclose, they would not have purchased First Choice common stock at the artificially inflated prices that they did, or at all.

*Id.* at ¶¶ 17, 102-03.

These conclusory allegations are insufficient for three reasons. First, because First Choice does not specify the particular statements that led it to purchase the common stock, it is impossible to discern whether the reliance was reasonable or justifiable. If, for instance, Plaintiff intends to claim it relied on statements contained in the "Code of Conduct and Ethics," then Romandetti could defend based on the well-established body of law holding that such "inherently aspirational" statements cannot support justifiable reliance. *See, e.g., Lopez v. Ctpartners Exec. Search Inc.*, 173 F. Supp. 3d 12, 28 (S.D.N.Y. 2016); *see also Fries v. N. Oil & Gas, Inc.*, 285 F. Supp. 3d 706, 718 (S.D.N.Y. 2018). However, it is impossible to know whether Plaintiff is alleging this statement is an actionable misrepresentation, which would be a dubious proposition, or simply including this statement to give context to other statements contained in the Complaint.

Second, and relatedly, the failure to identify a specific statement that Plaintiff relied upon in connection with the purchase of common stock impairs the Court's ability to discern whether class certification is appropriate. If, for example, Plaintiff relied upon one statement in purchasing stock, *e.g.*, the "Code of Conduct and Ethics," while another class member relied on a different statement, *e.g.* the "Disclosure Policy," then class certification would not be warranted because "[i]ndividualized reliance issues would predominate." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013).

Third, to the extent that Plaintiff intends to circumvent that problem by advancing a fraud-on-the-market theory, under which it could avail itself of class-wide presumption of reliance, *see generally Basic Inc. v. Levinson*, 485 U.S. 224, 241-42 (1988), Plaintiff's claim for market manipulation still fails because there is no allegation that its damages were "caused by reliance on an assumption of an efficient market free of manipulation." *Fezzani v. Bear, Stearns & Co. Inc.*, 716 F.3d 18, 25 (2d Cir. 2013) (a "valid securities-manipulation claim under Section 10(b) must allege," *inter alia*, damage "caused by reliance on an assumption of an efficient market free of manipulation").

Moreover, as First Choice argues in its Motion to Dismiss, the trades took place on the Over-the-Counter ("OTC") market, (Doc. 13 at 21), which is not an efficient marketplace. *Epstein v. Am. Reserve Corp.*, 1988 WL 40500, at *5 (N.D. Ill. Apr. 21, 1988) ("we believe that the over-the-counter market is incapable of meeting the Supreme Court test [from *Basic Inc.*]"); *Alki Partners, L.P. v. Vatas Holding GmbH*, 769 F. Supp. 2d 478, 485 (S.D.N.Y. 2011), *aff'd sub nom. Alki Partners, L.P. v. Windhorst*, 472 Fed. Appx. 7 (2d Cir. 2012); *Krogman v. Sterritt*, 202 F.R.D. 467, 478 (N.D. Tex. 2001). In the absence of any credible allegation that the trades took place on an efficient market, Plaintiff cannot rely on the *Basic* presumption, which in turn, renders the allegations related to reliance too unparticularized to withstand a motion to dismiss.

3. <u>The Failure to State a Claim in Count I Is Fatal to Count II</u>

"Control person liability is secondary only and cannot exist in the absence of a primary violation." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1276 (11th Cir. 2016) (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 383 (5th Cir. 2004)). When a "complaint does not allege a primary violation," the "§ 20(a) claim fails." *Id.* Accordingly, if the Court finds that Plaintiff fails to state a claim in Count I, then it must dismiss Count II as well.

9

## **CONCLUSION**

Based on the foregoing, Defendant Romandetti respectfully request the entry of an order granting this motion and dismissing the Complaint.

Respectfully submitted,

*/s/ Fritz Scheller*
FRITZ SCHELLER
Florida Bar Number 183113
Fritz Scheller, P.L.
200 E. Robinson St., Suite 1150
Orlando, Florida 32801
Telephone: 407-792-1285
Facsimile: 407-513-4146
Email: fscheller@flusalaw.com
*Counsel for Defendant Romandetti*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

    /s/ **Fritz Scheller**
FRITZ SCHELLER
Florida Bar Number 183113
Fritz Scheller, P.L.
200 E. Robinson St., Suite 1150
Orlando, Florida 32801
Telephone: 407-792-1285
Facsimile: 407-513-4146
Email: fscheller@flusalaw.com
*Counsel for Defendant Romandetti*