UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAZ PARTNERS LP, Individually and on
Behalf of All Others Similarly Situated,

     Plaintiff,

v.                                     Case No. 6:19-cv-00619-PGB-LRH

FIRST CHOICE HEALTHCARE
SOLUTIONS, INC. and CHRISTIAN
ROMANDETTI, SR.,
     Defendants.

_____/

**DEFENDANT ROMANDETTI'S OBJECTION TO
THE MAGISTRATE'S REPORT AND RECOMMENDATION (Doc. 37).**

Defendant CHRISTIAN ROMANDETTI, SR. ("Romandetti"), through undersigned counsel, respectfully files his objections to the magistrate's Report and Recommendation (Doc. 37), pursuant to 28 U.S.C. § 636. In support thereof, Mr. Romandetti states the following:

**STATEMENT OF FACTS**

1.     On March 29, 2019, the Plaintiff filed its Complaint against the Defendants. *See* Doc. 1.

2.     Defendants filed their respective Motions to Dismiss on April 30, 2019 and May 22, 2019. *See* Docs. 13 and 28.

3.     On October 16, 2019, Magistrate Judge Leslie Hoffman issued her Report and Recommendation ("Report") denying the Defendants' respective motions. *See* Doc. 37

4.     Romandetti has the following objections to the Report.

## STANDARD OF REVIEW

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A *de novo* review means the district court "give[s] fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).

## NOTICE OF ADOPTION

In his Motion to Dismiss, Romandetti adopted the arguments raised in Section III, part B in First Choice's Motion to Dismiss. *See* Doc. 28 at 7, n.1 (citing Doc. 13 at 9-19). Consistent with said adoption, Romandetti joins in the arguments contained in Section IV, parts A-D, of First Choice's Objection to the Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss (Doc. 39 at 7-21). In addition, Romandetti raises the following additional arguments concerning the Report.

## ARGUMENT

In his Motion to Dismiss, Romandetti argued, *inter alia*, that (1) the Complaint should be dismissed under Fed. R. Civ. P. 8 as a shotgun pleading; and (2) the Complaint failed to sufficiently allege justifiable reliance by the Plaintiffs. (Doc. 28 at 6-9). For the reasons that follow, Romandetti respectfully submits that the magistrate judge erred in rejecting these arguments.

After analyzing the Complaint, the magistrate concluded that multiple allegations were not actionable. (*See* Doc. 37 at 19-28). Specifically, the magistrate found that the misstatements concerning First Choice's compliance program, code of ethics, and disclosure policy did not

support the Plaintiff's claims. (Doc. 37 at 26-28; *see also* Doc. 5 at ¶¶ 8, 45-55, & 72-73). Moreover, the judge concluded that the Plaintiff's allegations regarding Elite Stock's Research role as a boiler room were similarly non-actionable. (Doc. 37 at 28-29; *see also* Doc. 5 at ¶¶ 27, 55 (partial), & 64-65). Finally, the magistrate precluded the use of facts concerning Romandetti's role as a "key" employee. (Doc. 37 at 19-21; *see also* Doc. 5 at ¶¶ 10, 23-29, 33-34, 38-39, 43-44). In sum, the Report found that 31 of the 89 paragraphs—over one third of Plaintiff's factual allegations—did not support the causes of action pled.[1]

The magistrate judge also criticized the lack of precision in alleging the factual foundation of Plaintiff's claims. The magistrate opined that the "complaint is not a model of clarity regarding the causes of action that MAZ is asserting." (Doc. 37 at 12). The magistrate further observed that "MAZ does not explain under which subsections of Rule 10b–5 it seeks to proceed, and it incorporates all of the 95 paragraphs containing the factual allegations of the complaint into Count I." *Id.* Notwithstanding the foregoing, the magistrate declined to dismiss the complaint as a "shotgun" pleading because there "are only two counts in the complaint," and "all of the factual allegations are relevant to both." *Id.* at 14 n.7. Romandetti objects to this ruling.

