UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAZ PARTNERS LP, Individually and On
Behalf of All Others Similarly Situated,

      Plaintiff,

v.                                                                    Case No. 6:19-cv-00619-PGB-LRH

FIRST CHOICE HEALTHCARE
SOLUTIONS, INC. and CHRISTIAN
ROMANDETTI, SR.,

      Defendants.

_____/

**DEFENDANT FIRST CHOICE HEALTHCARE SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT FOR
VIOLATION OF THE FEDERAL SECURITIES LAWS**

Defendant First Choice Healthcare Solutions, Inc. ("First Choice," or the "Company"), by and through its undersigned counsel, hereby responds to the correspondingly numbered paragraphs of Plaintiff's Complaint for Violation of the Federal Securities Laws and Demand for Jury Trial ("Complaint"), denies each and every allegation not expressly admitted, and asserts its Affirmative Defenses as follows:

**ANSWER**

First Choice responds to the non-numbered introductory statement in the Complaint as follows: First Choice admits that Plaintiff purports to bring a putative federal securities class action against First Choice and co-defendant Christian Romandetti, Sr. ("Romandetti," and together with First Choice, "Defendants"). First Choice states that there is an internal

52108005;6

conflict in the Complaint regarding the definition of the putative class. First Choice denies that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.

First Choice lacks knowledge or information sufficient to form a belief as to the basis for Plaintiff's allegations and therefore denies same.

First Choice admits that on November 14, 2018, Romandetti, Mark Burnett, Jeffrey Miller, and Frank Sarro were the subjects of a criminal indictment ("Criminal Indictment") filed by the U.S. Department of Justice ("DOJ"). First Choice states that the Criminal Indictment speaks for itself, and denies any inconsistent allegations. First Choice further admits that on November 15, 2018, the U.S. Securities and Exchange Commission ("SEC") filed a civil complaint against Romandetti, Mark Burnett, Jeffrey Miller, Frank Sarro, Anthony Vassallo, and Elite Stock Research, Inc. (the "SEC Complaint"). First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations.

Plaintiff denies the remaining allegations in the Complaint's non-numbered introductory statement.

## NATURE OF THE ACTION

1. First Choice admits that Plaintiff purports to bring a federal securities class action on behalf of a putative class of persons who purchased or otherwise acquired First Choice common stock from April 1, 2014 through November 14, 2018, both dates inclusive (the "Class Period"), pursuing remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 against Defendants. First Choice states that there is an internal conflict in the Complaint regarding the definition of the

2

52108005;6

putative class. First Choice denies that any of Plaintiff's claims have any merit and denies that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.

2.     First Choice admits that it is a non-physician owned, healthcare company that provides orthopaedic care and treatment, and denies any inconsistent allegations.

3.     First Choice lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 and therefore denies same.

4.     First Choice states that the Criminal Indictment and the SEC Complaint speak for themselves, and denies any inconsistent allegations in Paragraph 4. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4 and therefore denies same.

5.     First Choice lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 and therefore denies same.

6.     First Choice admits that the Criminal Indictment was filed on November 14, 2018. First Choice states that the Criminal Indictment speaks for itself, and denies any inconsistent allegations in Paragraph 6. First Choice further admits that the SEC Complaint was filed on November 15, 2018. First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 6. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6 and therefore denies same.

7.     First Choice admits that certain of its SEC filings from within the Class Period contained certifications made by Romandetti pursuant to Section 302 of the Sarbanes-Oxley Act of 2002 ("SOX Certifications"). First Choice states that its SEC filings speak for

3

themselves, and denies any inconsistent allegations in Paragraph 7. First Choice denies that First Choice investors were harmed by First Choice. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 7 and therefore denies same.

8. First Choice admits that certain of its SEC filings from within the Class Period discuss the Company's Compliance Program and its Code of Conduct and Ethics. First Choice states that its SEC filings speak for themselves, and denies any inconsistent allegations in Paragraph 8. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 8 and therefore denies same.

9. First Choice states that certain of its SEC filings from within the Class Period speak for themselves, and denies any inconsistent allegations in Paragraph 9. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 9 and therefore denies same.

