UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAZ PARTNERS LP, Individually and
On Behalf of All Others Similarly Situated

Plaintiff(s),                                        Case No.:  6:19-cv-619-Orl-40LRH

vs.

FIRST CHOICE HEALTHCARE SOLUTIONS,
INC. and CHRISTIAN ROMANDETTI, SR.

        Defendants.

_____/

## **DEFENDANT ROMANDETTI'S ANSWER**
## **AND AFFIRMATIVE DEFENSES TO COMPLAINT**

The Defendant, CHRISTIAN ROMANDETTI, SR., by and through his undersigned counsel, hereby responds to the Plaintiff's Complaint for Violation of the Federal Securities Laws and Demand for Jury Trial ("Complaint"). *See* Doc. 48. Mr. Romandetti denies all allegations that he does not expressly admit in this Answer, This Answer further provides Mr. Romandetti's Affirmative Defenses. In support thereof, Mr. Romandetti states the following:

## **ANSWER**

In response to Complaint's introductory and numbered paragraphs (Doc. 48 at 1-2), Romandetti states the following. Concerning the first paragraph, Romandetti admits that Plaintiff purports to bring a putative federal securities class action against him and his co-defendant, First Choice Healthcare Solutions, Inc. ("First Choice") as the "Defendants" in this action.

1

He further states there is an internal conflict in the Complaint regarding the definition of the putative class. Romandetti denies that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.

As to the second, non-numbered paragraph, Romandetti is without knowledge as to personal knowledge of the Plaintiff and thus denies same. Romandetti is without knowledge as to the investigation conducted by the Plaintiff's attorneys, including their review of materials in preparing the Compliant, and thus denies same.  To the extent that the allegations are based on belief, Mr. Romandetti also denies same as such belief is not a proper factual predicate for the allegations raised in the Complaint.

Romandetti admits that the Complaint incorporates by reference a criminal indictment filed by the U.S. Department of Justice ("DOJ") against Romandetti, as well as civil complaint filed against Romandetti and others. Although Mr. Romandetti admits that the Plaintiff has listed the charges and allegations set forth in the indictment and complaint, Romandetti denies said charges and allegations.  Defendant denies the remaining allegations in the Complaint's non-numbered introductory statement.

## **NATURE OF THE ACTION**

1.      Romandetti admits that Plaintiff purports to bring a federal securities class action on behalf of a putative class of persons who purchased or otherwise acquired First Choice common stock from April 1, 2014 through November 14, 2018, both dates inclusive (the "Class Period"), pursuing remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 against Defendants. Romandetti states there is an internal conflict in the Complaint regarding the definition of the putative class. Romandetti denies that any of Plaintiff's claims have any

merit and denies that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.

2.      Romandetti admits the allegation set forth in Paragraph 2.

3.      Romandetti denies the allegations set forth in Paragraph 3.

4.      Romandetti denies the allegations set forth in Paragraph 4.

5.      Romandetti denies the allegations set forth in Paragraph 5.

6.      Romandetti admits that the Criminal Indictment was filed on November 14, 2018. Romandetti states that the Criminal Indictment speaks for itself, but denies the allegations raised in said indictment as stated in Paragraph 6. Romandetti admits that the SEC Complaint was filed on November 15, 2018. Romandetti states that the SEC Complaint speaks for itself; and denies any inconsistent allegations in Paragraph 6. Romandetti denies all allegations raised in the SEC Complaint as listed in Paragraph 6. To the extent that there are any remaining allegations listed in Paragraph 6, said allegations are denied.

7.      Romandetti admits that certain SEC filings from within the Class Period contained certifications made by Romandetti pursuant to Section 302 of the Sarbanes-Oxley Act of 2002 ("SOX Certifications"). The SEC filings speak for themselves; and Romandetti denies any inconsistent allegations in Paragraph 7. Romandetti denies all other allegations contained in Paragraph 7 including the assertion that investors were harmed or that stock prices were manipulated by Romandetti or others. Romandetti denies that he conspired with anyone.

8.      Romandetti admits the allegations set forth on Paragraph 8 to the extent that certain First Choice SEC filings from within the Class Period discuss the

Company's Compliance Program and its Code of Conduct and Ethics. Romandetti denies the rest of the allegations set forth in Paragraph 8.

9.    Romandetti admits the allegation in Paragraph 9 to the extent that he signed certain SOX certification. Romandetti denies the remaining allegations set forth in Paragraph 9.