In fashioning the Federal Rules of Civil Procedure, the framers "assumed that complaints would be drafted as clearly and definitively as possible, so that the defendant could understand the cause(s) of action the plaintiff was asserting and frame a responsive pleading, and the district court, having a clear and definitive response before it, could recognize the parties' claims and defenses, identify the issues of fact to be litigated, and proceed to a just result." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). Shotgun pleadings confound these assumptions,

---

[1] A review of the Complaint establishes that under the broadest interpretation, its primary allegations against the Defendant are contained in paragraphs 1-89. *See* Doc. 1.

impair the Court's ability to narrow the issues, and prevent defendants from crafting responsive pleadings. *Id.* And, as the Eleventh Circuit recognized in *Davis*, shotgun complaints often beget shotgun answers and affirmative defenses. *Id.*

The best course of action in this case is to dismiss the complaint without prejudice and with leave amend to clarify the causes of action to be raised and the allegations of fact that correspond to those causes of action. As the magistrate noted, the complaint is "not a model of clarity regarding the causes of action that MAZ is asserting" and "incorporates all of the 95 paragraphs containing the factual allegations of the complaint into Count I." (Doc. 37 at 12). Thus, the complaint is a "perfect example" of a shotgun pleading, as it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees Cent. Fla. Comm.*, 77 F.3d 364, 366 (11th Cir. 1996).

Further complicating matters, the magistrate concluded that more than a third of the complaint's factual allegations are not actionable. That there are only two causes of action does little to alleviate the problems associated with the complaint, which suffered from a lack of clarity at the outset and has become still more murky since the magistrate's finding that a significant number of allegations are irrelevant.

The magistrate relied on *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (2015), but that case is inapposite. The *Weiland* Court took pains to distinguish the operative complaint from complaints "where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Id.* at 1324. The complaint in this case presents the latter scenario. The lack of clarity regarding the theory or theories advanced by the Plaintiff, coupled with the difficulty

for the Defendants to decipher which factual allegations relate to those theory or theories, makes it all but impossible to frame a responsive pleading.

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson*, 77 F.3d at 367. Based on the foregoing, Defendant Romandetti respectfully objects to the magistrate's conclusion that this shotgun complaint does not require repleading.

Relatedly, the magistrate erred in concluding that Plaintiff's allegations regarding justifiable reliance sufficed to avoid dismissal. (*See* Doc. 37 at 34-36). The Report and Recommendation cites only one allegation related to justifiable reliance: "MAZ alleges that had it been aware that the price of FCHS common stock had been artificially inflated, it may not have purchased the common stock." *Id.* at 36 (citing Doc. 1 at ¶ 103). However, the stock purchases occurred by way of 100 separate transaction on dates ranging from June of 2016 to mid-May of 2018. (Doc. 1 at 2-5). It is unclear from Plaintiff's bare-bones allegation which "misleading statements" or omissions it relied upon or when that reliance arose, such that a reasonable finder of fact could conclude that reliance was reasonable with respect to any specific transaction.

Furthermore, as argued in First Choice's Objection, the two cases cited in the Report on reliance are legally and factually distinguishable. (Doc. 39 at 21). Finally, the Report suggests that "because this case centers on Defendants' omissions, it appears that MAZ may be able to rely on 'the presumption of reliance' as stated in *Affiliated Ute Citizens of Utah*." (Doc. 37 at 36). But Plaintiff never alleged that its reliance could be presumed. Instead, it alleged that Defendants made materially false and misleading statements, which renders the presumption of reliance articulated in *Affiliated Ute* is applicable to this case. *See*, *e.g.*, *Joseph v. Wiles*, 223 F.3d 1155,

1163 (10th Cir. 2000) (declining to apply *Affiliated Ute* presumption of reliance where what "plaintiff really protests are the affirmative misrepresentations allegedly made by defendants") *abrogated on other grounds by California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2047 (2017). Accordingly, Romandetti respectfully objects to the magistrate's reliance on this unpled theory of reliance in recommending that the Court deny the motions to dismiss.

<u>**CONCLUSION**</u>

Based on the foregoing, Defendant Romandetti respectfully request the entry of an order sustaining his objections to the Report and Recommendation and dismissing the Complaint.

Respectfully submitted,

*/s/* **Fritz Scheller**
FRITZ SCHELLER
Florida Bar Number 183113
Fritz Scheller, P.L.
200 E. Robinson St., Suite 1150
Orlando, Florida 32801
Telephone: 407-792-1285
Facsimile:  407-649-1657
Email: fscheller@flusalaw.com
*Counsel for Defendant Romandetti*

6

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

/s/ **Fritz Scheller**
FRITZ SCHELLER
Florida Bar Number 183113
Fritz Scheller, P.L.
200 E. Robinson St., Suite 1150
Orlando, Florida 32801
Telephone: 407-792-1285
Facsimile: 407-649-1657
Email: fscheller@flusalaw.com
*Counsel for Defendant Romandetti*