10. First Choice states that its SEC filings from within the Class Period speak for themselves, and denies any inconsistent allegations in Paragraph 10. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 10 and therefore denies same.

11. First Choice states that the historical price of First Choice common stock speaks for itself, and denies any inconsistent allegations in Paragraph 11. First Choice denies the remaining allegations in Paragraph 11.

12. First Choice denies the allegations in Paragraph 12.

52108005;6

## JURISDICTION AND VENUE

13.    First Choice admits that Plaintiff purports to assert claims against Defendants pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78(j)(b) and 78t(a), and Rule 10b-5 promulgated thereunder.  First Choice denies that the claims have any merit.

14.    Paragraph 14 contains conclusions of law as to which no answer is required. To the extent an answer is required, the allegations in Paragraph 14 are admitted for jurisdictional purposes only.

15.    Paragraph 15 contains conclusions of law as to which no answer is required. To the extent an answer is required, First Choice admits that its principal place of business is located within the Middle District of Florida.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15 and therefore denies same.

16.    First Choice denies the allegations in Paragraph 16.

## PARTIES

17.    First Choice admits that a purported certification of Plaintiff is attached to the Complaint.  First Choice states that the certification speaks for itself.  First Choice lacks knowledge or information sufficient to from a belief as to the remaining allegations in Paragraph 17 and therefore denies same.

18.    First Choice admits that its principal place of business is located in Melbourne, Brevard County, Florida and that its common stock trades on the over-the-counter market under the ticker symbol FCHS.  First Choice denies the remaining allegations in Paragraph 18.

52108005;6

19.     First Choice lacks knowledge or information sufficient to from a belief as to Romandetti's place of residence.  First Choice admits that Romandetti served as its President and CEO until November 15, 2018.  First Choice otherwise admits the allegations in Paragraph 19.

**SUBSTANTIVE ALLEGATIONS**

**A.      Company Background**

20.     First Choice states that its Form 10-K for the year ended December 31, 2017 ("2017 10-K"), filed with the SEC on April 3, 2018, speaks for itself, and denies any inconsistent allegations in Paragraph 20.

**B.      Materially Misleading Statements Issued During the Class Period**

      **1.      Fiscal Year Ended December 31, 2013**

21.     First Choice states that its  Form 10-K for the year ended December 31, 2013 ("2013 10-K"), filed with the SEC on March 31, 2014, speaks for itself, and denies any inconsistent allegations in Paragraph 21.

22.     First Choice states that its 2013 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 22.

23.     First Choice states that its 2013 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 23.

24.     First Choice denies the allegations in Paragraph 24.

6

**2. Fiscal Year Ended December 31, 2014**

25. First Choice states that its Form 10-K for the year ended December 31, 2014 ("2014 10-K"), filed with the SEC on April 15, 2015, speaks for itself, and denies any inconsistent allegations in Paragraph 25.

26. First Choice states that its 2014 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 26.

27. First Choice states that its 2014 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 27. First Choice lacks knowledge or information sufficient to from a belief as to the remaining allegations in Paragraph 27 and therefore denies same.

28. First Choice states that its 2014 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 28.

29. First Choice denies the allegations in Paragraph 29.

**3. Fiscal Year Ended December 31, 2015**

30. First Choice states that its Form 10-K for the year ended December 31, 2015 ("2015 10-K"), filed with the SEC on April 14, 2016, speaks for itself, and denies any inconsistent allegations in Paragraph 30.

31. First Choice states that its 2015 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 31.

32. First Choice states that its 2015 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 32.

52108005;6

33.     First Choice states that its 2015 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 33.

34.     First Choice denies the allegations in Paragraph 34.

**4.     Fiscal Year Ended December 31, 2016**

35.     First Choice states that its Form 10-K/A for the year ended December 31, 2016 ("2016 10-K/A"), filed with the SEC on April 3, 2017, speaks for itself, and denies any inconsistent allegations in Paragraph 35.