10.    Romandetti asserts that the SEC filings speak for themselves; and denies any inconsistent allegations.  Romandetti denies the rest of the allegations set forth in Paragraph 10.

11.    Romandetti states that the historical price of First Choice common stock speaks for itself and denies any inconsistent allegations in Paragraph 11. Romandetti denies the remaining allegations in Paragraph 11.

12.    Romandetti denies the allegations set forth in Paragraph 12.

## JURISDICTION AND VENUE

13.    Romandetti admits that Plaintiff purports to assert claims against Defendants pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78(j)(b) and 78t(a), and Rule 10b-5. Romandetti denies that the claims have any merit.

14.    Romandetti admits the allegation set forth in Paragraph 14 for jurisdictional purposes only.

15.    Romandetti admits the allegations in Paragraph 15 for the purpose of venue.

16.    Romandetti denies the allegations set forth in Paragraph 16.

## PARTIES

17.    Romandetti admits that a purported stock certification of Plaintiff is attached to the Complaint. Romandetti states that the certification speaks for itself. Romandetti is without knowledge of the primary investments of MAZ Partners and thus denies same. The remaining allegations set forth in Paragraph 17 are denied.

18.    Romandetti admits the allegations set forth in Paragraph 18.

19.    Romandetti admits that he served as Chairman of the Board from 2010 through 2018. He further admits that he served as President and CEO at First Choice until November 15, 2018. The rest of the allegations set forth in Paragraph 19 are denied.

## SUBSTANTIVE ALLEGATIONS

### A.    Company Background

20.    Form 10-K filed on April 3, 2018 speaks for itself. Romandetti denies any inconsistent allegations set forth in forth in Paragraph 20.

### B.    Materially Misleading Statements Issued During the Class Period

#### 1.    Fiscal Year Ended December 31, 2013

21.    Form 10-K for the year ended December 31, 2013 ("2013 10-K"), filed with the SEC on March 31, 2014, speaks for itself and Romandetti denies any inconsistent allegations in Paragraph 21.

22.    2013 10-K speaks for itself and Romandetti denies any inconsistent allegations in Paragraph 22.

23.    2013 10-K speaks for itself and Romandetti denies any inconsistent allegations in Paragraph 23.

24.    The allegations set forth in Paragraph 24 are denied.

**2.    Fiscal Year Ended December 31, 2014**

25.    Romandetti states that the Form 10-K for the year ended December 31, 2014 ("2014 10-K"), filed with the SEC on April 15, 2015, speaks for itself and denies any inconsistent allegations in Paragraph 25.

26.    Romandetti states that the 2014 10-K speaks for itself and denies any inconsistent allegations in Paragraph 26.

27.    Romandetti states that the 2014 10-K speaks for itself and denies any inconsistent allegations in Paragraph 27. Romandetti denies the allegation that Elite was a boiler room operation hired to engage in a pump and dump scheme.

28.    Romandetti states that the 2014 10-K speaks for itself and denies any inconsistent allegations in Paragraph 28.

29.    Romandetti denies the allegations set forth in Paragraph 29.

**3.    Fiscal Year Ended December 31, 2015**

30.    Romandetti states that the Form 10-K for the year ended December 31, 2015 ("2015 10-K"), filed with the SEC on April 14, 2016, speaks for itself, and denies any inconsistent allegations in Paragraph 30.

31.    Romandetti states that the 2015 10-K speaks for itself and denies any inconsistent allegations in Paragraph 31.

32.    Romandetti states that the 2015 10-K speaks for itself and denies any inconsistent allegations in Paragraph 32.

33.    Romandetti states that the 2015 10-K speaks for itself and denies any inconsistent allegations in Paragraph 33.

34.    Romandetti denies the allegations in Paragraph 34.

**4.     Fiscal Year Ended December 31, 2016**

35.     Romandetti states that the Form 10-K/A for the year ended December 31, 2016 ("2016 10-K/A"), filed with the SEC on April 3, 2017, speaks for itself and denies any inconsistent allegations in Paragraph 35.

36.     Romandetti states that the 2016 10-K/A speaks for itself and denies any inconsistent allegations in Paragraph 36.

37.     Romandetti states that the 2016 10-K/A speaks for itself and denies any inconsistent allegations in Paragraph 37.

38.     Romandetti states that its 2016 10-K/A speaks for itself and denies any inconsistent allegations in Paragraph 38.