36.     First Choice states that its 2016 10-K/A speaks for itself, and denies any inconsistent allegations in Paragraph 36.

37.     First Choice states that its 2016 10-K/A speaks for itself, and denies any inconsistent allegations in Paragraph 37.

38.     First Choice states that its 2016 10-K/A speaks for itself, and denies any inconsistent allegations in Paragraph 38.

39.     First Choice denies the allegations in Paragraph 39.

**5.     Fiscal Year Ended December 31, 2017**

40.      First Choice states that its 2017 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 40.

41.     First Choice states that its 2017 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 41.

42.     First Choice states that its 2017 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 42.

52108005;6

43.    First Choice states that its 2017 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 43.

44.    First Choice denies the allegations in Paragraph 44.

**6.    First Choice's Compliance Program**

45.    First Choice states that the 2013 10-K, 2014 10-K, 2015 10-K, 2016 10-K/A, and 2017 10-K speak for themselves, and denies any inconsistent allegations in Paragraph 45.

**7.    First Choice's Code of Conduct and Ethics**

46.    First Choice admits that, during some portion of the Class Period, it had a Code of Conduct and Ethics that was generally available on the Company's website.  First Choice states that the 2013 10-K, 2014 10-K, 2015 10-K, 2016 10-K/A, and 2017 10-K speak for themselves, and denies any inconsistent allegations in Paragraph 46.  First Choice denies the remaining allegations in Paragraph 46.

47.     First Choice states that its Code of Conduct and Ethics speaks for itself, and denies any inconsistent allegations in Paragraph 47.

48.    First Choice states that its Code of Conduct and Ethics speaks for itself, and denies any inconsistent allegations in Paragraph 48.

49.    First Choice states that its Code of Conduct and Ethics speaks for itself, and denies any inconsistent allegations in Paragraph 49.

50.    First Choice states that its Code of Conduct and Ethics speaks for itself, and denies any inconsistent allegations in Paragraph 50.

9

52108005;6

51.     First Choice states that its Code of Conduct and Ethics speaks for itself, and denies any inconsistent allegations in Paragraph 51.

### 8.     First Choice's Disclosure Policy

52.     First Choice admits that, during some portion of the Class Period, it had a Disclosure Policy which was generally available on the Company's website.  First Choice states that the Disclosure Policy speaks for itself, and denies any inconsistent allegations in Paragraph 52.

53.     First Choice states that its Disclosure Policy speaks for itself, and denies any inconsistent allegations in Paragraph 53.

54.     First Choice states that its Disclosure Policy speaks for itself, and denies any inconsistent allegations in Paragraph 54.

55.     First Choice denies the allegations in Paragraph 55.

## C.     The Truth Emerges

### 1.     The DOJ Indictment

56.      First Choice admits that on November 14, 2018, Romandetti and others were the subject of the Criminal Indictment.  First Choice admits that the DOJ issued a press release regarding the Criminal Indictment on November 15, 2018, which speaks for itself. First Choice lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore denies same.

57.     First Choice states that the Criminal Indictment speaks for itself, and denies any inconsistent allegations in Paragraph 57.  First Choice lacks knowledge or information

10

52108005;6

sufficient to form a belief as to the remaining allegations in Paragraph 57 and therefore denies same.

58.    First Choice states that the Criminal Indictment speaks for itself, and denies any inconsistent allegations in Paragraph 58. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 58 and therefore denies same.

59.    First Choice states that the Criminal Indictment speaks for itself, and denies any inconsistent allegations in Paragraph 59. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 59 and therefore denies same.

60.    First Choice admits that it filed a Form 8-K with the SEC on November 15, 2018. First Choice states that the November 15, 2018 Form 8-K speaks for itself, and denies any inconsistent allegations in Paragraph 60.

**2.    The SEC Complaint**

61.    First Choice admits that on November 15, 2018, the SEC filed the SEC Complaint and issued a press release. First Choice states that the SEC Complaint and the SEC press release speak for themselves, and denies any inconsistent allegations in Paragraph 61. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 61 and therefore denies same.