39.     Romandetti denies the allegations in Paragraph 39.

**5.     Fiscal Year Ended December 31, 2017**

40.      Romandetti states that the 2017 10-K speaks for itself and denies any inconsistent allegations in Paragraph 40.

41.     Romandetti states that the 2017 10-K speaks for itself and denies any inconsistent allegations in Paragraph 41.

42.     Romandetti states that the 2017 10-K speaks for itself and denies any inconsistent allegations in Paragraph 42.

43.     Romandetti states that the 2017 10-K speaks for itself and denies any inconsistent allegations in Paragraph 43.

44.     Romandetti denies the allegations set forth in Paragraph 44.

**6.     First Choice's Compliance Program**

45.     Romandetti states that the 2013 10-K, 2014 10-K, 2015 10-K, 2016 10-

7

K/A and 2017 10-K speak for themselves; and denies any inconsistent allegations in Paragraph 45.

### 7.    First Choice's Code of Conduct and Ethics

46.    Romandetti admits that, during some portion of the Class Period, First Choice had a Code of Conduct and Ethics that was generally available on the Company's website. Romandetti states that the 2013 10-K, 2014 10-K, 2015 10-K, 2016 10-K/A, and 2017 10-K speak for themselves, and denies any inconsistent allegations in Paragraph 46.

47.     Romandetti states that the Code of Conduct and Ethics speaks for itself and denies any inconsistent allegations in Paragraph 47.

48.    Romandetti states that the Code of Conduct and Ethics speaks for itself and denies any inconsistent allegations in Paragraph 48.

49.    Romandetti states that the Code of Conduct and Ethics speaks for itself and denies any inconsistent allegations in Paragraph 49.

50.    Romandetti states that the Code of Conduct and Ethics speaks for itself and denies any inconsistent allegations in Paragraph 50.

51.    Romandetti states that the Code of Conduct and Ethics speaks for itself and denies any inconsistent allegations in Paragraph 51.

### 8.    First Choice's Disclosure Policy

52.    Romandetti admits that, during some portion of the Class Period, First Choice had a Disclosure Policy which was generally available on the Company's website. Romandetti states that the Disclosure Policy speaks for itself; and denies any inconsistent allegations in Paragraph 52.

53. Romandetti states that the Disclosure Policy speaks for itself and denies any inconsistent allegations in Paragraph 53.

54. Romandetti states that the Disclosure Policy speaks for itself and denies any inconsistent allegations in Paragraph 54.

55. Romandetti denies the allegations set forth in Paragraph 55.

**C.    The Truth Emerges**

**1.    The DOJ Indictment**

56.  Romandetti admits that he and others were indicted on November 14, 2018. Romandetti admits that the DOJ issued a press release regarding the Indictment on November 15, 2018, which speaks for itself. Romandetti denies the remaining allegations in Paragraph 56.

57. Romandetti states that the Criminal Indictment speaks for itself and denies any inconsistent allegations in Paragraph 57. Romandetti denies the remaining allegations in Paragraph 57.

58. Romandetti states that the Criminal Indictment speaks for itself. He denies any inconsistent allegations in Paragraph 58. Romandetti denies the remaining allegations in Paragraph 58.

59. Romandetti states that the Criminal Indictment speaks for itself; and denies any inconsistent allegations in Paragraph 59. Romandetti denies the remaining allegations in Paragraph 59.

60. Romandetti admits that First Choice filed a Form 8-K with the SEC on November 15, 2018. Romandetti states that the November 15, 2018 Form 8-K speaks for itself; and denies any inconsistent allegations in Paragraph 60.

## 2.    The SEC Complaint

61.    Romandetti admits that on November 15, 2018, the SEC filed the SEC Complaint and issued a press release. Romandetti states that the SEC Complaint and the SEC press release speak for themselves; and denies any inconsistent allegations in Paragraph 61. Romandetti denies the remaining allegations in Paragraph 61.

62.    Romandetti states that the SEC Complaint speaks for itself; and denies any inconsistent allegations in Paragraph 62. Romandetti denies the remaining allegations in Paragraph 62.

63.    Romandetti states that the SEC Complaint speaks for itself; and denies any inconsistent allegations in Paragraph 63. Romandetti denies the remaining allegations in Paragraph 63.