62.    First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 62. First Choice lacks knowledge or information

sufficient to form a belief as to the remaining allegations in Paragraph 62 and therefore denies same.

63. First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 63. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 63 and therefore denies same.

64. First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 64. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 64 and therefore denies same.

65. First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 65. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 65 and therefore denies same.

66. First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 66. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 66 and therefore denies same.

67. First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 67. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 67 and therefore denies same.

12

### 3.    First Choice Common Stock Declines Significantly

68.    First Choice states that the historical price of First Choice common stock speaks for itself, and denies any inconsistent allegations in Paragraph 68.  First Choice denies the remaining allegations in Paragraph 68.

69.    First Choice admits that it filed a Form 8-K with the SEC on November 16, 2018.  First Choice states that the November 16, 2018 Form 8-K speaks for itself, and denies any inconsistent allegations in Paragraph 69.

70.    First Choice admits that it filed a Form 8-K with the SEC on December 6, 2018.  First Choice states that the December 6, 2018 Form 8-K speaks for itself, and denies any inconsistent allegations in Paragraph 70.

## D.    Scienter Allegations

71.    First Choice admits that Romandetti was its most senior executive during the Class Period and that he had approval over the Company's public statements during that time.  First Choice denies that any of First Choice's statements were "materially misleading." First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 71 and therefore denies same.

72.    First Choice states that its Code of Conduct and Ethics and its Disclosure Policy speak for themselves, and denies any inconsistent allegations in Paragraph 72.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 72 and therefore denies same.

73.    First Choice states that its Compliance Program, Code of Conduct and Ethics, and Disclosure Policy speak for themselves, and denies any inconsistent allegations in

13

52108005;6

Paragraph 73. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 73 and therefore denies same.

74. First Choice admits that Romandetti was the most senior officer at First Choice during the Class Period. First Choice also admits that Romandetti signed certain SOX Certifications during the Class Period, but states that the SOX Certifications speak for themselves, and denies any inconsistent allegations in Paragraph 74. First Choice denies that the SOX Certifications were "materially misleading." First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 74 and therefore denies same.

75. First Choice denies that the SOX Certifications during the Class Period were "materially misleading." First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 75 and therefore denies same.

76. First Choice denies that First Choice public statements or documents issued and disseminated were "materially misleading." First Choice denies that it "practiced and participated in a course of business that operated as a fraud or deceit on purchasers of First Choice common stock during the Class Period." First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 76 and therefore denies same.

77. First Choice lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 77 and therefore denies same.

78. First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 78. First Choice lacks knowledge or information

14

sufficient to form a belief as to the remaining allegations in Paragraph 78 and therefore denies same.

79.    First Choice states that the Criminal Indictment speaks for itself, and denies any inconsistent allegations in Paragraph 79.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 79 and therefore denies same.

80.    First Choice states that the SEC Complaint[1] speaks for itself, and denies any inconsistent allegations in Paragraph 80.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 80 and therefore denies same.

81.    First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 81.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 81 and therefore denies same.

82.    First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 82.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 82 and therefore denies same.

---

[1]  As written, the "*Id.* ¶¶ 2, 41" at the conclusion of the first sentence of Paragraph 80 refers back to the Criminal Indictment cited in Paragraph 79 of the Complaint.  However, it appears as though this *"Id."* citation was a typographical error; instead, the Complaint should have cited to the SEC Complaint.  This incorrect citation carries forward in the Complaint through the use of repetitive "*Id.*" citations through Paragraph 85 of the Complaint.  First Choice construes the citations contained in Paragraphs 80-85 as referencing the SEC Complaint.

15

83.     First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 83.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 83 and therefore denies same.

84.     First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 84.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 84 and therefore denies same.

85.     First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 85.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 85 and therefore denies same.

86.     First Choice states that the SEC Complaint speaks for itself, and denies any inconsistent allegations in Paragraph 86.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 86 and therefore denies same.

87.     First Choice states that the Criminal Indictment speaks for itself, and denies any inconsistent allegations in Paragraph 87.  First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 87 and therefore denies same.