64.    Romandetti states that the SEC Complaint speaks for itself; and denies any inconsistent allegations in Paragraph 64. Romandetti denies the remaining allegations in Paragraph 64.

65.    Romandetti states that the SEC Complaint speaks for itself; and denies any inconsistent allegations in Paragraph 65. Romandetti denies the remaining allegations in Paragraph 65.

66.    Romandetti states that the SEC Complaint speaks for itself; and denies any inconsistent allegations in Paragraph 66. Romandetti denies the remaining allegations in Paragraph 66.

67.    Romandetti states that the SEC Complaint speaks for itself; and denies any inconsistent allegations in Paragraph 67. Romandetti denies the remaining allegations in Paragraph 67.

### 3.       First Choice Common Stock Declines Significantly

68.       Romandetti states that the historical price of First Choice common stock speaks for itself; and denies any inconsistent allegations in Paragraph 68. Romandetti denies the remaining allegations in Paragraph 68.

69.       Romandetti admits that First Choice filed a Form 8-K with the SEC on November 16, 2018. Romandetti states that the November 16, 2018 Form 8-K speaks for itself; and denies any inconsistent allegations in Paragraph 69.

70.       Romandetti admits that First Choice filed a Form 8-K with the SEC on December 6, 2018. Romandetti states that the December 6, 2018 Form 8-K speaks for itself; and denies any inconsistent allegations in Paragraph 70.

### D.       Scienter Allegations

71.       Romandetti admits he was the most senior executive during the Class Period at First Choice and that he had approval over the Company's public statements during that time. Romandetti denies the remaining allegations in Paragraph 71.

72.       Romandetti admits that he knew of the Company's Compliance Program, Code of Conduct and Disclosure Policy and that they applied to him as CEO. Romandetti states that the Code of Conduct speaks for itself; and denies any inconsistent allegations in Paragraph 72. Romandetti denies the remaining allegations set forth in Paragraph 72.

73.       Romandetti states that the First Choice Compliance Program, Code of Conduct and Ethics, and Disclosure Policy speak for themselves, and denies any inconsistent allegations in Paragraph 73. Romandetti denies the remaining allegations in Paragraph 73 including that he knew that the Program, Code, and Policy was

11

seriously flawed.

74.     Romandetti admits that he was the most senior officer at First Choice during the Class Period. Romandetti also admits that he signed certain SOX Certifications during the Class Period, but states that the SOX Certifications speak for themselves, and denies any inconsistent allegations in Paragraph 74. Romandetti denies all remaining allegations in Paragraph 74 including that the SOX Certifications were "materially misleading." Romandetti denies that he committed fraud. Romandetti denies that he used or participated in an illicit pump and dump scheme to impact the Company's stock price.

75.     Romandetti denies the allegations set forth in Paragraph 75.

76.     Romandetti denies the allegations set forth in Paragraph 76.

77.     Romandetti denies the allegations set forth in Paragraph 77.

78.     Romandetti denies the allegations set forth in Paragraph 78.

79.     Romandetti denies the allegations set forth in Paragraph 79.

80.     Romandetti denies the allegations set forth in Paragraph 80.

81.     Romandetti denies the allegations set forth in Paragraph 81.

82.     Romandetti denies the allegations set forth in Paragraph 82.

84.     Romandetti denies the allegations set forth in Paragraph 84.

85.     Romandetti denies the allegations set forth in Paragraph 85.

86.     Romandetti states that the SEC Complaint speaks for itself and denies any inconsistent allegations. Romandetti denies the remaining allegations set forth in Paragraph 86.

87.     Romandetti states that the Criminal Indictment speaks for itself and denies any inconsistent allegations in Paragraph 87. Romandetti denies the remaining allegations in Paragraph 87.

88.     Romandetti denies the allegations in Paragraph 88.

89.     Romandetti denies the allegations in Paragraph 89.

## CLASS ACTION ALLEGATIONS

90.     Romandetti admits that Plaintiff purports to bring a federal securities class action on behalf of a putative class of persons who purchased or otherwise acquired First Choice common stock during the Class Period. Romandetti states that there is an internal conflict in the Complaint regarding the definition of the putative class. Romandetti denies that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.

91.     Romandetti admits that First Choice common stock was traded on the over the counter market during the Class Period. Romandetti denies the remaining allegations in Paragraph 91.