88.     First Choice denies the allegations in Paragraph 88.

89.     First Choice denies the allegations in Paragraph 89.

52108005;6

## CLASS ACTION ALLEGATIONS

90.    First Choice admits that Plaintiff purports to bring a federal securities class action on behalf of a putative class of persons who purchased or otherwise acquired First Choice common stock during the Class Period.  First Choice states that there is an internal conflict in the Complaint regarding the definition of the putative class.  First Choice denies that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.

91.    First Choice admits that First Choice common stock was traded on the over the counter market during the Class Period.   First Choice denies the remaining allegations in Paragraph 91.

92.    First Choice denies the allegations in Paragraph 92.

93.    First Choice denies the allegations in Paragraph 93.

94.    First Choice denies the allegations in Paragraph 94.

95.    First Choice denies the allegations in Paragraph 95.

## COUNT I

**(Against Defendants for Violations of
Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder)**

96.    First Choice repeats and realleges its responses to Paragraphs 1 to 95 above as if fully set forth herein.

97.    First Choice admits that Count I is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder and is purportedly asserted against Defendants.  First Choice denies that Count I has any merit.

98.    First Choice denies the allegations in Paragraph 98.

99.    First Choice denies the allegations in Paragraph 99.

52108005;6

100. First Choice denies the allegations in Paragraph 100.

101. First Choice admits Romandetti was a senior officer of the Company during the Class Period. First Choice lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 101 and therefore denies same.

102. First Choice denies the allegations in Paragraph 102.

103. First Choice lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 103 and therefore denies same.

104. First Choice denies the allegations in Paragraph 104.

105. First Choice denies the allegations in Paragraph 105.

## COUNT II

### (Against Romandetti for Violations of Section 20(a) of the Exchange Act)

106. First Choice repeats and realleges its responses to Paragraphs 1 to 105 above as if fully set forth herein.

107. Count II is not directed towards First Choice and therefore no response by it is required or provided.

108. Count II is not directed towards First Choice and therefore no response by it is required or provided

109. Count II is not directed towards First Choice and therefore no response by it is required or provided

110. Count II is not directed towards First Choice and therefore no response by it is required or provided.

18

52108005;6

111.    Count II is not directed towards First Choice and therefore no response by it is required or provided.

112.    Count II is not directed towards First Choice and therefore no response by it is required or provided.

First Choice denies each and every allegation of the Complaint to which it has not otherwise made a specific response to in this Answer.  To the extent the headings or any non-numbered statements in the Complaint contain any allegations, First Choice denies each and every allegation therein.  First Choice denies Plaintiff's Prayer for Relief in all respects.

## AFFIRMATIVE DEFENSES

First Choice will rely on all defenses available to it at the time of trial of this matter and reserves the right to amend its Answer and Affirmative Defenses.  For its Affirmative Defenses, First Choice pleads as follows, without assuming the burden of proof where it otherwise rests with Plaintiff:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Third Defense

Plaintiff and other alleged members of the putative class lack standing to bring this action and pursue their claims.

52108005;6

## Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of assumption of risk, waiver, ratification, estoppel and/or laches.

## Fifth Defense

Plaintiff's Complaint fails to allege fraud with particularity as required by Fed. R. Civ. P. 9(b).

## Sixth Defense

Plaintiff's Complaint fails to comply with the pleading standards and requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 78u-5.

## Seventh Defense

First Choice did not act with the requisite scienter to give rise to any claims against it under Section 10(b) or Rule 10b-5.

## Eighth Defense

The purported false statements or omissions alleged in Plaintiff's Complaint were not material.

## Ninth Defense

Plaintiff's Complaint is barred on the grounds and to the extent that the statements alleged were true and accurate when made.

## Tenth Defense

Plaintiff's claims are barred because they are based upon forward-looking statements, which are protected by the safe harbor provided under the Private Securities Litigation Reform Act of 1995.

52108005;6

## Eleventh Defense

Plaintiff's claims are barred by the bespeaks caution doctrine.

## Twelfth Defense

First Choice acted in good faith and had no knowledge or belief, and was not reckless in not knowing, that any statement or omission alleged in Plaintiff's Complaint was false or misleading at the time it was made.