92.     Romandetti denies the allegations in Paragraph 92.

93.     Romandetti denies the allegations in Paragraph 93.

94.     Romandetti denies the allegations in Paragraph 94.

95.     Romandetti denies the allegations in Paragraph 95.

## COUNT I

**(Against Defendants for Violations of Section 10(b) of the
Exchange Act and Rule 10b-5 Promulgated Thereunder)**

96.     Romandetti repeats and realleges his responses to Paragraphs 1 to 95 above as if fully set forth herein.

97.     Romandetti admits that Count I is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder and is purportedly asserted against Defendants. Romandetti denies that Count I has any merit.

98.     Romandetti denies the allegations in Paragraph 98.

99.     Romandetti denies the allegations in Paragraph 99.

100.    Romandetti denies the allegations in Paragraph 100.

101.    Romandetti admits he was a senior officer of the Company during the Class Period. Romandetti denies the remaining allegations in Paragraph 101.

102.    Romandetti denies the allegations in Paragraph 102.

103.    Romandetti denies the allegation in Paragraph 103.

104.    Romandetti denies the allegations in Paragraph 104.

105.    Romandetti denies the allegations in Paragraph 105.

## COUNT II

### (Against Romandetti for Violations of Section 20(a) of the Exchange Act)

106.    Romandetti repeats and realleges his responses to Paragraphs 1 to 105 above as if fully set forth herein.

107.    Romandetti denies the allegations in Paragraph 107.

108.    Romandetti denies the allegations in Paragraph 108.

109.    Romandetti denies the allegations in Paragraph 109.

110.    Romandetti denies the allegations in Paragraph 110.

111.    Romandetti denies the allegations in Paragraph 111.

112.    Romandetti denies the allegations in Paragraph 112.

Romandetti denies each and every allegation of the Complaint to which he has not otherwise made a specific response to in this Answer. Romandetti denies Plaintiff's

Prayer for Relief in all respects.

## **AFFIRMATIVE DEFENSES**

Romandetti will rely on all defenses available to him at the time of trial of this matter and reserves the right to amend his Answer and Affirmative Defenses. For his Affirmative Defenses, Romandetti pleads as follows, without assuming the burden of proof where it otherwise rests with Plaintiff:

### **First Defense**

Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

### **Second Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### **Third Defense**

Plaintiff and other alleged members of the putative class lack standing to bring this action and pursue their claims.

### **Fourth Defense**

Plaintiff is not entitled to any recovery from defendants because the company documents, filings and announcements quoted did not contain any untrue statement of material fact nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading.

### **Fifth Defense**

Plaintiff's Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### **Sixth Defense**

15

Plaintiff's Complaint fails to comply with the pleading standards and requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 78u-5.

### Seventh Defense

Romandetti did not act with the requisite scienter to give rise to any claims against him under Section 10(b) or Rule 10b-5.

### Eighth Defense

The purported false statements or omissions alleged in Plaintiff's Complaint were not material.

### Ninth Defense

Plaintiff is not entitled to any recovery from defendants because at all relevant times Romandetti acted diligently and reasonably and had a good faith belief in the truthfulness of each of the matters alleged in the Complaint to be inaccurate and further believed that there was no failure to state a material fact alleged in the complaint to be omitted. Romandetti did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiff.

### Tenth Defense

Plaintiff's claims are barred because they are based upon forward-looking statements, which are protected by the safe harbor provided under the Private Securities Litigation Reform Act of 1995.

### Eleventh Defense

Plaintiff's claims are barred by the bespeaks caution doctrine.

### Twelfth Defense

16

Every act or omission alleged in the Complaint was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## Thirteenth Defense

Plaintiff is not entitled to any recovery from defendants because no act or omission of defendants was the cause in fact or the proximate cause of any damage to plaintiff. Any increase or decrease in the market value of plaintiff's stock from factors other than the alleged misconduct, including but not limited to the condition and volatility of the stock market and economy, and business and industry conditions, were the actual and/or legal cause of any alleged damages or injury.

## Fourteenth Defense

During the Class Period, First Choice common stock was traded on the over-the- counter market, which was an inefficient market, thus Plaintiff is not entitled to rely on the fraud-on-the-market theory. Thus, Plaintiff is not entitled to rely on the fraud-on-the-market presumption and is therefore required to prove individual reliance on any alleged misstatements or omissions.

## Fifteenth Defense

Any injury or damage which may have been suffered by Plaintiff resulted wholly or in substantial part from the misconduct of parties other than Romandetti, for which Romandetti is in no way liable.