## Thirteenth Defense

First Choice did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiff.

## Fourteenth Defense

Plaintiff's purported claims are barred because First Choice's actions are not the cause in fact, nor the legal cause, nor the proximate cause of Plaintiff's alleged losses or damages.

## Fifteenth Defense

Any injury or damage which may have been suffered by Plaintiff resulted wholly or in substantial part from the misconduct of parties other than First Choice, for which First Choice is in no way liable.

## Sixteenth Defense

To the extent Plaintiff knew the truth of the alleged misrepresented or omitted facts the Complaint must be dismissed.

52108005;6

## Seventeenth Defense

To the extent that the truth of the alleged misrepresented or omitted facts were available to or within the market for the Company's stock, the Complaint must be dismissed.

## Eighteenth Defense

Plaintiff assumed and accepted the risk associated with its investment in First Choice's common stock, and any drop in the market price of First Choice's common stock was due to superseding causes.

## Nineteenth Defense

Any damages suffered by Plaintiff are barred by Plaintiff's failure to mitigate its injuries or damages, if any.

## Twentieth Defense

Any injury or damage which may have been suffered by Plaintiff resulted wholly or in substantial part from Plaintiff's failure to exercise due care and to reasonably protect itself.

## Twenty-First Defense

In the event that Plaintiff prevails in this action, First Choice is entitled to a set-off and/or reduction of any damages awarded equal to any payment to, or recovery by, Plaintiff from other sources.

## Twenty-Second Defense

This action may not properly be maintained as a class action.

## Twenty-Third Defense

Plaintiff is not a proper class representative.

## Twenty-Fourth Defense

52108005;6

Plaintiff's claims are not typical of the claims of the putative class of persons whom Plaintiff seeks to represent; there are not questions of law or fact common to the members of the putative class, if any; and alternatively, to the extent that there may be questions of law or fact common to the members of the putative class, if any, those questions do not predominate over questions affecting only individual members, and a class action is not superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff's claims do not otherwise satisfy the requirements of Fed. R. Civ. P. 23 for class treatment.

### Twenty-Fifth Defense

The Complaint fails because Romandetti's conduct and/or scienter, if any, cannot be imputed to First Choice.

### Twenty-Sixth Defense

Plaintiff is not entitled to rely on the fraud-on-the-market presumption, and is therefore required to prove individual reliance on any alleged misstatements or omissions.

### Twenty-Seventh Defense

First Choice common stock was not traded on an efficient market during the Class Period.

### Twenty-Eighth Defense

First Choice hereby reserves its right to assert, at a later date, third-party complaints or cross-claims against other parties for contribution or indemnity.

### Twenty-Ninth Defense

To the extent First Choice is found liable, any liability must be apportioned pursuant to the terms of the Private Securities Litigation Reform Act of 1995 and other applicable law.

23

52108005;6

## Thirtieth Defense

Plaintiff's Complaint alleges that First Choice made affirmative material misleading statements, and therefore Plaintiff cannot rely on any rebuttable presumption of reliance. Plaintiff is therefore required to prove individual reliance on any alleged misstatements.

## Thirty-First Defense

The claims are barred because factors other than the alleged misconduct, including but not limited to the condition and volatility of the stock market and economy, and business and industry conditions, were the actual and/or legal cause of any alleged damages or injury.

## Thirty-Second Defense

Plaintiff's claims are barred because any damage or injury suffered by Plaintiff and others alleged to be members of the putative Class is speculative and not recoverable.

## Thirty-Third Defense

Plaintiff's claims are barred because Plaintiff and others alleged to be members of the putative Class did not reasonably rely on any alleged misstatements or omissions.

## Thirty-Fourth Defense

Plaintiff's claims are barred because Plaintiff and others alleged to be members of the putative Class did not suffer any damages or injury.

## Thirty-Fifth Defense

Plaintiff's claims are barred because First Choice acted in accordance with the rules and regulations set forth by the SEC and other administrative, regulatory and government agencies.