17

### Sixteenth Defense

Any recovery for damages allegedly incurred by Plaintiff and members of the putative class, if any, is subject to offset in an amount including, but not limited to, any tax benefits actually received by Plaintiff or each member of the putative class through its/his/her investments.

### Seventeenth Defense

To the extent that the truth of the alleged misrepresented or omitted facts were available to or within the market for the Company's stock, the Complaint must be dismissed.

### Eighteenth Defense

Plaintiff and members of the plaintiff class purchased First Choice stock with actual or constructive knowledge of the risks involved and assumed and accepted the risk associated with their investment in First Choice's common stock.

### Nineteenth Defense

Any damages suffered by Plaintiff are barred by Plaintiff's failure to mitigate its injuries or damages, if any.

### Twentieth Defense

Any injury or damage which may have been suffered by Plaintiff resulted wholly or in substantial part from Plaintiff's failure to exercise due care and to reasonably protect itself. Plaintiff is not entitled to any recovery because plaintiff did not exercise reasonable care to discover the facts relating to the alleged misstatements or omissions.

**Twenty-First Defense**

In the event that Plaintiff prevails in this action, Romandetti is entitled to a set-off and/or reduction of any damages awarded equal to any payment to, or recovery by, Plaintiff from other sources.

**Twenty-Second Defense**

This action may not properly be maintained as a class action.

**Twenty-Third Defense**

Plaintiff is not a proper class representative.

**Twenty-Fourth Defense**

Plaintiff's claims are not typical of the claims of the putative class of persons whom Plaintiff seeks to represent; there are not questions of law or fact common to the members of the putative class, if any; and alternatively, to the extent that there may be questions of law or fact common to the members of the putative class, if any, those questions do not predominate over questions affecting only individual members, and a class action is not superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff's claims do not otherwise satisfy the requirements of Fed. R. Civ. P. 23 for class treatment.

**Twenty-Fifth Defense**

To the extent that Plaintiff knew the truth of the alleged misrepresentations or omitted facts, the Complaint must be dismissed.

**Twenty-Sixth Defense**

To the extent First Choice is found liable, any liability must be apportioned pursuant to the terms of the Private Securities Litigation Reform Act of 1995 and other applicable law.

### Twenty-Seventh Defense

Plaintiff and members of the plaintiff class would have purchased First Choice Stock even with full knowledge of the facts that they allege were misrepresented or omitted.

### Twenty-Eighth Defense

Plaintiff's claims are barred because any damage or injury suffered by Plaintiff and others alleged to be members of the putative Class is speculative and not recoverable.

### Twenty-Ninth

Plaintiff's claims are barred because Plaintiff and others alleged to be members of the putative Class did not reasonably rely on any alleged misstatements or omissions.

### Thirtieth Defense

Plaintiff's claims are barred because Plaintiff and others alleged to be members of the putative Class did not suffer any damages or injury.

### Thirty-First Defense

Plaintiff's claims are barred because the statements at issue were vague and immaterial and thus not actionable.

### Thirty-Second Defense

The Complaint does not establish loss causation.

**Thirty-Third Defense**

Plaintiff's claims are barred by the "truth on the market" doctrine because the substance of the material information that they allege to have been omitted or misrepresented was in fact disclosed in First Choice's public filings, prospectuses and other public releases, was otherwise publicly available and/or widely known to the market and to the investing community.


WHEREFORE, Christian Romandetti, Sr., having fully answered Plaintiff's Complaint for Violation of the Federal Securities Laws, prays:

(1)     that the Complaint be dismissed against Romandetti with prejudice;

(2)     that judgment be entered in Romandetti's favor;

(3)     that all costs of this action be taxed against Plaintiff;

(4)     that Romandetti's attorneys' fees be taxed against Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995; and

(5)     for such other and further relief as the Court deems just and proper.

Dated: March 3, 2020.

/s/ Fritz Scheller
Fritz Scheller
Florida Bar No. 183113

## **CERTIFICATE OF SERVICE**

On March 3, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

/s/ *Fritz Scheller*
Fritz Scheller
Florida Bar No. 183113
Fritz Scheller, P.L.
200 E. Robinson, Suite 1150
Orlando, Florida 32801
PH:    (407) 792-1285
FAX:  (407) 649-1657
Email: fscheller@flusalaw.com
*Attorney for Defendant Romandetti*

22