24

52108005;6

**Thirty-Sixth Defense**

Plaintiff's claims are barred because the statements at issue were vague and immaterial and thus not actionable.

**Thirty-Seventh Defense**

First Choice did not directly or indirectly induce or foster any violation of the securities laws.

**Thirty-Eighth Defense**

First Choice's purported false statements were not the cause of any drop in the market price of First Choice common stock during the putative Class Period.

**Thirty-Ninth Defense**

The Complaint does not establish loss causation.

**Fortieth Defense**

Plaintiff's claims are barred by the "truth on the market" doctrine because any alleged misrepresentation or omission was immaterial because the information was already known to the market and could therefore not defraud the market.

**Forty-First Defense**

Plaintiff's claims are barred because the substance of the information alleged to have been omitted or misrepresented was in fact publicly disclosed by First Choice, and was otherwise publicly available and known by the public.

**Forty-Second Defense**

Plaintiff's claims fail to the extent they rely on unproven allegations made in the Criminal Indictment, SEC Complaint, and/or press releases relating thereto.

25

52108005;6

### Forty-Third Defense

Plaintiff and other alleged members of the putative class would have acquired First Choice stock even if, when acquired, they had known of the alleged misrepresentations or omissions.

### Forty-Fourth Defense

Plaintiff's damages, if any, resulted from ongoing economic events, over which First Choice had no control.

### Forty-Fifth Defense

Any recovery for damages allegedly incurred by Plaintiff and members of the putative class, if any, is subject to offset in an amount including, but not limited to, any tax benefits actually received by Plaintiff or each member of the putative class through its/his/her investments.

### Forty-Sixth Defense

During the Class Period, First Choice common stock was traded on the over-the-counter market, which was an inefficient market, thus Plaintiff is not entitled to rely on the fraud-on-the-market theory.

\* \* \*

WHEREFORE, First Choice, having fully answered Plaintiff's Complaint for Violation of the Federal Securities Laws, prays:

    (1)    that the Complaint be dismissed against First Choice with prejudice;

    (2)    that judgment be entered in First Choice's favor;

    (3)    that all costs of this action be taxed against Plaintiff;

26

52108005;6

(4)    that First Choice's attorneys' fees be taxed against Plaintiff pursuant to the

Private Securities Litigation Reform Act of 1995; and

(5)    for such other and further relief as the Court deems just and proper.

Dated: February 28, 2020

Respectfully submitted,

*/s/ Brian P. Miller*

Brian P. Miller, Esq.
**TRIAL COUNSEL**
Florida Bar No. 0980633
Brian.Miller@akerman.com
Samantha J. Kavanaugh, Esq.
Florida Bar No. 0194662
Samantha.Kavanaugh@akerman.com
Ross E. Linzer, Esq.
Florida Bar No. 73094
Ross.Linzer@akerman.com
Jonathan D. Lamet, Esq.
Florida Bar No. 106059
Jonathan.Lamet@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, FL 33130
Phone: 305.374.5600
Fax: 305.374.5095

***Attorneys for Defendant First Choice
Healthcare Solutions, Inc.***

27

52108005;6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2020, I filed the foregoing with the Court via CM/ECF, which will serve a true and correct copy of the foregoing via email service on counsel of record:

Joshua W. Ruthizer
Chet B. Waldman
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Tel: 212.759.4600
Fax: 212.486.2093
jruthizer@wolfpopper.com
cwaldman@wolfpopper.com

Ronald Jay Cohen
RICE PUGATCH ROBNISON STORFER &
COHEN PLLC
101 NE Third Avenue
Ft. Lauderdale, FL 33301
Tel: 954.462.8000
Fax: 954.462.4300
rcohen@rprslaw.com

*Attorneys for Plaintiff*

Fritz J. Scheller
FRITZ SCHELLER, PL
200 E. Robinson Street
Orlando, FL 32801
Tel: 407.792.1285
Fax: 407.513.4146
fscheller@flusalaw.com

*Attorneys for Defendant Christian Romandetti, Sr.*

/s/ Brian P. Miller
Attorney

52108005;6