# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| MAZ PARTNERS LP, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>FIRST CHOICE HEALTHCARE SOLUTIONS, INC. and CHRISTIAN ROMANDETTI, SR.,<br><br>                    Defendants. | **Case No. 6:19-cv-00619-PGB-LRH**<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement, dated as of October 8, 2020 ("Stipulation"), is entered into between: (i) MAZ Partners LP ("Plaintiff" or "Lead Plaintiff"), individually and on behalf of itself and the Settlement Class (defined below)[1]; and (ii) First Choice Healthcare Solutions, Inc. ("First Choice") and Christian Romandetti, Sr. ("Romandetti"; and with First Choice, "Defendants"), by and through their respective counsel. Plaintiff, First Choice, and Romandetti are collectively referred to as the "Parties"; and each a "Party." This Stipulation embodies the terms and conditions of the settlement of the above-captioned Action (the "Settlement"). Subject to Court approval and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action against Defendants.

WHEREAS, on March 29, 2019, Plaintiff filed its Complaint for Violation of the Federal Securities Laws and Demand for Jury ("Complaint") in the United States District Court for the Middle District of Florida, Case No. 6:19-cv-00619-PGB-LRH;

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in Section A herein.

1

WHEREAS, on April 30, 2019, First Choice filed its Motion to Dismiss the Complaint;

WHEREAS, on May 22, 2019, Romandetti filed his Motion to Dismiss the Complaint;

WHEREAS, by Order dated June 27, 2019, Plaintiff was appointed as lead plaintiff in this case pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i) and the law firm of Wolf Popper LLP was appointed as lead counsel representing the purported class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v);

WHEREAS, by Order dated February 14, 2020, the Court denied Defendants' respective motions to dismiss the Complaint;

WHEREAS, on February 28, 2020, First Choice filed its Answer and Affirmative Defenses to the Complaint;

WHEREAS, on March 3, 2020, Romandetti filed his Answer and Affirmative Defenses to the Complaint;

WHEREAS, on May 6, 2020, Class Counsel, Plaintiff, Defendants' counsel, and Defendants engaged in mediation with mediator Simone Lelchuk and conducted extensive discussions and arm's-length negotiations in an attempt to reach a compromise and settlement of the Action;

WHEREAS, on June 15, 2020, First Choice filed a Voluntary Petition for Bankruptcy pursuant to Chapter 11 in the United States Bankruptcy Court for the Middle District of Florida ("Bankruptcy Court"), which was assigned Case No. 6:20-bk-03355-KSJ (the "Bankruptcy Action");

WHEREAS, in recognition of the attendant risks and costs of continued litigation and the benefits of resolving this Action, the Parties desire to settle and resolve any and all actual or potential claims by, between, or among Plaintiff and the Settlement Class, on the one hand, and Defendants, on the other hand, arising out of or relating to the subject matter of the Action,

2

including but not limited to all allegations in the Complaint. The Defendants have denied, and continue to deny, each and every claim and contention alleged by Plaintiff in the Action and any wrongdoing whatsoever, except that Defendants do not contest the Court's subject matter jurisdiction over this matter, the Court's personal jurisdiction over the Defendants, or any matter expressly admitted in their respective Answers and Affirmative Defenses to the Complaint. This Stipulation shall in no event be construed as, or be deemed to be evidence of, an admission or concession on the part of any Defendant with respect to any actual or potential claim, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that were or could have been asserted on behalf of the Defendants or any of them. This Stipulation also shall not be construed as or be deemed to be a concession by Plaintiff of any infirmity in the claims asserted in the Action. The Parties wish to settle and compromise any dispute regarding the Action or its subject matter, including, but not limited to, whether the Action was pursued by the Plaintiff and defended by the Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure;

WHEREAS, Class Counsel, on behalf of Plaintiff and the Settlement Class, has conducted an investigation relating to the claims alleged in the Action and has analyzed the facts and the law applicable to the claims of Plaintiff against Defendants and the potential defenses thereto, which in Plaintiff's judgment has provided an adequate and satisfactory basis for the evaluation of an agreement to settle, as described herein;

WHEREAS, based upon its investigation, with the advice of Class Counsel, Plaintiff has concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate as to the Settlement Class, and in the best interests of the Settlement Class, and has agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after

3

considering: (i) the substantial benefits that the members of the Settlement Class will receive from settlement of the Action; (ii) the attendant risks of going forward with the Action; and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and

WHEREAS, neither this Stipulation, nor the fact of its execution, nor any of its provisions, shall be offered or received in evidence in any action or proceeding of any nature or otherwise referred to or used in any manner in any court or other tribunal to establish any allegation of liability or wrongdoing by each or any of the Defendants other than for purposes of Court approval of the Settlement or to establish their potential breach of this Stipulation; in which case, the Stipulation may be offered into evidence to enforce its terms.

NOW THEREFORE, without any admission or concession on the part of the Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession on the part of Defendants of any liability or wrongdoing or lack of merit in their defenses whatsoever, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, subject to Court approval, in consideration of the benefits flowing to the Parties from the Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) shall be compromised, settled, released, and the Action shall be dismissed with prejudice, without costs as to the Plaintiff or Defendants (except as hereafter provided), and subject to the following terms and conditions:

## A.    CERTAIN DEFINITIONS

As used in this Stipulation and any exhibits attached hereto, the following capitalized terms shall have the following meanings:

1.    "Action" means the action styled *MAZ Partners, LP v. First Choice Healthcare*

4

*Solutions, Inc. et al.*, Case No. 6:19-cv-00619-PGB-LRH, pending in the United States District Court for the Middle District of Florida.

2.    "Attorneys' Fees and Expenses" means the portion of the Gross Settlement Fund approved by the Court for payment to Class Counsel, including attorneys' fees, costs, litigation expenses, fees and expenses of experts, and such attorneys' fees and expenses expended or incurred by counsel working under the direction of Class Counsel (excluding Notice and Administration Expenses).

3.    "Authorized Claimant" means any Claimant whose claim for recovery has been allowed by the Claims Administrator pursuant to the terms of this Stipulation or by order of the Court.

4.    "Bankruptcy Court" means the United States Bankruptcy Court for the Middle District of Florida.

5.    "Claimant" means any Settlement Class Member who submits a Proof of Claim and Release Form in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

6.    "Claims Administrator" means A.B. DATA, LTD., which will administer the Settlement, disseminate notice to the Settlement Class, and review, and make decisions on approvals of Proof of Claim and Release Forms, among other work.

7.    "Class Counsel" or "Lead Counsel" means the law firm of Wolf Popper LLP.

8.    "Class Distribution Order" means the order entered by the Court, upon application of Class Counsel following the occurrence of the events identified in paragraph D.14 below, which authorizes the Claims Administrator to distribute the Net Settlement Fund to the Settlement Class.

9.    "Class Period" means the period between April 1, 2014 and November 14, 2018,

5

both dates inclusive.

10.    "Court" means the Honorable Paul G. Byron, United States District Judge for the Middle District of Florida, or any successor judge appointed to this case.

11.    "Defendants" means First Choice and Romandetti.

12.    "Defendants' Claims" means all claims, demands, rights, duties, remedies, liabilities and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in the Action by Defendants or the successors and assigns of any of them against Plaintiff, any Settlement Class Member or any of their attorneys, which arise out of or relate in any way to the institution, prosecution or Settlement of this Action or the Settled Claims, including but not limited to all claims for malicious prosecution or sanctions; provided, however, that Defendants' Claims do not include any claims to enforce any of the terms of this Stipulation or of the Order and Final Judgment, and any claims that could be asserted in response to such a claim to enforce.

13.    "Defendants' Counsel" means the law firms Akerman LLP and Fritz Scheller, PL.

14.    "Defendants' Insurer" means XL Specialty Insurance Company.

15.    "Effective Date" means the date on which all of the conditions set forth below in paragraph O.1 shall have been satisfied and the Order and Final Judgment becomes "Final," which shall be deemed to be when either of the following has occurred: (i) if an appeal or review is not sought by any person from the Order and Final Judgment, the day following the expiration of the time to appeal from or petition for review of the Order and Final Judgment (including any extension of time under FRAP 4(a)(5) plus three days for mailing); or (ii) if an appeal or review is sought from the Order and Final Judgment, the day after such Order and Final Judgment is

6

affirmed, or the appeal or review is dismissed or denied, and such Order and Final Judgment is no longer subject to further judicial review (including the expiration of any extension of time under FRAP 4(a)(5) plus three days for mailing).

16.    "Escrow Account" means the escrow interest-bearing account with a U.S. bank to be named by Class Counsel titled the "First Choice Securities Litigation Settlement Fund" (or a substantially similar title if the chosen title is not available) and maintained by the Escrow Agent. The Escrow Account will be managed by the Escrow Agent for the benefit of the Settlement Class until the Effective Date of the Settlement.  The Escrow Account shall require a signature from a partner of the law firm of Wolf Popper, LLP to release any portion of the Settlement Fund.

17.    "Escrow Agent" means The Huntington National Bank.

18.    "Full Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-2.

19.    "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

20.    "Net Settlement Fund" means the Gross Settlement Fund, less: (i) Attorneys' Fees and Expenses and the Plaintiff PSLRA Award; and (ii) Notice and Administration Expenses.

21.    "Notice" or "Notices" means the full program to provide notice of the Settlement to the Settlement Class approved by the Court, including the Postcard Notice, Full Notice, Proof of Claim and Release Form, and Summary Notice.

22.    "Notice and Administration Account" means the account to be established by an advance of $50,000 from the Gross Settlement Fund, which will be paid from the Gross Settlement Fund and which may be drawn upon by Class Counsel for Notice and Administration Expenses without further order of the Court.  Any part of the $50,000 paid into the Notice and Administration

7

Account not used for the payment of such expenses shall be returned to the Net Settlement Fund for distribution. If the Notice and Administration Expenses are greater than $50,000, any additional amount needed to pay them may, with Court approval upon noticed motion, be paid from the Gross Settlement Fund to the Notice and Administration Account in order to cover the deficiency.

23. "Notice and Administration Expenses" means all expenses incurred (whether or not yet paid) in connection with the preparation, printing, mailing, and publication of the Notice to the Settlement Class of the proposed Settlement and of the notices sent pursuant to the Class Action Fairness Act ("CAFA"); all of the Claims Administrator's fees and expenses including those for determination of the amounts payable to Settlement Class Members and distribution of such amounts to Settlement Class Members; all Taxes and Tax Expenses (defined in Section E below) (including any indemnification for any Taxes and Tax Expenses); and all other expenses of the Settlement, such as the reimbursement of nominees and brokers for forwarding Notice, any fees to locate Settlement Class Members, etc.; provided, however, that none of these expenses shall be deemed to include Attorneys' Fees and Expenses. The sum of $50,000 paid into the Notice and Administration Account in accordance with paragraph A.22, above, shall be used to pay for Notice and Administration Expenses.

24. "Notice Date" means the date on which the Plaintiff causes the Claims Administrator to mail, by first-class mail, postage prepaid, a copy of the Postcard Notice and Proof of Claim and Release Form to each member of the Settlement Class who can be identified by reasonable effort.

25. "Order and Final Judgment" means the Order and Final Judgment entered by the Court, finally approving the Settlement and dismissing the Action as against all Defendants with

8

prejudice and without costs to any of the Parties, substantially in the form set forth as Exhibit B attached hereto.

26.    "Person" means any individual, corporation, partnership, limited liability partnership, limited partnership, professional corporation, association, affiliate, joint stock company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, any other type of legal or political entity, any legal representative, and as applicable his/her or its respective spouses, heirs, predecessors, successors, representatives, trustees, or assignees.

27.    "Plaintiff" or "Lead Plaintiff" means MAZ Partners LP.

28.    "Plaintiff PSLRA Award" means an award to Plaintiff by the Court pursuant to 15 U.S.C. § 78u-4(a)(4) of its reasonable costs and expenses (including lost wages) directly relating to the representation of the Settlement Class.

29.    "Plaintiffs' Counsel" means Class Counsel and any other counsel working under the direction of Class Counsel, specifically, the law firm of Rice Pugatch Robinson Storfer & Cohen, PLLC.

30.    "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in Exhibit A-2 (the Full Notice) attached hereto).

31.    "Postcard Notice" means the Postcard Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit A-1.

32.    "Preliminary Approval Order" means the [Proposed] Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Settlement Class, substantially in the form attached as Exhibit A hereto.

33.    "Proof of Claim and Release Form" or "Claim Form" means a Proof of Claim and

9

Release form in substantially the form set forth in Exhibit A-4 attached hereto, which *inter alia* releases all Settled Claims against all Released Parties.

34. "Released Parties" means the Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, representatives, successors, predecessors, assigns, assignees, partnerships, partners, principals, employees, trustees, trusts, immediate family members, insurers including but not limited to Defendants' Insurer, reinsurers, professional advisors, and attorneys, in their capacities as such, and such others as is usual and customary.

35. "Settled Claims" means any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in any forum by the Settlement Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Released Parties, which arise out of, or relate in any way, directly or indirectly, to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Action, including without limitation, claims for violation of securities laws, negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, and breach of fiduciary duty, arising out of, based upon or related in any way to the allegations in the Action, including but not limited to: (i) any alleged market manipulation; (ii) First Choice's published statements, including public filings; and (iii) the purchase or acquisition of First Choice common stock. Specifically excluded from Settled Claims are all claims asserted in the litigation styled *Zurilo v. Romandetti, et al.*, Case No: 6:20-cv-387-Orl-40LRH (M.D. Fla.), to the extent such claims were asserted derivatively on

10

behalf of First Choice.

36.    "Settlement" means the settlement contemplated by this Stipulation.

37.    "Settlement Amount" means $1,000,000 (One Million U.S. Dollars).

38.    "Settlement Class" and "Settlement Class Members" mean, for purposes of this

Settlement:

All Persons or entities who purchased or otherwise acquired First Choice common stock during the Class Period, and who did not sell all such securities prior to November 14, 2018, including Plaintiff, and excluding: (i) Defendants; the officers, directors, and employees of First Choice during the Class Period (the "Excluded D&Os"); members of Defendants' and Excluded D&Os immediate families, legal representatives, heirs, agents, affiliates, successors or assigns; and any entity in which Defendants, the Excluded D&Os, or their immediate families have or had a controlling interest; and (ii) Steward Health Care System LLC and its affiliates, successors, and assigns.

Also excluded from the Class are all putative Settlement Class Members who exclude themselves by filing a valid and timely request for exclusion in accordance with the Court's Preliminary Approval Order.  All Persons excluded from the Settlement Class pursuant to this paragraph are referred to as "Excluded Persons."

39.    "Settlement Hearing" or "Final Approval Hearing" means the court hearing to be held to determine:  (i) whether the proposed Settlement should be approved as fair, reasonable and adequate; (ii) whether all Settled Claims should be dismissed with prejudice; (iii) whether an order approving the Settlement should be entered thereon; (iv) whether the Plan of Allocation of the Net Settlement Fund should be approved; and (v) whether the application for an award of Attorneys' Fees and Expenses and a Plaintiff PSLRA Award should be approved.

40.    "Summary Notice" means the Summary Notice of Pendency and Proposed Class Action Settlement, substantially in the form of Exhibit A-3 hereto.

41.    "Unknown Claims" means any Settled Claim which Plaintiff or any member of the Settlement Class does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it, might have affected his, her or its decision

11

with respect to this Settlement, including, but not limited to, the decision not to object to the Settlement; and any Defendants' Claims which any Defendant does not know or expect to exist in his or its favor, which if known by him or it might have affected his or its decision(s) with respect to this Settlement.  With respect to any and all Settled Claims and Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiff and Defendants shall expressly waive, and each Settlement Class Member shall be deemed to have and by operation of the Order and Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff and Defendants acknowledge, and Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and was a material element of this Settlement.

## B.    SCOPE AND EFFECT OF SETTLEMENT

1.    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Settled Claims as against all Released Parties and any and all Defendants' Claims as against Plaintiff, the Settlement Class Members, or their attorneys.

2.    Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, Plaintiff and all Settlement Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, shall be deemed to have released and to have forever relinquished and discharged the Released

12

Parties from and with respect to the Settled Claims, whether or not such Settlement Class Members execute and deliver a Proof of Claim and Release Form.

3.     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and the Released Parties, shall be deemed to have released and to have forever relinquished and discharged each and every one of the Defendants' Claims as against Plaintiff, any of the Settlement Class Members, or their attorneys.

4.     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement: (i) Plaintiff and the Settlement Class Members, and anyone acting or purporting to act for any of them, other than Excluded Persons, shall be permanently and forever enjoined from prosecuting or attempting to prosecute any Settled Claims against any of the Released Parties, whether or not such Plaintiff or Settlement Class Member executes and delivers the Proof of Claim and Release Form, or otherwise shares in the Net Settlement Fund; and (ii) Defendants, and anyone acting or purporting to act for any of them, shall be permanently and forever enjoined from prosecuting or attempting to prosecute Defendants' Claims.

## C.     THE SETTLEMENT CONSIDERATION

1.     Subject to the terms of this Stipulation, Defendants shall use their best efforts to cause Defendants' Insurer to pay the Settlement Amount by check or wire transfer into the Escrow Account within ten (10) business days after the later of the completion of all of the following: (i) the entry of an order by the Bankruptcy Court pursuant to Bankruptcy Rule 9019 approving the Settlement and relinquishing jurisdiction over the Settlement back to the Court; (ii) the entry of an order by the Bankruptcy Court permitting the Defendants' Insurer to pay the Settlement Amount from the applicable insurance policy issued to First Choice; (iii) the issuance of the Preliminary

Approval Order by the Court; and (iv) the Defendants' Insurer's receipt of complete payee information for the Escrow Account, including a Tax Identification Number, an executed W-9, and  wiring instructions.

2. After all administrative determinations are made by the Claims Administrator with regard to the filings made by Claimants, and the Court enters the Class Distribution Order, the Net Settlement Fund shall be distributed to the Authorized Claimants.

3. Any sums required to be held in escrow hereunder shall be held by the Escrow Agent for the benefit of the Settlement Class.  All funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to this Stipulation and/or further order of the Court. The Escrow Agent shall not disburse the Gross Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court.

4. The Escrow Agent shall invest the Settlement Amount in an investment that is secured by the full faith and credit of the United States (whether in direct investments or a mutual fund, money market fund, or other fund of such federally-guaranteed investments) or is collateralized by investment securities including United States government securities, United States government agency securities or United States agency mortgage-backed securities, and shall collect and reinvest all interest accrued thereon.

5. The Notice and Administration Expenses shall be paid from the Notice and Administration Account.  The Notice and Administration Account may be drawn upon for payment of Notice and Administration Expenses upon Class Counsel's review and approval and without prior Court approval.

6. Except as provided in Section P, Paragraph 6, after the Effective Date, neither

Defendants nor Defendants' Insurer shall have any interest in the Gross Settlement Fund or in the Net Settlement Fund and no funds will be returned to Defendants or Defendants' Insurer. The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement. Any undistributed money from the Settlement Fund that cannot be distributed cost effectively to a Settlement Class Member shall be donated to one or more non-sectarian, not-for-profit organization(s) exempt under Section 501(c)(3) of the Internal Revenue Code designated by Class Counsel.

## D. ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS AND DISTRIBUTION OF NET SETTLEMENT FUND

1.    The Parties have agreed that A.B. DATA, LTD. shall serve as the Claims Administrator.

2.    The Claims Administrator shall administer and calculate the claims of Settlement Class Members that it determines should be allowed, and oversee distribution of the Net Settlement Fund, under the supervision of Class Counsel, subject to appeal to, and under the jurisdiction of, the Court. Neither the Defendants nor Defendants' Counsel shall have any rights with regard to, or liability, obligation or responsibility for, the administration of the Gross Settlement Fund or Net Settlement Fund or the distribution of the Net Settlement Fund, and shall not comment thereon or on the Claims Administrator's determinations relating to submitted Claims or who is an Authorized Claimant.

3.    Except as otherwise provided below, the Gross Settlement Fund shall be applied as follows:

a.    To the extent not already paid, to pay, without prior order of the Court, the Notice and Administration Expenses up to $50,000; however, amounts over $50,000 must be approved by the Court upon noticed motion;

b.    To pay any award of Attorneys' Fees and Expenses and any Plaintiff PSLRA

Award ; and then

c. Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be allocated to Authorized Claimants as set forth in Section F below.

4. Each Settlement Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim and Release Form within one hundred ten (110) days after the mailing of the Postcard Notice or such other time as may be set by the Court, signed under penalty of perjury by the beneficial owner(s) of the First Choice securities that are the subject of the Proof of Claim and Release Form or by someone with documented authority to sign for the beneficial owners as specified in the instructions accompanying the Proof of Claim and Release Form (which will not require notarization) and supported by such documents as are specified in the Proof of Claim and Release Form.

5. All Proof of Claim and Release Forms must be postmarked or received within the time provided by the Preliminary Approval Order. Any Settlement Class Member who fails to submit a properly completed Proof of Claim and Release Form within the period authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation from the Net Settlement Fund (unless, by Order of the Court, a later-submitted Proof of Claim and Release Form by such Settlement Class Member is approved, or the untimely Proof of Claim and Release Form is accepted pursuant to paragraphs D. 7-10, below), but will in all other respects be subject to the provisions of this Stipulation and the Order and Final Judgment, including, without limitation, the release of the Settled Claims, the bar order contained in Section J below, and the dismissal of the Action. A Proof of Claim and Release Form shall be deemed to have been submitted when posted, if received with a legible postmark on the envelope and if mailed by first-class or other posted mail and addressed in accordance with the instructions thereon; in all other

16

cases, the Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

6. Each Proof of Claim and Release Form shall be submitted to the Claims Administrator who shall determine, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim should be allowed, subject to appeal to the Court.

7. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proof of Claim and Release Forms, in the interest of achieving substantial justice. Class Counsel shall have the right, but not the obligation, to accept late-submitted claims so long as distribution of the Net Settlement Fund is not materially delayed thereby.

8. Proof of Claim and Release Forms that do not meet the filing requirements may be rejected. Prior to rejection of a Proof of Claim and Release Form, the Claims Administrator shall communicate with the Claimant in order to allow him/her/it to remedy curable deficiencies in the Proof of Claim and Release Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Proof of Claim and Release Form it proposes to reject in whole or in part, setting forth the reasons therefor. The Claims Administrator shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and if the Claimant complies with the requirements of paragraph D.9 below. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) business days) to cure

17

such deficiency if it shall appear that such deficiency may be cured.

9.      If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within thirty (30) calendar days after the date of mailing of the notice required by paragraph D.8 above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

10.     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court for its approval.

11.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

12.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settlement Class Members.  All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but are otherwise bound by all of the terms of the Order and Final Judgment entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

13.     All proceedings with respect to the administration, processing and determination of claims described by this paragraph of this Stipulation, and the determination of all controversies

relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the exclusive jurisdiction of the Court.

14.     The Net Settlement Fund shall be distributed to Authorized Claimants only after: (i) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to appeal to the Court such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to Attorneys' Fees and Expenses, the Plaintiff PSLRA Award, and Notice and Administration Expenses have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iv) all Notice and Administration Expenses have been paid or set aside.

15.     If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, Class Counsel shall, if feasible, reallocate such balance among Authorized Claimants who cashed their checks or in another equitable and economic fashion.  If there is a balance remaining in the Net Settlement Fund and it is not economically feasible to distribute the balance to Authorized Claimants, then, Plaintiff may file a motion with the Court, with notice to all Parties, seeking permission to contribute any balance remaining in the Net Settlement Fund to one or more non-sectarian, not-for-profit organization(s) exempt under Section 501(c)(3) of the Internal Revenue Code designated by Class Counsel.

19

16.     Prior to distribution of the Settlement Amount by the Claims Administrator, each of the Defendants shall receive, upon request, a list of the Proof of Claim and Release Forms that have been allowed by the Claims Administrator.

## E.     TAX TREATMENT AND PAYMENTS

1.     The Parties agree that the Gross Settlement Fund is intended to be, and will be treated at all times as, a qualified settlement fund within the meaning of Treasury Regulation §1.468B-1 and Section 468B of the Internal Revenue Code, as amended, for the taxable years of the Gross Settlement Fund, beginning with the date it is created.  In addition, the Escrow Agent and, as required, the Defendants, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.  Each "transferor," as defined in Treas. Reg. § 1.468B 1(d)(1), of the amounts paid pursuant to this Stipulation agrees to provide promptly the statement described in Treas. Reg. § 1.468B 3(e).

2.     For purposes of Section 468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator, who shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Gross Settlement Fund, and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k).  Such returns (as well as the election described in paragraph E.1 hereof) shall be consistent with this paragraph and reflect

20

that all Taxes and Tax Expenses (including any interest or penalties) (defined immediately below in the next paragraph) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in paragraph E.3 hereof.

3.      All (i) taxes (including any interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing, or failing to file, the returns described in this paragraph) ("Taxes and Tax Expenses"), shall be paid out of the Gross Settlement Fund without prior approval of the Court, because they are (as noted above) a Notice and Administration Expense.  The Escrow Agent shall be obligated to withhold from distribution to Settlement Class Members any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).  The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

4.      The Defendants shall have no liability for or obligations with regard to Taxes and Tax Expenses.

5.      Plaintiff and Class Counsel shall have no liability for, or obligations with regard to, Taxes and Tax Expenses.  The Gross Settlement Fund shall indemnify and hold each of Plaintiff and Class Counsel, and each of their Released Parties harmless for any Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification), and all such Taxes and Tax Expenses shall be paid from the Gross Settlement Fund.

## F.      ALLOCATION OF NET SETTLEMENT FUND

21

1.      The Plan of Allocation is based upon the assessment, made by Class Counsel and any expert(s) it retains, of the merits and the relative strengths and weaknesses, including recoverable damages, of the claims of the Settlement Class Members.

2.      The Released Parties do not take any position as to the proposed Plan of Allocation and shall have no responsibility for, and no obligations or liabilities of any kind whatsoever in connection with, the Plan of Allocation or the determination of or administration and calculations under that Plan.

3.      The Released Parties shall have no involvement in the solicitation, or review, of Proof of Claim and Release Forms, or involvement in the administration process itself, which will be conducted by the Claims Administrator in accordance with this Stipulation and the orders entered by the Court.

4.      No Settlement Class Member shall have any claim against Plaintiff, Class Counsel, or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

5.      No Settlement Class Member shall have any claim against Defendants, Defendants' Counsel or any of the Released Parties based on, or in any way relating to, the administration of or distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

6.      Any Plan of Allocation is neither part of this Stipulation nor a necessary term or condition of the Settlement.  For this reason, the approval of, or any change in, any Plan of Allocation or the allocation of the Net Settlement Fund ordered by the Court shall be deemed severable from, and shall not affect, the validity or finality of this Settlement.

## G.    OBLIGATIONS AND LIMITATIONS OF LIABILITY OF ESCROW AGENT

1.    The Escrow Agent shall not be responsible for the payment of any sums due to Authorized Claimants except to the extent of maintaining account of, and appropriately paying, sums as required by this Stipulation, but only to the limited extent that such sums have been delivered into the Escrow Account as required by this Stipulation.  When the Bank holding the Escrow Fund is appointed as Escrow Agent, the assumption of duties as Escrow Agent shall not preclude Class Counsel from continuing to represent Plaintiff and Settlement Class Members.

## H.    CLASS COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

1.    Class Counsel intends to submit an application to the Court for the payment of Attorneys' Fees and Expenses, including (i) an award of attorneys' fees up to 25% of the Gross Settlement Fund; and (ii) reimbursement of litigation costs and expenses, plus interest, including fees and expenses of experts, incurred in connection with the prosecution of the Action, in an amount to be stated in the Notices.  Class Counsel also intends to seek a Plaintiff PSLRA Award not to exceed $5,000.  All such amounts shall be paid from the Gross Settlement Fund within ten (10) calendar days of the Court order granting final approval of the Settlement and awarding Class Counsel fees and expenses and an award to Plaintiff, subject to Class Counsel's and Plaintiff's legal obligation to return applicable fees and expenses and awards if the Settlement or those amounts are reversed on appeal.  Defendants now take and will take no position on any application concerning Class Counsel's request for Attorneys' Fees and Expenses and any Plaintiff PSLRA Award.

2.    Any Attorneys' Fees and Expenses and Plaintiff PSLRA Award awarded by the Court shall be paid solely from the Gross Settlement Fund to Class Counsel or Plaintiff upon entry

of the Court's order awarding Attorneys' Fees and Expenses and the Plaintiff PSLRA Award (which order will be separate from the Order and Final Judgment). The Released Parties shall have no other or further obligation to pay any Settlement Class Member or Class Counsel for fees or expenses in connection with the Action or this Stipulation, except as expressly provided for in this Stipulation. If the Effective Date does not occur, or the Order and Final Judgment is reversed or modified in any way that affects the award of Attorneys' Fees and Expenses or the Plaintiff PSLRA Award, or the Stipulation is terminated for any other reason, then Plaintiff, Class Counsel and each Plaintiff's counsel law firm receiving fees or expenses or awards under this provision shall, within fifteen (15) business days of receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Escrow Account or the Defendants' Insurer as appropriate, either the full amount of the fees and expenses and awards previously received by it pursuant to these provisions or an amount consistent with any modification of the order with respect to Attorneys' Fees and Expenses to Class Counsel or the Plaintiff PSLRA Award. Any other Plaintiff's Counsel that receives fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and Plaintiff's Counsel shall be liable for repayment of all Attorneys' Fees and Expenses awarded by the Court. Class Counsel shall allocate the Attorneys' Fees and Expenses amongst Plaintiff's Counsel in a manner which Class Counsel in good faith believes reflects the contributions of each such counsel to the prosecution and settlement of the Action.

3. It is agreed that the procedure for, and the allowance or disallowance by the Court of, any applications by Class Counsel for the Attorneys' Fees and Expenses and Plaintiff PSLRA Award, including fees for experts and consultants to be paid out of the Gross Settlement Fund, and

24

any order or proceeding relating thereto, are not terms of nor a condition of this Settlement. For this reason, the allowance, disallowance, or any other Court order with respect to, Attorneys' Fees and Expenses and Plaintiff PSLRA Award (and any appeal from, or any other form of review of, any order with respect to Attorneys' Fees and Expenses) shall not operate to terminate or cancel this Stipulation or affect its finality, and shall have no effect on the terms of this Stipulation or on the enforceability of this Settlement or of the Order and Final Judgment (including, without limitation, the releases contained therein).

## I.    RELEASE

1.    Effective upon the Effective Date, Plaintiff and the Settlement Class Members hereby fully, finally and forever release, relinquish, acquit, and discharge the Released Parties from the Settled Claims. As limited by the rights of the Parties set forth in Section P below, the Order and Final Judgment shall dismiss with prejudice all Claims contained in the Complaint against the Defendants. Such release shall be expressly conditioned upon satisfaction of Defendants' payment obligation pursuant to paragraph C.1 above.

2.    Plaintiff or the Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Settled Claims, but Plaintiff and the Settlement Class Members hereby fully, finally and forever settle and release any and all Settled Claims, known claims or Unknown Claims, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

25

3.      Effective upon the Effective Date, with respect to any and all Settled Claims, Plaintiff and the Settlement Class Members hereby expressly waive the provisions, rights and benefits of California Civil Code § 1542 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

4.      Effective upon the Effective Date, Defendants hereby fully, finally and forever release, relinquish, acquit and discharge Plaintiff, any Settlement Class Member, and Class Counsel from the Defendants' Claims.  Nothing contained herein shall release Plaintiff, the Settlement Class Members, or Class Counsel from any obligations under this Stipulation.  Nothing contained herein shall release any claim Defendants may have against any entity or party other than Plaintiff, any Settlement Class Member, or Class Counsel.  Nothing contained herein shall release any claim Plaintiff and the Settlement Class Members may have against any entity or Person other than the Released Parties.

## J.      LIMITATION ON CLAIMS AGAINST RELEASED PARTIES

1.      The Parties have negotiated and agree to a bar order to be included in the Court's Order and Final Judgment providing that to the full extent provided by Section 21D(f)(7) of the Exchange Act, 15 U.S.C. 78u-4(f)(7), and the common law of the U.S. Court of Appeals for the Eleventh Circuit, all claims, including, but not limited to, claims for contribution, indemnification or equitable indemnification against any Party or third person, including, but not limited to, any trustee appointed in a Chapter 7 or 11 bankruptcy proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor related, directly or indirectly, to the facts of this Action shall

26

be barred.

## K.   NOTICE

1.      Plaintiff shall cause the Claims Administrator to mail, by first-class mail, postage prepaid, a copy of the Postcard Notice to each member of the Settlement Class who can be identified by reasonable effort, within the time provided in the Court's Preliminary Approval Order (the "Notice Date").The Postcard Notice shall be substantially in the form attached hereto as Exhibit A-1.  Class Counsel shall cause the Claims Administrator to (a) publish the Full Notice and Proof of Claim and Release Form in a form available for download (i.e. PDF) on its website or a website created for the Settlement (the "Settlement Website"), and (b) mail or email a copy of the Full Notice and Proof of Claim and Release Form to any Settlement Class Member that requests one by phone, email, or mail.   Class Counsel shall cause the Summary Notice substantially in the form of Exhibit A-3 attached hereto to be published once over *GlobeNewswire* or a similar wire service with similar reach within the time provided by the Court's Preliminary Approval Order. The cost of providing such Notice shall constitute Notice and Administrative Expenses and be paid out of the Notice and Administration Account.  Subject to the requirements of the Preliminary Approval Order, Class Counsel and the Claims Administrator shall submit to the Court affidavits demonstrating the adequacy of its efforts to provide notice to the Class Members.  The Defendants shall have no responsibility with respect to the tasks enumerated or described in this paragraph.

2.      Defendants shall prepare and cause the Claims Administrator to send the CAFA notice, as prescribed in 28 U.S.C. § 1715.  The cost of providing such notice shall constitute Notice and Administrative Expenses and be paid out of the Notice and Administration Account.

3.      Within twenty-one (21) days following the Parties' execution of the Stipulation, and without any charge to Plaintiffs or the Settlement Class, First Choice shall provide such

27

shareholder lists as may be within its possession, custody, or control, as appropriate for providing the Postcard Notice to the Class.

## L.    OBJECTIONS AND REQUESTS FOR EXCLUSION

1.    Any Settlement Class Member who intends to object to the fairness of the Settlement must do so within the time and in the manner provided by the Court's Preliminary Approval Order.  The deadline for submitting objections to the fairness of the Settlement is to be set by the Court, but shall be no later than postmarked or received pursuant to the terms of paragraph D-5 at least twenty-one (21) calendar days before the Settlement Hearing.  Any Settlement Class Member who fails to timely file and serve a written objection and notice of his, her or its intent to appear at the Settlement Hearing pursuant to this paragraph shall not be permitted to object to the approval of the Settlement at the Settlement Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Stipulation by appeal or other means, unless given special permission by the Court.  Any objection to the fairness of the Settlement must be signed under penalty of perjury by the Settlement Class Member.

2.    Eligible Persons requesting exclusion must do so within the time and in the manner provided by the Court's Preliminary Approval Order.  The deadline for submitting requests for exclusion shall be set by the Court, but shall be no later than postmarked or received pursuant to the terms of paragraph D-5 at least twenty-one (21) calendar days before the Settlement Hearing. Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a timely Proof of Claim and Release Form or written request for exclusion as provided by this paragraph shall be bound by the Stipulation, even if he, she or it has pending, or subsequently initiates, litigation, arbitration or any other proceeding, or has any Claim against any Released Party relating to any Settled Claim.  Any request for exclusion must be signed under penalty of

28

perjury by the beneficial owner(s) of the First Choice securities that are the subject of the request for exclusion.

3. The Claims Administrator shall scan and send electronically copies of all Requests for Exclusion from, and objections to, the Settlement in PDF format (or such other format as shall be agreed) to counsel for each of the Defendants and to Class Counsel expeditiously after the Claims Administrator receives such Requests for Exclusion or Objections.

4. As part of their reply papers in support of their motion for final approval of the settlement of the Action, Class Counsel will provide a list of all the Persons who have requested exclusion from the Settlement Class and all of the information provided to the Claims Administrator under paragraph L-2 of this Stipulation for those persons requesting exclusion, and shall certify that all Requests for Exclusion received have been copied and provided to Defendants' Counsel.

## M. THE PRELIMINARY APPROVAL ORDER

1. Within fourteen (14) business days after execution of this Stipulation, First Choice's Counsel shall move the Bankruptcy Court: (i) to approve the Settlement and relinquish jurisdiction over the Settlement back to the Court; and (ii) for an order confirming that the Defendants' Insurer may pay the Settlement Amount from the applicable insurance policy issued to First Choice.

2. Within fourteen (14) business days after the later of: (i) the Bankruptcy Court enters the order(s) contemplated in paragraph M.1.; (ii) jurisdiction over the Action and Settlement is returned to the Court; and (iii) the Action is administratively re-opened by the Court; Class Counsel shall submit the Stipulation and its exhibits to the Court and shall apply for entry of a Preliminary Approval Order substantially in the form annexed hereto as Exhibit A, providing for, among other

things, preliminary approval of the Settlement and Notice to the Class of the Settlement Hearing.

The Preliminary Approval Order shall contain exhibits substantially in the form of the Postcard

Notice, Summary Notice, Full Notice, and Proof of Claim and Release Form.

3.     Defendants and any and all issuers, securities firms or transfer agents holding

transfer records which indicate the legal owners of First Choice common stock currently or during

the Class Period will use their best efforts to produce such transfer records in a usable electronic

format, including as an Excel spreadsheet, to Class Counsel or the Claims Administrator within

the time provided in the Court's Preliminary Approval Order.

## N.    ORDER AND FINAL JUDGMENT TO BE ENTERED BY THE COURT APPROVING THE SETTLEMENT

1.     Plaintiff shall file a motion seeking to have the Court enter the Order and Final

Judgment substantially in the form of Exhibit B hereto, and shall file Reply papers addressing

Objections and/or Requests for Exclusion.

## O.    CONDITIONS OF SETTLEMENT

1.     The Effective Date of the Settlement shall be conditioned upon the occurrence of

all of the following events:

a.     Pursuant to Bankruptcy Rule 9019, the Bankruptcy Court shall approve the

Settlement;

b.     The Bankruptcy Court shall relinquish jurisdiction of this Action and

Settlement back to the Court, and permit the stay of the Action to be lifted;

c.     The Bankruptcy Court shall enter an order permitting the Defendants'

Insurer to pay the Settlement Amount from the applicable insurance policy

issued to First Choice;

d.     The Court shall enter the Preliminary Approval Order in all material

30

respects, as required by paragraph M.2 above;

e.    The Parties shall not have exercised within the required time period their right to terminate the Settlement as permitted by Section P below;

f.    The Court shall enter the Order and Final Judgment in all material respects, as required by Section N above;

g.    The Court's Order and Final Judgment, substantially in the form of Exhibit B, shall have become "Final," as defined in paragraph A.15; and

h.    Defendants shall have caused the sum of $1,000,000 (One Million Dollars) to be paid, in accordance with paragraph C.1 above.

2.    Upon occurrence of all of the events set forth in paragraph O.1 above, the obligation of the Escrow Agent to return funds from the Gross Settlement Fund to Defendants' Insurer pursuant to Section P or any other provision hereof shall be absolutely and forever extinguished.

## P.    RIGHTS OF TERMINATION AND EFFECTS THEREOF

1.    The Parties shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other counsel of the Parties hereto within thirty calendar days of any of these events:

a.    the Bankruptcy Court declines to approve the Settlement;

b.    the Bankruptcy Court declines to enter an order permitting the Defendants' Insurer to pay the Settlement Amount from the applicable insurance policy issued to First Choice;

c.    the Court declines to enter the Preliminary Approval Order in any material respect;

d.    the Court issues an order refusing to approve this Stipulation or any material

31

part of it (except with respect to any decision by the Court concerning Attorneys' Fees and Expenses or Plaintiff PSLRA Award);

e. the Court declines to enter the Order and Final Judgment in all material respects as required by Section N above;

f. the Order and Final Judgment is modified or reversed in any material respect by the U.S. Court of Appeals for the Eleventh Circuit or the U.S. Supreme Court; or

g. the Court having entered an Order and Final Judgment in a form other than that provided above (an "Alternative Judgment") and none of the Parties hereto having elected to terminate this Settlement, such Alternative Judgment is modified or reversed in any material respect by the U.S. Court of Appeals for the Eleventh Circuit or the U.S. Supreme Court.

2. If, prior to the Settlement Hearing, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Settlement Class (excluding any Requests for Exclusion that may have been validly retracted) in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons purchased First Choice stock during the Class Period in an amount greater than the amounts specified in a separate Supplemental Exclusion Agreement among the Parties (the "Supplemental Exclusion Agreement"), Defendants, or either Defendant, in their sole and absolute discretion, shall have the option to terminate this Stipulation and the Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Exclusion Agreement ("Opt-out Termination Option"). Unless the Court orders otherwise, the Supplemental Exclusion Agreement will not be filed with the Court unless and until

32

a dispute among the Parties concerning its interpretation or application arises, and then will be filed under seal. If required by the Court, the Supplemental Exclusion Agreement and/or any of its terms may be disclosed *in camera* to the Court for purposes of approval of the Settlement. Any filing or such disclosure of the Supplemental Exclusion Agreement shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Exclusion Agreement, particularly the threshold aggregate number of shares discussed therein. Plaintiff and Class Counsel shall have the right to seek a retraction of any Request for Exclusion. Copies of all Requests for Exclusion received shall be delivered to Defendants' Counsel as soon as possible after receipt and no less than fourteen (14) calendar days prior to the Settlement Hearing. Copies of all written revocations of Requests for Exclusion shall be delivered to Defendants' Counsel as soon as possible after receipt and no less than five (5) calendar days prior to the Settlement Hearing. The required procedure for, and consequences of, making such an election are set forth in the Supplemental Exclusion Agreement.

3. If the Settlement Amount payable pursuant to paragraph C.1 of this Stipulation is not paid, then the Plaintiff, in its sole discretion, may elect, at any time prior to the Court's entering the Order and Final Judgment, (a) to terminate the Settlement by providing written notice to all Parties; or (b) to enforce the terms of the Stipulation and seek a judgment effecting the terms herein. Failure of the Defendants to cause the sum of $1,000,000 (One Million Dollars) to be paid, as set forth in paragraph C.1 above, shall not serve as a basis for any Defendant to terminate the Settlement. If Plaintiff elects to terminate the Settlement pursuant to this paragraph, paragraphs P.4, 5, 6, and 7 hereof will apply.

4. If this Stipulation is terminated pursuant to its terms, the Parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall

proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.

5. For purposes of this Stipulation only, and subject to approval by the Court, the Parties stipulate to (i) certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) appointment of Plaintiff as the class representative for the Settlement Class; and (iii) appointment of Class Counsel as counsel to the Settlement Class. The Defendants' conditional agreement to agree to certification of the Settlement Class is contingent upon the completion of all terms of this Stipulation. If this Stipulation is for any reason not finally approved, or is otherwise terminated, the Defendants reserve the right to reassert all of their objections and defenses to the certification of any class; and Plaintiff will not offer or introduce the Defendants' conditional agreement, or the facts and terms of the Stipulation, as any evidence or argument in any proceeding whatsoever.

6. Upon termination of this Stipulation pursuant to its terms, the Gross Settlement Fund, less Notice and Administration Expenses including Taxes and Tax Expenses (whether already paid or incurred but not yet paid), including any interest incurred, less any taxes paid, shall be refunded to the Defendants' Insurer by the Escrow Agent within fifteen (15) business days.

7. If this Stipulation is terminated pursuant to its terms, and at the request of any of the Defendants or Defendants' Insurer, the Escrow Agents or their designee shall apply for any tax refund owed to the Gross Settlement Fund and pay any appropriate part of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to the Defendants' Insurer.

8. No order of the Court or modification or reversal of any order of the Court

concerning the Plan of Allocation, the amount of any Attorneys' Fees and Expenses or Plaintiff PSLRA Award awarded by the Court, or the distribution of the Net Settlement Fund shall constitute grounds for cancellation or termination of the Stipulation.

## Q.   MISCELLANEOUS PROVISIONS

1.   The Parties: (i) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation; and (iii) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.   This Stipulation may be amended or modified only by a written instrument signed by Defendants' Counsel and by Class Counsel or their successors-in-interest.

3.   This Stipulation and the exhibits attached hereto and the Supplemental Exclusion Agreement constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Stipulation or its exhibits or the Supplemental Exclusion Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

4.   Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, unless otherwise specified, notice shall be provided by email and/or next-day (excluding Saturday and Sunday) express delivery service as follows, and shall be deemed effective upon delivery to the indicated electronic or physical address, as the case may be, below:

(i)   If to Plaintiff:

Chet B. Waldman, Esq.
cwaldman@wolfpopper.com

35

WOLF POPPER LLP
845 Third Avenue
New York, NY 10022

(ii)    If to Defendants:

Brian P. Miller, Esq.
Brian.Miller@akerman.com
AKERMAN LLP
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, FL  33131

- AND –

Fritz J. Scheller, Esq.
fscheller@flusalaw.com
FRITZ SCHELLER, PL
200 E. Robinson Street
Orlando, FL 32801

5.      Except as otherwise provided herein, each Party shall bear their own costs.  The Attorneys' Fees and Expenses and Plaintiff PSLRA Award, subject to Court approval, shall be paid only out of the Gross Settlement Fund and the Defendants have no obligation with respect to the payment of said Attorneys' Fees and Expenses.

6.      By the Preliminary Approval Order, Class Counsel, on behalf of the Settlement Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms.

7.      Defendants' Counsel and Class Counsel represent that they are authorized to sign this Stipulation on behalf of their respective clients.

8.      This Stipulation may be executed in one or more original, photocopied, facsimile, or e-mailed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Defendants' Counsel and Class Counsel shall exchange among themselves original signed counterparts of this Stipulation.

36

9.     This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties.  No assignment shall relieve any party hereto of obligations hereunder.

10.    All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the laws of the State of Florida without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

11.    Defendants and Plaintiff, on behalf of themselves and each member of the Settlement Class, hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation.  The administration and consummation of the Settlement as embodied in this Stipulation shall be made under the authority of the Court and the Court shall retain exclusive jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses or any Plaintiff PSLRA Award, and enforcing the terms of this Stipulation.

12.    None of the Parties shall be considered to be the drafter of this Stipulation or any provision hereof for purposes of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

13.    Neither this Stipulation, nor the fact of the Settlement, is an admission or concession by any Defendant of any liability or wrongdoing whatsoever.  This Stipulation is not a finding of the validity or invalidity of any claims in the Action or of any wrongdoing by any of the Defendants named therein.  None of this Stipulation, or the fact of settlement, or the settlement proceedings and negotiations, or any related documents, shall be used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as

37

an admission, concession, presumption or inference against any Party in any proceeding other than such proceedings as may be necessary to consummate or enforce this Stipulation or the Order and Final Judgment.

14. The Order and Final Judgment will contain a finding that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15. The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Members against the Defendants with respect to the Settled Claims. Accordingly, unless the Court's Order and Final Judgment approving the Settlement does not become Final, the Parties agree not to assert in any forum that the Action was brought, defended, or litigated by any of them in bad faith, without a reasonable basis, or in violation of Rule 11 of the Federal Rules of Civil Procedure. The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties with the aid of a mediator, and reflect a settlement that was reached voluntarily, after consultation with experienced legal counsel after a full and fair opportunity to review the settlement papers and consider alternatives to settlement.

16. The Parties agree that the mediator for the Action, Simone Lelchuk, may assist them with any disputes on the terms of the Settlement until such time as there is an Effective Date.

17. The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

18. The waiver of one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other breach of this Stipulation. The provisions of this Stipulation

38

may not be waived except by a writing signed by the affected Party, or counsel for that Party.

19.     Except as may otherwise be required by law, the Parties and their counsel agree to keep the contents of this Stipulation confidential until the date this Stipulation is executed.  Except as may otherwise be required by law, the Parties and their counsel agree to keep all negotiations preceding the execution of the Stipulation confidential indefinitely, except that the Parties shall be permitted to describe the negotiations in general terms in seeking Preliminary or Final Approval of the Settlement.

20.     Except for Section I with respect to the Released Parties and Class Counsel, nothing contained in this Stipulation is intended to confer upon any Person other than the Parties any benefit, release, right, or remedy under or by reason of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

Dated: October __8__, 2020

**WOLF POPPER LLP**

By: _____

Chet B. Waldman, Esq.
Joshua W. Ruthizer, Esq.
845 Third Avenue
New York, NY 10022
Tel: (212) 759-4600
Fax: (212) 486-2093

*Lead Counsel for Lead Plaintiff MAZ Partners LP*

Dated: October ___, 2020

**RICE PUGATCH ROBINSON STORFER & COHEN, PLLC**

By: _____

Ronald J. Cohen, Esq.
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, Florida 33301

39

may not be waived except by a writing signed by the affected Party, or counsel for that Party.

19.    Except as may otherwise be required by law, the Parties and their counsel agree to keep the contents of this Stipulation confidential until the date this Stipulation is executed. Except as may otherwise be required by law, the Parties and their counsel agree to keep all negotiations preceding the execution of the Stipulation confidential indefinitely, except that the Parties shall be permitted to describe the negotiations in general terms in seeking Preliminary or Final Approval of the Settlement.

20.    Except for Section I with respect to the Released Parties and Class Counsel, nothing contained in this Stipulation is intended to confer upon any Person other than the Parties any benefit, release, right, or remedy under or by reason of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

Dated: October \_\_\_, 2020          **WOLF POPPER LLP**

By: _____
Chet B. Waldman, Esq.
Joshua W. Ruthizer, Esq.
845 Third Avenue
New York, NY 10022
Tel: (212) 759-4600
Fax: (212) 486-2093

*Lead Counsel for Lead Plaintiff MAZ Partners LP*

Dated: October \_\_\_, 2020          **RICE PUGATCH ROBINSON STORFER & COHEN, PLLC**

By: _____
Ronald J. Cohen, Esq.
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, Florida 33301

39

Tel: (954) 462-8000
Fax: (954) 462-4300

*Local Counsel for Lead Plaintiff MAZ Partners LP*

Dated: October 8, 2020

**AKERMAN LLP**

By: _____

Brian P. Miller, Esq.
Samantha J. Kavanaugh, Esq.
Ross E. Linzer, Esq.
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Tel: (305) 374-5600
Fax: (305) 374-5095

*Counsel for Defendant First Choice Healthcare Solutions, Inc.*

Dated: October ___, 2020

**FRITZ SCHELLER, PL**

By: _____

Fritz Scheller, Esq.
200 E. Robinson Street
Orlando, FL 32801
Tel: (407) 792-1285
Fax: (407) 513-4146

*Counsel for Defendant Christian Romandetti, Sr.*

41

Dated: October ___, 2020

**AKERMAN LLP**

By: _____

Brian P. Miller, Esq.
Samantha J. Kavanaugh, Esq.
Ross E. Linzer, Esq.
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL  33131
Tel: (305) 374-5600
Fax: (305) 374-5095

*Counsel for Defendant First Choice Healthcare Solutions, Inc.*

Dated: October _9_, 2020

**FRITZ SCHELLER, PL**

By: _____

Fritz Scheller, Esq.
200 E. Robinson Street
Orlando, FL  32801
Tel: (407) 792-1285
Fax: (407) 513-4146

*Counsel for Defendant Christian Romandetti, Sr.*

41

**Exhibit A**
**Preliminary Approval Order**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| MAZ PARTNERS LP, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>FIRST CHOICE HEALTHCARE SOLUTIONS, INC. and CHRISTIAN ROMANDETTI, SR.,<br><br>                    Defendants. | **Case No. 6:19-cv-00619-PGB-LRH** |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO SETTLEMENT CLASS**

This matter comes before the Court on Lead Plaintiff MAZ Partners LP's ("MAZ" or "Lead Plaintiff") Unopposed Motion for (1) Preliminary Approval of Class Action Settlement; (2) Preliminary Certification of the Settlement Class; and (3) Approval of Notice to the Settlement Class, filed on December 28, 2020 (the "Motion"). (Dkt. No. ____.) After review of the Motion, and the papers filed and arguments made in connection therewith, and the Stipulation of Settlement, dated October 8, 2020 (the "Stipulation"[1]), and the exhibits attached thereto, it is hereby **ORDERED**:

1.      Lead Plaintiff's Motion is **GRANTED**.

2.      **Preliminary Approval of the Settlement.** The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and

_____

[1] Unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as they have in the Stipulation.

1

**Exhibit A**
**Preliminary Approval Order**

adequate, subject to further consideration at the Final Approval Hearing to be conducted as described below.

3.    **Class Certification for Settlement Purposes.**    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons or entities who purchased or otherwise acquired First Choice Healthcare Solutions, Inc. ("FCHS" or "First Choice") common stock during the period between April 1, 2014, and November 14, 2018, both dates inclusive, and who did not sell all such securities prior to November 14, 2018, including Lead Plaintiff, and excluding: (i) Defendants; the officers, directors, and employees of First Choice during the Class Period (the "Excluded D&Os"); members of Defendants' and Excluded D&Os immediate families, legal representatives, heirs, agents, affiliates, successors or assigns; and any entity in which Defendants, the Excluded D&Os, or their immediate families have or had a controlling interest; and (ii) Steward Health Care System LLC and its affiliates, successors, and assigns.  Also excluded from the Settlement Class are any persons or entities who or which timely and validly request exclusion from the Settlement Class pursuant to the requirements in this Order and the Notice.  .

4.    Solely for the purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met:  (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the members of the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the other members of the Settlement Class; (d) Lead Plaintiff and Lead Counsel will fairly and

2

**Exhibit A**
**Preliminary Approval Order**

adequately protect the interests of the members of the Settlement Class in connection with the Settlement; (f) common questions of law and fact predominate over questions affecting only individual members of the Settlement Class; (g) resolution of the claims in this Action by way of the Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

5.      The Court hereby finds and concludes that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff MAZ Partners LP is an adequate class representative and designates MAZ as Class Representative for the Settlement Class.  The Court also appoints Lead Counsel, Wolf Popper LLP, as Class Counsel for the Settlement Class, and Ron Cohen of the law firm of Rice Pugatch Robinson Storfer & Cohen PLLC as Local Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.      **Final Approval Hearing.**  A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held on **Month   , 2020, at        a.m.** at the United States District Court for the Middle District of Florida, Orlando Division, 401 West Central Boulevard, Orlando, Florida 32801.  The Final Approval hearing will determine, among other things: (i) whether the Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice pursuant to the terms of the Stipulation; (iii) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (iv) whether the application of Class Counsel for an award of attorneys' fees and litigation expenses, and for an award to Lead Plaintiff, pursuant to 15 U.S.C. § 78u–4(a)(4), of its costs and expenses (including lost wages) directly relating to the

3

**Exhibit A**
**Preliminary Approval Order**

representation of the Settlement Class, should be approved; and (v) any other matters that may properly be brought before the Court in connection with the Settlement.  Such hearing may be reset to a later date or held by telephonic or video conference without further notice to the Settlement Class.

7.      **Approval of Form and Content of Notice.**  The Court approves, as to form and content, the Full Notice, the Summary Notice, the Postcard Notice, and the Proof of Claim and Release Form, and finds that the mailing of the Postcard Notice, distribution of the Full Notice and Proof of Claim and Release Form, and the publication of the Summary Notice in the manner and form set forth in Section K of the Stipulation (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses and an award to Lead Plaintiff, pursuant to 15 U.S.C. § 78u–4(a)(4), of its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees, reimbursement of litigation expenses and an award to Lead Plaintiff of costs and expenses (including lost wages) pursuant to 15 U.S.C. § 78u–4(a)(4), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

**Exhibit A**
**Preliminary Approval Order**

Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Full Notice, Postcard Notice, and Summary Notice.

8.    Lead Counsel is hereby authorized to retain A.B. DATA, LTD. (the "Claims Administrator") to implement the terms of the Stipulation, and the Court authorizes and directs the Claims Administrator to: (i) give notice of the Settlement as set forth in the Stipulation and this Order; (ii) administer the Settlement Fund and provide settlement relief to Settlement Class Members as set forth in the Stipulation and this and any other Orders by this Court; and (iii) carry out such other responsibilities as are provided for in the Stipulation and this and any other Orders by this Court, or may be agreed to by the Parties in the Action.

9.    **Participation in the Settlement.** Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim and Release Form, accompanied by adequate supporting documentation for the transactions and holdings reported, in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release Forms must be postmarked or received no later than _____. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Proof of Claim and Release Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its claim and the subject matter of the Settlement.

10.    Any Settlement Class Member who or which does not timely and validly submit

5

**Exhibit A**
**Preliminary Approval Order**

a Proof of Claim and Release Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Order and Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against each and all of the Released Parties, as more fully described in the Stipulation and Full Notice. Notwithstanding the foregoing, late Proof of Claim and Release Forms may be accepted for processing as set forth paragraph above.

11.      **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must send a written request for exclusion to the Claims Administrator, by first-class mail, postage prepaid, to the address provided in the Full Notice. Any such request for exclusion must be postmarked or received no later than ____. To be valid, the request for exclusion must: (i) identify the case name; (ii) identify the name, address, telephone number, and email address of the Settlement Class Member; (iii) be personally signed under penalty of perjury by the Settlement Class Member requesting exclusion; (iv) contain a statement that indicates a desire to be excluded from the Settlement Class; (v) identify the dates, prices, and numbers of shares of all of the Settlement Class Member's purchases, acquisitions and sales of FCHS common stock during the Class Period, and (v) include supporting documentation evidencing the Settlement Class Member's transactions in FCHS common stock during the Class Period.

**Exhibit A**
**Preliminary Approval Order**

12.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

13.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Order and Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against any of the Released Parties, as more fully described in the Stipulation and Full Notice.

14.     **Objections and Appearances.**  Any Settlement Class Member who has not filed timely written request for exclusion and who complies with the requirements of this Order may object to any aspect of the proposed Settlement.  Any Settlement Class Member who wishes to object to the Settlement must do so in writing and must file with the Clerk of Court a written statement of objection in accordance with the requirements set forth in the Stipulation, Full Notice, and this Order.  The written statement of objection must (i) identify the case name; (ii) identify the name, address, telephone number, and email address of the Settlement Class

7

**Exhibit A**
**Preliminary Approval Order**

Member; (iii) be personally signed under penalty of perjury by the Settlement Class Member objecting to the settlement; (iv) contain a statement of the reasons why the Settlement Class Member objects to the Settlement and copies of any evidence the Settlement Class Member wants the Court to consider; (v) include supporting documentation evidencing the dates, prices, and numbers of shares of all of the Settlement Class Member's purchases, acquisitions and sales of FCHS common stock during the Class Period,  The written statement of objection must be postmarked or received no later than ____ (the "Objection Deadline").

15.     Any Settlement Class Member who fails to object to the Settlement in the manner described in the Stipulation, the Full Notice, and this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

16.     Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel hired at his or her expense, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (i) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice Of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, email address and signature under penalty of perjury, by the Objection Deadline (as identified above).  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final

8

**Exhibit A**
**Preliminary Approval Order**

Approval Hearing.  Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Stipulation, the Full Notice, and this Order will not be entitled to appear at the Final Approval Hearing to raise any objections.

17.    **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final pursuant to the terms of the Stipulation; or (ii) the Settlement is terminated or does not become Final, as required by the terms of the Stipulation, for any other reason.  In such event, and except as provided therein, the proposed Settlement and Stipulation shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Stipulation nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

18.    **Use of Order Following Termination of Settlement.**  This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the Settlement Class Members that their claims

9

**Exhibit A**
**Preliminary Approval Order**

lack merit or that the relief requested in the Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

19.     **Supporting Papers.**  Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees,  reimbursement of litigation expenses, and an award to Lead Plaintiff, pursuant to 15 U.S.C. § 78u–4(a)(4), of its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class, no later than __ calendar days prior to the Final Approval Hearing, and reply papers, if any, shall be filed and served no later than __ calendar days prior to the Final Approval Hearing.

20.     **Necessary Steps.**  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Stipulation.

21.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**DONE and ORDERED** at Orlando, Florida, this __th day of [month], 2020.

Exhibit A-1
Postcard Notice

**Court-Ordered Legal Notice**

Important Notice about a Securities Class Action Settlement

You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.

FIRST CHOICE HEALTHCARE SOLUTIONS, INC. SEC. LITIG.
c/o A.B. DATA, LTD.
[Address]
[Address]

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
[City, ST]
PERMIT NO. ____

NOTICE NUMBER «NoticeID»
NoticeID

Postal Service: Please Do Not Mark or Cover Barcode

[NAME1]
[ADDR1]
[CITY] [ST] [ZIP]
[COUNTRY]

*MAZ PARTNERS v. FIRST CHOICE HEALTHCARE SOLUTIONS, INC.*, Case No. 6:19-cv-00619-PGB-LRH (M.D. Fla.)

**THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT [WEBSITE ADDRESS] FOR MORE INFORMATION.** There has been a proposed Settlement of claims against First Choice Healthcare Solutions, Inc. ("FCHS") and Christian Romandetti, Sr., who was FCHS's Chairman, Chief Executive Officer, and President (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Lead Plaintiff alleges that Defendants disseminated materially misleading information to the investing public between April 1, 2014, and November 14, 2018, inclusive (the "Class Period"). Lead Plaintiff and Defendants disagree on whether Lead Plaintiff could have won at trial, and if so, how much money it, and the class it seeks to represent, could receive. Defendants have denied and continue to deny all charges of wrongdoing or liability against them. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired FCHS Common Stock during the Class Period.

Defendants have agreed to pay or caused to be paid a Settlement Amount of $1,000,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, an award to Lead Plaintiff pursuant to 15 U.S.C. § 78u–4(a)(4) of costs and expenses (including lost wages) directly relating to its representation of the Settlement Class, and taxes, is to be divided among all Settlement Class Members who have a Recognized Loss and submit a valid Claim Form, in exchange for the Settlement of this case and the Releases by Settlement Class Members of claims related to the case. For all details of the Settlement, read the full Notice, available at [website address].

Your share of the Settlement Fund will depend on the number of valid Proof of Claim and Release Forms that Settlement Class Members submit, and the number, size and timing of your transactions in FCHS common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average claim, before expenses and other Court-ordered deductions, will be $0.102 per share of FCHS common stock. If less than 100% of the Settlement Class Members submit a Claim Form, you could get more money. This is further explained in the detailed Notice, available at [website address].

**To qualify for payment, you must submit a Claim Form.** The Claim Form can be found at [website address], or can be obtained upon request to the Claims Administrator (___-___-____). **Claim Forms must be received or postmarked by _____.** If you do not want to be legally bound by the Settlement, you must exclude yourself by submitting a written request for exclusion so that it is received or postmarked by _____. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by submitting a written objection so that it is received or **postmarked by _____, 202_. The detailed Notice, available at [website address], explains important information about how to submit a Claim Form, exclude yourself, or object to the Settlement.**

The Court will hold a hearing on _____ to consider whether to approve the Settlement, whether to approve a request by the lawyers representing all Settlement Class Members of up to 25% of the Settlement Fund for attorneys' fees, plus actual expenses up to $30,000 for litigating the case and negotiating the Settlement, and whether to award Lead Plaintiff, pursuant to 15 U.S.C. § 78u–4(a)(4), its costs and expenses (including lost wages) of up to $5,000. You may attend the hearing and ask to be heard by the Court, but you do not have to do so. For more information on how to attend the hearing, call ___-___-____ or visit [website address] and read the detailed Notice. The Court may change the date and time of the Final Approval Hearing without notice or hold the Final Approval Hearing by telephone of video conference. Any change to the Final Approval Hearing will be posted on the settlement website. Please check the settlement website before attending to be sure that the date and/or time has not changed.

On June 15, 2020, FCHS filed a Chapter 11 voluntary bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida. The bankruptcy could adversely affect whether your individual claims can proceed against FCHS and what damages, if any, you could receive from FCHS.

You should consult your own counsel as to the effect of the bankruptcy on your claims or your decision to exclude yourself from the Settlement. The detailed Notice, available at [website address], explains more information about the bankruptcy.

**Exhibit A-2**
**Full Notice**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MAZ PARTNERS LP, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>v.<br><br>FIRST CHOICE HEALTHCARE SOLUTIONS, INC. and CHRISTIAN ROMANDETTI, SR.,<br><br>                      Defendants. | **Case No. 6:19-cv-00619-PGB-LRH** |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT[1]**

**If you purchased or otherwise acquired First Choice Healthcare Solutions, Inc. ("FCHS") common stock between April 1, 2014, and November 14, 2018, inclusive, did not sell all such securities before November 14, 2018, and are not otherwise excluded from the Settlement Class (see Question 6 below) you could receive a payment from a class action settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The proposed Settlement, if approved by the Court, will provide $1,000,000 to pay claims from investors who bought or otherwise acquired FCHS common stock between April 1, 2014, and November 14, 2018, inclusive (the "Class Period") to resolve the above-captioned litigation.

- The Settlement resolves a lawsuit over whether Defendants disseminated misleading statements which omitted material information during the Class Period.  Lead Plaintiff and Defendants disagree on whether the investors could have won at trial, and if so, how much money they could have received.  Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them.

- On June 15, 2020, FCHS filed a Chapter 11 voluntary bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida.  On June 12, 2020, the last trading day prior to FCHS's filing for bankruptcy, FCHS common stock closed at $0.08 per share, FCHS had approximately 32.96 million shares of common stock outstanding, and FCHS had a market capitalization of approximately $2.64 million.  The $1 million proposed settlement represents approximately 38% of FCHS's market capitalization on June 12, 2020.  For more information on the bankruptcy, please see p. 12-13 below.

- Lead Plaintiff estimates that 9,830,440 shares of FCHS common stock are eligible under the Plan of Allocation (described below).  If claims are submitted for all of these shares, the estimated distribution per share will be approximately $0.102 *before* deduction of Court-approved administrative costs, any award to Lead Plaintiff pursuant

---

[1] This Notice incorporates by reference the definitions in the Stipulation of Settlement dated October 8, 2020 (the "Stipulation").  All capitalized terms used, but not defined herein, shall have the same meaning as in the Stipulation. The Stipulation can be obtained at [website address].

**Exhibit A-2**
**Full Notice**

to 15 U.S.C. § 78u–4(a)(4) of its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class, and any attorneys' fees and expenses awarded to Lead Counsel for their representation of the Settlement Class.

- Lead Plaintiff's damages consultant, using accepted methodologies, estimates that, if Lead Plaintiff prevailed on each of its claims, damages for those shares of FCHS common stock eligible under the Plan of Allocation are approximately $4.877 million, or approximately $0.496 per share (based on 9,830,440 shares). The Settlement represents approximately 20% of the Settlement Class's estimated damages.

- Lead Counsel have litigated this matter on a contingent basis and advanced all expenses incurred on behalf of the Settlement Class.  They will ask the Court for $250,000 in attorneys' fees (25% of the Gross Settlement Fund) and reimbursement for expenses of up to $30,000 for their work litigating the case and negotiating the Settlement, and an award to Lead Plaintiff, pursuant to 15 U.S.C. § 78u–4(a)(4), of its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class in an amount not to exceed $5,000.  If approved, these amounts will be deducted from the $1,000,000 settlement (totaling $0.029 per share assuming claims are submitted based on 9,830,440 shares).

- After deducting for any attorneys' fees and expenses and administration costs, the estimated average recovery from the Settlement is $0.074 per share (assuming claims are submitted on behalf of 9,830,440 shares).

- The Court has not yet approved the Settlement.  Payments will be made only if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

- **Your legal rights are affected whether you act or don't act.  Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR RECEIVED NO LATER THAN _____, 202_** | The only way to get a payment if you have a Recognized Loss. |
| **EXCLUDE YOURSELF POSTMARKED OR RECEIVED NO LATER THAN _____, 202_** | Get no payment.  This is the only option that allows you to bring your own lawsuit against the Released Parties about the Settled Claims raised in this Action. |
| **OBJECT TO THE SETTLEMENT OR ANY RELATED ASPECT POSTMARKED OR RECEIVED NO LATER THAN 21 days before the Final Approval Hearing], 202_** | Write to the Court about why you do not like the Settlement.  You may, but are not required to, appear at the Final Approval Hearing. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up all legal rights relating to the claims at issue in the Action. |

For more information, you may contact the Claims Administrator or Lead Counsel:

Lead Counsel: WOLF POPPER LLP

**Exhibit A-2**
**Full Notice**

845 Third Avenue, 12th Floor, New York, New York 10022
Tel: (212) 759-4600; fax: (212) 486-2093

Claims Administrator: *First Choice Healthcare Solutions, Inc. Sec. Litig.*, c/o A.B. DATA, LTD.
[address]
Tel: 800-xxx-xxxx
Email: [info@websiteaddress.com]

---

| WHAT THIS NOTICE CONTAINS |
|:-:|

**TABLE OF CONTENTS**                                                                    **PAGE**

**Basic Information**
1.    Why did I get this notice package? ....................................................................................
2.    What is this lawsuit about? ...............................................................................................
3.    Why is this a class action? ................................................................................................
4.    Why is there a settlement? ................................................................................................

**Who Is Part of the Settlement?**
5.    How do I know if I am part of the Settlement?...................................................................
6.    Are there exceptions to being included?.............................................................................
7.    What if I am still not sure if I am included? ......................................................................

**What Are the Settlement Benefits?**
8.    What does the Settlement provide?.....................................................................................
9.    How will the Settlement be allocated among class members? ...........................................
10.    How much will my payment be? .......................................................................................

**How Can You Receive a Payment?**
11.    How can I get a payment?..................................................................................................
12.    When would I get my payment?.........................................................................................
13.    What am I giving up to get a payment or stay in the Settlement Class?.............................

**Excluding Yourself from the Settlement**
14.    How do I exclude myself from the proposed Settlement?...................................................
15.    If I exclude myself from the Settlement, how can I then make a claim in FCHS's bankruptcy proceeding?
16.    If I do not exclude myself, can I sue Defendants or the other Released Parties later for the Settled Claims?
17.    If I exclude myself, can I get money from the proposed Settlement? ................................

**The Lawyers Representing You**
18.    Do I have a lawyer in this case?........................................................................................
19.    How will the lawyers be paid?...........................................................................................

**Objecting to the Settlement**
20.    How do I tell the Court that I do not like the proposed Settlement? ..................................
21.    What is the difference between objecting and excluding?..................................................

**Exhibit A-2**
**Full Notice**


**The Court's Settlement Hearing**

22.   When and where will the Court decide whether to approve the proposed Settlement? ......................
23.   Do I have to come to the hearing? ...................................................................................................
24.   May I speak at the hearing? ............................................................................................................

**If You Do Nothing**

25.   What happens if I do nothing at all? ...............................................................................................

**Getting More Information**

26.   Are there more details about the proposed Settlement?.....................................................................

## BASIC INFORMATION

> 1. Why did I get this notice package?

You or someone in your family may have purchased or otherwise acquired FCHS common stock during the Class Period and did not sell all such securities prior to November 14, 2018.  The Court directed that this Notice be sent to potential Settlement Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and any appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the United States District Court for the Middle District of Florida, and the case is *MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*, Case No. 6:19-cv-00619-PGB-LRH (the "Action").

> 2. What is this lawsuit about?

The Complaint filed on March 29, 2019, alleges that Defendants FCHS and Christian Romandetti, Sr., who was FCHS's Chairman of the Board of Directors ("Board"), President and Chief Executive Officer ("CEO") (collectively, "Defendants") violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and it asserts a claim for liability against Romandetti pursuant to Section 20(a) of the Securities Exchange Act as a control person of FCHS.  Lead Plaintiff MAZ Partners LP ("Lead Plaintiff") contends that Romandetti, on behalf of FCHS, engaged in and oversaw an undisclosed stock manipulation scheme that artificially inflated the price of FCHS common stock.  The Complaint further alleges that Defendants made numerous public statements that were materially misleading by failing to disclose the stock manipulation scheme.  The Complaint alleges that on November 5, 2018, when investors learned of the scheme, FCHS's share price fell $0.66 per share or nearly 65%, and shareholders were damaged.  The Action seeks money damages against Defendants.  Defendants deny all of Lead Plaintiff's allegations, deny that they made any false or misleading statements or otherwise did anything wrong, and deny that anything they did caused damages to Lead Plaintiff or the Settlement Class.

> 3. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, MAZ Partners LP), sue on behalf of people who have similar claims.  All persons with similar claims are called a "class" or "class members."  Bringing a case, such as this one, as a class action allows the collective adjudication of many similar claims that might be economically too small to bring in individual actions.  One Court resolves the issues for all class members, except for those who exclude themselves from the class.  United States District Judge Paul G. Byron of the Middle District of Florida is overseeing the Action.

**Exhibit A-2**
**Full Notice**

| 4. Why is there a settlement? |
| --- |

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, the lawyers for both sides have negotiated a Settlement with the aid of a professional mediator that they believe is in the best interests of their respective clients.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation, trial, and appeals, and permits Settlement Class Members to be compensated, and sooner than if the case had proceeded through trial and appeals.

In a Report and Recommendation dated October 16, 2019, Magistrate Judge Leslie R. Hoffman recommended that the Court deny Defendants' motions to dismiss, but also recommended that the Court find certain of the statements alleged by Lead Plaintiff to be materially misleading not actionable under the Securities Exchange Act.  In an Order dated February 4, 2020, the Court adopted and confirmed Magistrate Judge Hoffman's Report and Recommendation.

In order to succeed at trial, Lead Plaintiff would have to prove, among other things, the existence of the stock manipulation scheme and Romandetti's involvement therein, and also all essential elements of a violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5, including that (a) Defendants' omissions of the stock manipulation scheme were material; (b) Romandetti acted with actual knowledge and intent, or that he failed to disclose the stock manipulation scheme with an intent to defraud or severe recklessness; (c) Romandetti acted on behalf of FCHS; and (d) the disclosure of the stock manipulation scheme caused damages to FCHS investors.  Lead Plaintiff anticipates that at the summary judgment stage and at trial, Defendants would seek to prove that, among other things, the stock manipulation scheme was not material, and that Romandetti acted on his own behalf, not on behalf of FCHS.

In addition, to succeed on Lead Plaintiff's motion for class certification, Lead Plaintiff would have to prove, among other things, that the Section 10(b) and Rule 10b-5 element of "reliance" on the misleading statements could be established for all members of the Settlement Class based on common facts and evidence.  This would require proving that FCHS common stock traded in an efficient market such that a presumption of reliance applies, or that the exception to the presumption of reliance set forth by the U.S. Supreme Court in *Affiliated Ute Citizens of Utah v. U.S.*, namely that in the case of a fraudulent omission "positive proof of reliance is not a prerequisite to recovery," and the "obligation to disclose and th[e] withholding of a material fact establish[ed] the requisite element of causation," applies.  In Defendants' motions to dismiss, Defendants argued strenuously that the Complaint did not adequately plead, and Lead Plaintiff could not prove, reliance individually or on a class-wide basis.  While the Court determined that Lead Plaintiff's allegations of reliance were sufficient for pleading purposes, Lead Plaintiff anticipates that Defendants would raise reliance arguments in opposition to Lead Plaintiff's motion for class certification, at the summary judgment stage, and at trial.

Lead Plaintiff believes that it could establish reliance on a class-wide basis and that *Affiliated Ute* applies to the facts of this case; that Lead Plaintiff's motion for class certification would be successful; and that Lead Plaintiff would be successful at trial.  However, there is a risk that the Court would rule in favor of Defendants on the issue of reliance, that Defendants would be partially or fully successful at trial, or that Defendants would appeal the Court's decisions in favor of Lead Plaintiff to the Eleventh Circuit Court of Appeals, injecting further delay and risk in this litigation.  In addition, due to the recent COVID-19 pandemic and related economic issues facing health care companies, Lead Plaintiff concluded that there was a legitimate risk of the Defendants' inability to pay any judgment reached in the future that exceeded the Settlement.  This conclusion was reinforced when, on June 15, 2020, FCHS filed a Chapter 11 voluntary bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida. Accordingly, and as explained below, Lead Plaintiff and Lead Counsel think that the Settlement is best for all Settlement Class Members.

## WHO IS PART OF THE SETTLEMENT?

| 5. How do I know if I am part of the Settlement? |
| --- |

The Court directed that, for the purposes of the proposed Settlement, everyone who fits this description is a Settlement Class Member: all persons who purchased or otherwise acquired FCHS common stock during the Class Period of April 1, 2014 to November 14, 2018, inclusive, and who did not sell all such securities before November 14, 2018.

**Exhibit A-2**
**Full Notice**

| 6. Are there exceptions to being included? |
| --- |

Yes.  Excluded from the Settlement Class are Defendants; the officers, directors, and employees of FCHS during the Class Period (the "Excluded D&Os"); members of the Defendants' and Excluded D&Os' immediate families, legal representatives, heirs, agents, affiliates, successors or assigns; any entity in which Defendants, the Excluded D&Os, or their immediate families have or had a controlling interest; and Steward Health Care System LLC and its affiliates, successors, and assigns.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions provided in this Notice.

If one of the mutual funds in which you are invested purchased or otherwise acquired FCHS common stock during the Class Period, that does not make you a Settlement Class Member.  You are a Settlement Class Member only if you purchased or otherwise acquired FCHS common stock during the Class Period.  Contact your broker to see if you fall within the definition of a Settlement Class Member.

If you **sold** but did not purchase or otherwise acquire FCHS common stock during the Class Period, you are not a Settlement Class Member.  You are a Settlement Class Member only if you **purchased or otherwise acquired** FCHS common stock during the Class Period **and did not sell all such securities before November 14, 2018**.

| 7. What if I am still not sure if I am included? |
| --- |

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator by writing to the address provided on p. 3 above for more information or calling Lead Counsel at the telephone number provided on p. 3 above.

### WHAT ARE THE SETTLEMENT BENEFITS?

| 8. What does the Settlement provide? |
| --- |

Defendants have agreed to pay or cause to be paid $1,000,000 in cash (the "Settlement Amount").  On November 25, 2020, the United States Bankruptcy Court for the Middle District of Florida issued an order allowing the Settlement Amount to be paid from FCHS's directors and officers liability insurance.

The Settlement Amount, plus interest earned from the date it is established (the "Gross Settlement Fund"), less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid and timely Proof of Claim and Release Forms ("Authorized Claimants").  Costs, fees, and expenses include Court-approved Attorneys' Fees and Expenses; certain Notice and Administration Expenses, including the costs of printing and mailing the Postcard Notice and this Notice, the cost of publishing the Summary Notice, and the costs of claims administration; and Taxes and Tax Expenses on the Settlement Amount; and an award to Lead Plaintiff, pursuant to 15 U.S.C. § 78u–4(a)(4), of its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class in an amount not to exceed $5,000.

In return, the Parties have agreed to dismiss the Action and Lead Plaintiff and all Settlement Class Members who do not exclude themselves from the Settlement Class agree to release, relinquish and discharge all Settled Claims against the Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, representatives, successors, predecessors, assigns, assignees, partnerships, partners, principals, employees, trustees, trusts, immediate family members, insurers including but not limited to Defendants' Insurer, reinsurers, professional advisors, and attorneys, in their capacities as such, and such others as is usual and customary (collectively, the "Released Parties"), whether or not these Settlement Class Members execute and deliver Proof of Claim and Release Forms.

### PLAN OF ALLOCATION

**Exhibit A-2**
**Full Notice**

> 9. How will the Settlement be allocated among Settlement Class Members?

If the Settlement becomes Effective, the Net Settlement Fund will be distributed to the Settlement Class according to a Plan of Allocation to be approved by the Court. As discussed above, the Settlement provides $1,000,000 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the "Gross Settlement Fund." The Gross Settlement Fund, after deduction of Court-approved Attorneys' Fees and Expenses, Notice and Administration Expenses, Taxes and Tax Expenses, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, members of the Class who timely submit valid Proof of Claim and Release Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, [website address].

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed in conjunction with Lead Plaintiff's damages consultant. In developing the Plan of Allocation, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in the per share prices of FCHS common stock that was caused by Defendants' alleged misleading omissions. In calculating the estimated artificial inflation allegedly caused by those omissions, Plaintiff's damages consultant considered the price change in FHCS common stock in reaction to the public disclosures that allegedly corrected the alleged omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related FCHS-specific information.

In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of FCHS common stock. In this case, Lead Plaintiff alleges that Defendants omissions during the period from April 1, 2014, through and including November 14, 2018, had the effect of artificially inflating the prices of FCHS common stock.[2]

In order to have a "Recognized Loss" under the Plan of Allocation, shares of FCHS common stock must have been purchased or otherwise acquired during the Class Period and not sold before November 14, 2018.

Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of FCHS common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero. Such "Recognized Loss Amounts" will be aggregated across all of an Authorized Claimant's purchases or acquisitions of FCHS common stock during the Class Period to determine the total "Recognized Loss" for each Authorized Claimant.

For shares of FCHS common stock purchased or otherwise acquired between April 1, 2014, and November 14, 2018, and:

    (a)    Sold within the same period, the Recognized Loss Amount per share is zero.

---

[2] Any transactions in FHCS common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Exhibit A-2**
**Full Notice**

    (b)    Held at the end of trading on February 12, 2019, the Recognized Loss Amount is that number of shares multiplied by the lesser of:

        a.  $0.66; or

        b.  the difference between the purchase or acquisition price per share and $0.38.

    (c)    Sold between November 15, 2018, and February 12, 2019, the Recognized Loss Amount shall be the lesser of:

        a.  $0.66; or

        b.  the difference between the purchase or acquisition price per share and the sales price per share; or

        c.  the difference between the purchase or acquisition price per share and the average closing price between November 15, 2018, and the date of sale, as found in Table A.[3]

**Table A**

| Date of Sale | Average Closing Price Between 11/15/2018 and Date of Sale | Date of Sale | Average Closing Price Between 11/15/2018 and Date of Sale |
|---|---|---|---|
| 11/15/2018 | $0.35 | 01/02/2019 | $0.35 |
| 11/16/2018 | $0.35 | 01/03/2019 | $0.35 |
| 11/19/2018 | $0.36 | 01/04/2019 | $0.35 |
| 11/20/2018 | $0.36 | 01/07/2019 | $0.34 |
| 11/21/2018 | $0.36 | 01/08/2019 | $0.34 |
| 11/23/2018 | $0.35 | 01/09/2019 | $0.34 |
| 11/26/2018 | $0.36 | 01/10/2019 | $0.34 |
| 11/27/2018 | $0.38 | 01/11/2019 | $0.34 |
| 11/28/2018 | $0.38 | 01/14/2019 | $0.35 |
| 11/29/2018 | $0.39 | 01/15/2019 | $0.35 |
| 11/30/2018 | $0.40 | 01/16/2019 | $0.35 |
| 12/03/2018 | $0.40 | 01/17/2019 | $0.36 |
| 12/04/2018 | $0.39 | 01/18/2019 | $0.36 |
| 12/06/2018 | $0.39 | 01/22/2019 | $0.36 |
| 12/07/2018 | $0.39 | 01/23/2019 | $0.36 |
| 12/10/2018 | $0.39 | 01/24/2019 | $0.36 |
| 12/11/2018 | $0.39 | 01/25/2019 | $0.36 |
| 12/12/2018 | $0.39 | 01/28/2019 | $0.36 |
| 12/13/2018 | $0.39 | 01/29/2019 | $0.37 |
| 12/14/2018 | $0.39 | 01/30/2019 | $0.37 |

---

[3] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of FCHS common stock during the 90-day look-back period. The mean (average) closing price for FCHS common stock during this 90-day look-back period was $0.38 as shown in Table A.

**Exhibit A-2**
**Full Notice**

| | | | |
|---|---|---|---|
| 12/17/2018 | $0.39 | 01/31/2019 | $0.37 |
| 12/18/2018 | $0.39 | 02/01/2019 | $0.37 |
| 12/19/2018 | $0.38 | 02/04/2019 | $0.37 |
| 12/20/2018 | $0.37 | 02/05/2019 | $0.37 |
| 12/21/2018 | $0.37 | 02/06/2019 | $0.37 |
| 12/24/2018 | $0.36 | 02/07/2019 | $0.38 |
| 12/26/2018 | $0.36 | 02/08/2019 | $0.38 |
| 12/27/2018 | $0.35 | 02/11/2019 | $0.38 |
| 12/28/2018 | $0.35 | 02/12/2019 | $0.38 |
| 12/31/2018 | $0.35 | | |

**Exhibit A-2**
**Full Notice**

The Plan of Allocation also includes the following provisions:

1.  There shall be no Recognized Loss Amount attributed to any FCHS common stock purchased on a foreign (non-U.S.) exchange.

2.  Purchases or acquisitions and sales of FCHS common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of FCHS common stock during the Class Period shall not be deemed a purchase, acquisition or sale of FCHS common stock for the calculation of a Recognized Loss Amount, unless (i) the donor or decedent purchased or otherwise acquired such shares of FCHS common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of FCHS common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

3.  The following matching principle will be applied if you have both purchases/acquisitions and sales of FCHS common stock during the Class Period. If a Class Member made multiple purchases, acquisitions or sales of FHCS common stock during or after the Class Period, the FCHS common stock sold will be matched, in chronological order (including shares sold prior to any purchase or other acquisition of common stock) against the first FCHS common stock purchased or acquired during the Class Period (First-in, First-Out, or "FIFO").

4.  Settlement Class Members who do not submit a valid and timely Proof of Claim and Release Form will not share in the Settlement proceeds, but will nevertheless be bound by the Settlement, the Order and Final Judgment of the Court dismissing this Action, and the releases provided therein.

5.  If you did not incur a Recognized Loss as defined in the Plan of Allocation, you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Settled Claims against the Released Parties.

6.  If the sum total of Recognized Loss of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined below) is $10.00 or greater. Consequently, no cash payment will be made on a claim where the potential distribution amount is less than $10.00.

7.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Losses of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

| 10. How much will my payment be? |
|---|

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of Authorized Claimants. Payments will be calculated on a *pro rata* basis, meaning that the Net Settlement Fund will be divided among the Authorized Claimants and distributed accordingly (the "Distribution Amount") after the deadline for submission of Proof of Claim and Release Forms has passed.

To the extent that any amount of the Net Settlement Fund remains after the Claims Administrator has caused distributions to be made to all Authorized Claimants, whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distributions, after

-10-

**Exhibit A-2**
**Full Notice**

payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after deduction of any additional fees and expenses that would be incurred with respect to such redistribution, would be cost effective. If it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost effective, the small remaining balance in the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

| 11. How can I get a payment? |
| --- |

To qualify for a payment, you must be an eligible Settlement Class Member and send in a valid and timely Proof of Claim and Release Form. You may download a Proof of Claim and Release Form from the Claims Administrator's website, [website address]. Read the instructions carefully, fill out the Proof of Claim and Release Form, include all the documents the form asks for, sign it, and mail it so it is delivered or postmarked no later than _____, 202_ to the Claims Administrator (address provided on page 3). Any Settlement Class Member who fails to submit a Proof of Claim and Release Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund (unless by order of the Court the deadline is extended or such Settlement Class Member's Proof of Claim and Release Form is accepted), but otherwise shall be bound by all of the terms of the Stipulation and the Order and Final Judgment, including the releases therein, and will be permanently barred and enjoined from asserting any of the Settled Claims against any of the Released Parties. **You cannot submit your Claim Form by telephone, fax, or e-mail.**

| 12. When would I get my payment? |
| --- |

The Court will hold a hearing on _____, 202_, to decide whether to approve the Settlement. The Court may change the date and time of the Final Approval Hearing without notice or hold the Final Approval Hearing by telephonic or video conference. Any change to the Final Approval Hearing will be posted on the settlement website. Please check the settlement website before attending to be sure that the date and/or time has not changed. If the Settlement is approved, the Claims Administrator will complete the administration process and determine how much each Authorized Claimant is entitled to receive. Lead Counsel will then seek permission from the Court to distribute the Net Settlement Fund on a *pro rata* basis to Authorized Claimants. This is necessarily a long process.

| 13. What am I giving up to get a payment or stay in the Settlement Class? |
| --- |

Unless you exclude yourself, you will remain a Settlement Class Member. That means that you may receive your *pro rata* share of the Net Settlement Fund if you fill out and submit a valid Proof of Claim and Release form and that, upon the "Effective Date," you will release all "Settled Claims" against the "Released Parties."

## <u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants on your own about the Settled Claims, then you must take steps to exclude yourself, or, as it is sometimes referred to, you must "opt out" of the Settlement Class.

On June 15, 2020, FCHS filed a Chapter 11 voluntary bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida. The bankruptcy could adversely affect, possibly adversely, whether Settlement Class Members' individual claims can proceed against FCHS, and what damages, if any, Settlement Class Members' could receive from FCHS if their individual claims were allowed to proceed. Settlement Class Members should consult their own counsel as to the effect of the bankruptcy on their claims or their decision to exclude themselves from the Settlement.

| 14. How do I exclude myself from the proposed Settlement? |
| --- |

**Exhibit A-2**
**Full Notice**

To exclude yourself from the Settlement Class, you must send by mail a letter stating that you "request exclusion from the Settlement Class in *MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*, Case No. 6:19-cv-00619-PGB-LRH (M.D. Fla.)." Your request for exclusion must legibly state the case name and your desire to be excluded from the Settlement Class; the date(s), price(s) and number(s) of shares of all your purchases, acquisitions and sales of FCHS common stock during the Class Period; and append supporting documentation. You must also include your name, mailing address, daytime telephone number, email address, and sign your request for exclusion under penalty of perjury. You must mail your exclusion request so that it is postmarked or received **no later than _____, 202_** to the Claims Administrator, at *First Choice Healthcare Solutions, Inc. Sec. Litig.*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. **You cannot exclude yourself by telephone, by fax or by e-mail**.

If you ask to be excluded, you will not get any payment or other benefit in the Settlement, and you cannot object to the Settlement. You will not be legally bound by the Settlement or Order and Final Judgment or the releases therein, and you may be able to sue FCHS and the other Released Parties about the Settled Claims in the future.

| 15. If I exclude myself from the Settlement, how can I then make a claim in FCHS's bankruptcy proceeding? |
| --- |

As stated above, FCHS filed a Chapter 11 voluntary bankruptcy petition on June 15, 2020 (the "Petition Date"). The bankruptcy case is styled *First Choice Healthcare Solutions, Inc. et, al.*,[4] Case No.: 6:20-bk-3355-KSJ, pending in the United States Bankruptcy Court for the Middle District of Florida ("Bankruptcy Court"). The bankruptcy could adversely affect whether your individual claims can proceed against FCHS and what damages, if any, you could receive from FCHS. You should consult your own counsel as to the effect of the bankruptcy on your claims or your decision to exclude yourself from the Settlement.

On November 25, 2020, the Bankruptcy Court entered an order [Doc. No. 271] (the "Bar Date Order") establishing deadlines to file bankruptcy proofs of claim (which are different and separate from the Proof of Claim and Release Form discussed in this Notice) against FCHS. Pursuant to the Bar Date Order, any person or entity holding a claim against FCHS that arose or is deemed to have arisen prior to the Petition Date based on purchasing or otherwise acquiring First Choice Healthcare Solutions, Inc. common stock between April 1, 2014, and November 14, 2018, inclusive, and who did not sell all such securities before November 14, 2018 must file a bankruptcy proof of claim on or before _____, 202_ at 5:00 p.m. (prevailing Eastern Time) (the "Bar Date").

All bankruptcy proofs of claim must be filed so as to be actually received by the Clerk of the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Clerk") at George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 or through the Clerk's website at http://pacer.flmb.uscourts.gov/cmecf/proofofclaim.htm on or before 5:00 p.m. (prevailing Eastern Time) on the Bar Date.

Any person or entity (except a person or entity who is excused by the terms of the Bar Date Order) who fails to file a bankruptcy proof of claim on or before the Bar Date will be forever barred and estopped from voting upon, or receiving distributions under, any Chapter 11 plan in the bankruptcy case, and FCHS and its property will be discharged from any and all liability with respect to that claim.

If you purchased or otherwise acquired First Choice Healthcare Solutions, Inc. common stock between April 1, 2014, and November 14, 2018, inclusive, and did not sell all such securities before November 14, 2018 and

---

[4] The "Debtors" in these cases are: First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC. The address of all the Debtors is 709 S. Harbor City Blvd., Suite 530, Melbourne, FL 32901.

-12-

**Exhibit A-2**
**Full Notice**

exclude yourself from the Settlement, you must file a bankruptcy proof of claim in order to bring a claim or receive payment from FCHS.  If you exclude yourself from the Settlement, you will not be a Settlement Class Member and you will not be entitled to any payment from the Net Settlement Fund.

If a bankruptcy proof of claim is filed, FCHS will likely object, requiring the Bankruptcy Court to conduct a trial on the merits of each claim in Orlando, Florida where each claimant will have the burden to prove the validity of its claim (and cannot rely on the Settlement as proof).  In advance of the trial, FCHS may serve discovery on each claimant and may take each claimant's deposition to determine the validity of each claim.  At the conclusion of the trial, the Bankruptcy Court may determine your claim is zero.

Even if the Bankruptcy Court first determines that your bankruptcy proof of claim is an allowed claim, you will likely not receive the full amount of the claim because general unsecured claims will share *pro rata* in any funds the Bankruptcy Court determines FCHS has available after paying for necessary expenses for operation of the business.  This amount is undetermined, and the payments are further anticipated to be spread out over at least three years.

You should consult with an attorney as the bankruptcy case may convert to a Chapter 7 and/or FCHS's business may close, which will negatively impact any potential recovery.

If you do not exclude yourself from the Settlement, you will be a Settlement Class Member.  As described in this Notice, Settlement Class Members who timely and properly file Proof of Claim and Release Forms and are determined to be Authorized Claimants can receive payment from the Net Settlement Fund.  The Net Settlement Fund will be distributed on a *pro rata* basis to Authorized Claimants as described in this Notice and the Plan of Allocation.  If the Settlement Class is preliminarily certified by the Court, Lead Plaintiff and Lead Counsel will file a bankruptcy proof of claim on behalf of the Settlement Class.

Copies of the Bar Date Order and FCHS' chapter 11 plan and disclosure statement may be obtained free of charge by contacting bankruptcy counsel for FCHS: Akerman LLP, Attn: Esther McKean, 420 S. Orange Ave., Suite 1200, Orlando, FL 32801, esther.mckean@akerman.com, 407-423-4000. Copies of the Bar Date Order and FCHS' chapter 11 plan and disclosure statement are also available for inspection during regular business hours at the office of the Clerk at the address given above. In addition, copies of the Bar Date Order and FCHS' chapter 11 plan and disclosure statement may be viewed on the Internet at the Bankruptcy Court's website (http://www.flmb.uscourts.gov/) (by following the directions for accessing the ECF system on such website).

Questions concerning submitting bankruptcy proofs of claim and requests for bankruptcy proof of claim forms should be directed to the Clerk. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a bankruptcy proof of claim.

> **16. If I do not exclude myself, can I sue Defendants or the other Released Parties later for the Settled Claims?**

No.  Unless you exclude yourself, you give up any rights to sue Defendants and the other Released Parties, or to enforce any existing judgments against any of the Released Parties, for any and all Settled Claims.  If you have a pending lawsuit against Defendants or the other Released Parties, speak to your lawyer in that case immediately to determine if you have to exclude yourself from *this* Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, 202_.

> **17. If I exclude myself, can I get money from the proposed Settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim and Release Form to ask for any money.  But you

-13-

**Exhibit A-2**
**Full Notice**

may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Parties. If you send in both a Proof of Claim and Release Form and seek to exclude yourself from the Settlement, your exclusion will be deemed invalid and your Proof of Claim and Release Form will be administered pursuant to the terms of the Settlement described above.

## THE LAWYERS REPRESENTING YOU

| 18. Do I have a lawyer in this case? |
| --- |

The Court appointed the law firm of Wolf Popper LLP to represent all Settlement Class Members. These lawyers are called "Lead Counsel." You will **not** be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 19. How will the lawyers be paid? |
| --- |

Lead Counsel will ask the Court to award attorneys' fees from the Gross Settlement Fund in an amount not to exceed twenty-five percent (25%) of the Gross Settlement Fund and for reimbursement of their expenses of up to $30,000, plus interest on such fees and expenses at the same rate as earned by the Gross Settlement Fund.

The Attorneys' Fees and Expenses requested will be the only payment to Lead Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel have not been paid for their services in conducting this Action on behalf of Lead Plaintiff and the Settlement Class or for their substantial out-of-pocket expenses. The fees and expenses requested will compensate Lead Counsel for their work in obtaining the Settlement Amount for the Settlement Class. The Court may, however, award less than this amount. In that case, the difference will remain in the Net Settlement Fund. Lead Counsel will also seek a payment of up to $5,000 for Lead Plaintiff pursuant to 15 U.S.C. § 78u–4(a)(4) to compensate Lead Plaintiff for its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class.

## OBJECTING TO THE SETTLEMENT

| 20. How do I tell the Court that I do not like the proposed Settlement? |
| --- |

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, the application by Lead Counsel for an award of fees and reimbursement of expenses, or the application for an award to Lead Plaintiff, pursuant to 15 U.S.C. § 78u–4(a)(4), of its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class. You may write to the Court setting out your objections. You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements and submit any documentation you believe is appropriate. The Court will only consider your views if you file a proper objection within the deadline identified and according to the following procedures.

To object, you must send a signed letter or other court submission stating that you object to the proposed Settlement in *MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*, Case No. 6:19-cv-00619-PGB-LRH (M.D. Fla.). You must include your name, mailing address, daytime telephone number, email address, and signature. The objection must be signed under penalty of perjury personally by the objecting FCHS stockholder. In addition, your objection must be accompanied by documentation showing the date(s), price(s) and number(s) of shares of all purchases, acquisitions, and sales of FCHS common stock you made during the Class Period. Further, your objection should state the reasons why you object to the Settlement and be accompanied by any legal support or evidence that you wish the Court to consider. Your objection must be filed with the Court at the following address so that **it is postmarked or received, on or before _____, 202\_**:

Clerk of the Court

-14-

**Exhibit A-2**
**Full Notice**

United States District Court Middle District of Florida
George C. Young Federal Annex Courthouse
401 West Central Boulevard
Orlando, FL 32801

| 21. What is the difference between objecting and excluding? |
|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you cannot object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

| 22. When and where will the Court decide whether to approve the proposed Settlement? |
|---|

The Court will hold a Final Approval Hearing at _____ a.m./p.m. on _____, 202_, before the Honorable Paul G. Byron in Courtroom 4B of the United States District Court for the Middle District of Florida, 401 West Central Boulevard, Orlando, FL 32801. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. At the Final Approval Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, the application of Lead Counsel for attorneys' fees, and reimbursement of expenses, and the application for an award to Lead Plaintiff pursuant to 15 U.S.C. § 78u–4(a)(4) of its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class. The Court will take into consideration any written objections and will listen to Settlement Class Members who have asked to speak at the hearing. The Court may change the date and time of the Final Approval Hearing without notice or hold the Final Approval Hearing by telephonic or video conference. Any change to the Final Approval Hearing will be posted on the settlement website. Please check the settlement website before attending to be sure that the date and/or time has not changed.

| 23. Do I have to come to the hearing? |
|---|

No. Lead Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but attendance is not mandatory. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

| 24. May I speak at the hearing? |
|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must indicate in writing that it is your "Intention to Appear in *MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*, Case No. 6:19-cv-00619-PGB-LRH (M.D. Fla.)." Settlement Class Members who object to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, or an award to Lead Plaintiff pursuant to 15 U.S.C. § 78u–4(a)(4) and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they propose to call to testify and any exhibits they intend to offer into evidence at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class or if you fail to provide a written objection and notice of your intention to speak at the Final Approval Hearing by the deadline identified.

## IF YOU DO NOTHING

| 25. What happens if I do nothing at all? |
|---|

-15-

**Exhibit A-2**
**Full Notice**

If you do nothing, you will get no money from this Settlement and, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the claims being released in the Settlement.  All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms shall be forever barred from receiving any payments from the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation and any Order and Final Judgment entered, including the releases set forth above.

## GETTING MORE INFORMATION

| 26. Are there more details about the proposed Settlement? |
| --- |

This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  You may obtain a copy of the Stipulation, and other documents related to the Settlement, as well as other information about the Settlement by visiting the settlement website www._____.com.  You may also contact the Claims Administrator by email or mail at the address and website provided on page 3, above.  The pleadings and other court filings in the Action are available for inspection during regular business hours at the Office of the Clerk of the United States District Court for the Middle District of Florida, Orlando Division, 401 West Central Boulevard, Orlando, FL 32801.

### DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

### SPECIAL NOTICE TO NOMINEES

If you hold FCHS common stock pursuant to a transaction that took place within the United States within the Class Period, as nominee for a beneficial owner, then you must either: (1) send a copy of this Notice by first-class mail to all such persons or entities within ten (10) days of receipt of this Notice; or (2) provide a list of the names and addresses of such persons or entities to the Claims Administrator at the address provided at page 3, above, within ten (10) days of receipt of this Notice.

If you choose to mail this Notice and the Proof of Claim and Release form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs (not to exceed $0.75 per unit) actually incurred or expected to be incurred in connection with forwarding this Notice, and which would not have been incurred but for the obligation to forward this Notice, upon submission of appropriate documentation to the Claims Administrator.

Dated:                                        BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
                                              MIDDLE DISTRICT OF FLORIDA

-16-

**Exhibit A-3**
**Summary Notice**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| MAZ PARTNERS LP, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | **Case No. 6:19-cv-00619-PGB-LRH** |
| v. | |
| FIRST CHOICE HEALTHCARE SOLUTIONS, INC. and CHRISTIAN ROMANDETTI, SR., | |
| Defendants. | |

### SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

To:     **All persons who purchased or otherwise acquired First Choice Healthcare Solutions, Inc. ("FCHS") common stock between April 1, 2014, and November 14, 2018, inclusive, and who did not sell all such securities before November 14, 2018 (the "Settlement Class").**

A hearing will be held at _____ a.m./p.m. on _____, 202__, before the Honorable Paul G. Byron at the United States District Court for the Middle District of Florida, Orlando Division, 401 West Central Boulevard, Orlando, FL 32801, to determine whether (1) the proposed Settlement of the action titled *MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*, Case No. 6:19-cv-00619-PGB-LRH (the "Action"), for the sum of $1,000,000 should be approved by the Court as fair, reasonable, and adequate; (2) the Court should approve the Plan of Allocation of Settlement proceeds as fair, reasonable, and adequate; (3) Lead Counsel should be awarded up to $250,000 in attorneys' fees (25% of the $1,000,000 settlement amount) and reimbursed for up to $30,000 of litigation expenses, and Lead Plaintiff should be awarded, pursuant to 15 U.S.C. § 78u–4(a)(4), its costs and expenses (including lost wages) directly relating to its representation of the Settlement Class in an amount not to exceed $5,000; and (4) the Court should enter the Judgment dismissing the Action with prejudice.  The Court may change the hearing date, or order that it be

1

**Exhibit A-3**
**Summary Notice**

held by telephonic or video conference, without further notice to the Class. However, any changes will be posted on a settlement website: www._____.

If you purchased or otherwise acquired FCHS common stock between April 1, 2014, and November 14, 2018, inclusive, and did not sell all such securities before November 14, 2018, your rights may be affected by this Settlement. You may obtain, free of charge, a detailed Notice of Proposed Class Action Settlement (the "Notice") and a copy of the Proof of Claim and Release Form at the Claims Administrator's website, [website address], or by contacting the Claims Administrator by toll free phone at xxx-xxx-xxxx or by mail at *First Choice Healthcare Solutions, Inc.. Sec. Litig.*, c/o A.B. DATA, LTD. –, [address].

If you are a Settlement Class Member and wish to share in the Settlement proceeds, you must complete and submit a Proof of Claim and Release Form to the Claims Administrator so that it is received or postmarked no later than _____, 202__, establishing that you are entitled to recovery. If you fail to submit a valid Proof of Claim and Release Form by this deadline in accordance with the instructions in the form, you will not recover from the Net Settlement Fund, but you will nevertheless be bound by the Settlement and releases provided for therein and by the Court's Judgment dismissing the Action with prejudice.

If you are a Settlement Class Member and wish to object to any aspect of the Settlement, the Plan of Allocation, the Lead Plaintiff service award, or Lead Counsel's Attorneys' Fees and Expenses Application, you must submit your written objection in the manner set forth in the Notice so that it is received or postmarked no later than _____, 202__. Only Settlement Class Members who have submitted valid and timely written objections and provided notice of their intent to appear in accordance with the instructions in the Notice will be entitled to be heard at the hearing on _____, 202__.

Notwithstanding any objection you may submit, you will be bound by the Settlement and releases provided for therein and by the Court's Judgment dismissing the Action unless you request to be excluded from the Settlement Class. To request exclusion, you must submit a written request in the manner set forth in the Notice so that it is received or postmarked no later than _____,

2

**Exhibit A-3**
**Summary Notice**

202_. If you submit a timely and valid request to be excluded from the Settlement Class, you will not be required to waive or release any claims against Defendants, you will not receive any payment or other benefit in the Settlement, and you will not be bound by the Settlement or any other order or Judgment that may be entered by the Court.

On June 15, 2020, FCHS filed a Chapter 11 voluntary bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida. The bankruptcy could adversely affect whether your individual claims can proceed against FCHS and what damages, if any, you could receive from FCHS. You should consult your own counsel as to the effect of the bankruptcy on your claims or your decision to exclude yourself from the Settlement. The detailed Notice, available at [website address], explains more information about the bankruptcy.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Class at Wolf Popper LLP, 845 Third Avenue, New York, New York 10022, Tel.: (212) 759-4600.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

DATED:                                          BY ORDER OF THE COURT

3

**Exhibit A-4**
**Proof of Claim**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| MAZ PARTNERS LP, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>FIRST CHOICE HEALTHCARE SOLUTIONS, INC. and CHRISTIAN ROMANDETTI, SR.,<br><br>       Defendants. | **Case No. 6:19-cv-00619-PGB-LRH** |

### PROOF OF CLAIM AND RELEASE[1]

***THIS FORM MUST BE DELIVERED OR POSTMARKED BY _____, 202[\_\_]***

**If you purchased or otherwise acquired First Choice Healthcare Solutions, Inc. ("FCHS") common stock between April 1, 2014, and November 14, 2018, inclusive, and did not sell all such securities before November 14, 2018, you may be a member of the Settlement Class and may be entitled to recover a portion of a Settlement Fund established in connection with a proposed Settlement of the action captioned *MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*, Case No. 6:19-cv-00619-PGB-LRH (M.D. Fla.) (the "Action").**

### I.    GENERAL INSTRUCTIONS

*It is important that you completely read and understand the Notice of Proposed Class Action Settlement, available at* [website address]*, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim and Release Form ("Proof of Claim"). By signing and submitting this Proof of Claim form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.*

---

1 This Proof of Claim Form incorporates by reference the definitions in the Stipulation of Settlement (the "Stipulation"). Unless otherwise specified, all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. The Stipulation can be obtained at [website address].

1

**Exhibit A-4**
**Proof of Claim**

A.      To recover as a member of the Settlement Class, you must complete, sign, and submit this Proof of Claim form in accordance with the instructions provided herein.  If you fail to submit a valid and timely Proof of Claim in accordance with these instructions, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

B.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of Settlement of the Action.

C.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM **POSTMARKED ON OR BEFORE _____, 202_**, ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS: First Choice Health Solutions, Inc. Sec. Litig., c/o AB DATA, LTD., [address]; Tel: 800-xxx-xxxx; email: info@websiteaddress.com.

**You will bear all risks of delay or non-delivery of your Proof of Claim**.

D.      If you are a member of the Settlement Class (as that term is defined in the Notice of Proposed Class Action Settlement (hereinafter, "Notice") and you do not timely request exclusion in accordance with the instructions provided in the Notice, you will be bound by the terms of any order of dismissal or judgment entered in the Action, including the releases provided herein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

E.      If you are a settlement class member, DO NOT submit both a proof of claim and a request for exclusion.  Doing so will delay administration of the settlement.  If you send in both a Proof of Claim and Release form and seek to exclude yourself from the Settlement, your exclusion will be deemed invalid and your Proof of Claim will be administered pursuant to the terms of the Settlement described above.

II.      **CLAIMANT IDENTIFICATION INSTRUCTIONS**

A.      If you purchased or otherwise acquired FCHS common stock and held the certificate(s) in your own name, you are the beneficial owner as well as the record owner.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

2

**Exhibit A-4**
**Proof of Claim**

B.      Use Section IV of this form entitled "Claimant Identification" to identify each owner of record ("nominee"), if different from the beneficial owner of FCHS common stock which forms the basis of this claim.

C.      THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OF THE FCHS COMMON STOCK UPON WHICH THIS CLAIM IS BASED, OR BY THEIR LEGAL REPRESENTATIVES.

D.      A separate Proof of Claim must be filed for each type of account or ownership (*i.e.*, individual account, IRA account, joint account, custodial account, etc.).  Joint tenants or UGMA custodians should file a single claim.

E.      All joint owners must sign this Proof of Claim form.  Executors, administrators, guardians, conservators and trustees must complete and sign this Proof of Claim on behalf of persons represented by them.  Documentation establishing their authority must accompany this Proof of Claim and their titles or capacities must be stated.

F.      The Social Security or Taxpayer Identification number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

III.    **TRANSACTION SCHEDULE INSTRUCTIONS**

A.       Use Section V of this form entitled "Schedule of Transactions in FCHS Common Stock" to supply all required details of your transaction(s) in FCHS common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name and Social Security or Taxpayer Identification number on each additional sheet.

B       List each transaction during the Class Period separately and in chronological order, by trade date (not the "settlement" date), beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

C.      The price per share, paid or received, should be exclusive of all commissions, taxes, fees and other charges.

3

**Exhibit A-4**
**Proof of Claim**

D.      **Copies of broker confirmation slips or monthly statements of your transactions in FCHS common stock must be attached to your Proof of Claim**.  If such documents are not in your possession, please obtain equivalent contemporaneous documents from your broker or financial advisor.   A complete list of acceptable supporting documentation can be found at the Claims Administrator's website: [website address].   Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

E.      NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the website at [website address] or you may email the Claims Administrator's electronic filing department at info@websiteaddress.com. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity (*see* Section II.D. above) and the complete name of the beneficial owner(s) of the securities must be entered where called for (*see* Section II.E. above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@websiteaddress.com to inquire about your file and confirm it was received.

4

**Exhibit A-4**
**Proof of Claim**

**IV.    CLAIMANT IDENTIFICATION**

*Please Type or Print*

_____

Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____

Joint Beneficial Owner's name *(as it appears on your brokerage statement)*

_____

Street Address

_____          _____

City                                              State                    Zip Code

_____          _____

Foreign Province                              Country

_____

Social Security Number or
Taxpayer Identification Number

Specify one of the following:

□ Individual/Sole Proprietor   □ Joint Ownership   □ Corporation                □ UGMA

Custodian  □ IRA   □ Partnership   □ Pension Plan   □ Estate        □ Trust   □ IRA   □

Other:_____

_____

Area Code & Telephone Number (day)

_____

Area Code & Telephone Number (evening)

_____

Record Owner's Name and Address (if different from beneficial owner listed above)

**V.    SCHEDULE OF TRANSACTIONS IN FCHS COMMON STOCK**

A.    Number of shares of FCHS common stock held at the close of trading on March 31, 2014: _____.

5

**Exhibit A-4**
**Proof of Claim**

B.      Separately list each and **every purchase or acquisition** of FCHS common stock during the period April 1, 2014, **through and including** November 14, 2018, and provide all of the following information (*must be documented*):

| Trade Date (list chronologically) Month/Day/Year | Number of Shares of Common stock Purchased or Acquired | Price Per Share (excluding commissions, taxes, and other fees) | Total Purchase or Acquisition Price (excluding commissions, taxes, and other fees) |
|---|---|---|---|
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |

C.      Separately list each and **every sale** of FCHS common stock during the period April 1, 2014, **through and including** November 14, 2018, and provide the following information (*must be documented*):

| Trade Date (list chronologically) Month/Day/Year | Number of Shares of Common Stock Sold | Price Per Share (excluding commissions, taxes, and other fees) | Total Sale Price (excluding commissions, taxes, and other fees) |
|---|---|---|---|
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |

6

**Exhibit A-4**
**Proof of Claim**

| Trade Date | | Price Per Share | Total |
|---|---|---|---|
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |

D.     State the total number of shares of FCHS common stock owned at the close of trading on November 14, 2018 (*must be documented*; *if none, enter "0"*): _____

E.     Separately list each and **every purchase or acquisition** of FCHS common stock during the period November 15, 2018, **through and including** February 12, 2019, and provide all of the following information (*must be documented*):

| Trade Date<br><br>*(list chronologically)*<br><br>Month/Day/Year | Number of Shares of Common stock Purchased or Acquired | Price Per Share<br><br>*(excluding commissions, taxes, and other fees)* | Total Purchase or Acquisition Price<br><br>*(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |

F.     Separately list each and **every sale** of FCHS common stock during the period November 15, 2018, **through and including** February 12, 2019, and provide the following information (*must be documented*):

| Trade Date | Number of Shares | Price Per Share | Total Sale Price |
|---|---|---|---|

7

**Exhibit A-4**
**Proof of Claim**

| *(list chronologically)* <br> **Month/Day/Year** | of Common Stock Sold | *(excluding commissions, taxes, and other fees)* | *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |

G.     State the total number of shares of FCHS common stock owned at the close of trading on February 12, 2019 (*must be documented*; *if none, enter "0"*): _____

H.     Please check applicable box:

[_]     I certify that the submitting party is **not** an ERISA plan.

[_]     I/We certify that the submitting party is an ERISA plan and has complied with the applicable ERISA exemption.

*If you need more space, attach the required information on separate, numbered sheets in the same format as above, and sign and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.*

**YOU MUST READ AND SIGN THE RELEASE.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**VI.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I/We submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I/We also submit to the jurisdiction of the United States District Court for the Middle District of Florida with respect to my/our claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I/We further acknowledge that I/we am/are bound

8

**Exhibit A-4**
**Proof of Claim**

by and subject to the terms of any judgment that may be entered in the Action.  I/we agree to furnish additional information to Lead Counsel or the Claims Administrator to support this claim if requested to do so.  I/we have not submitted any other claim covering the same purchases, acquisitions, or sales of FCHS common stock during the Class Period and know of no other person having done so on my/our behalf.  I/we have not requested exclusion from the Settlement.

## VII.    RELEASE

A.       On behalf of the claimant listed above and any other individual or business or legal entity claiming (now or in the future) through or on behalf of the claimant, directly or indirectly (collectively, the "Releasing Parties"), as of the date the Settlement becomes effective, I/we hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever release, relinquish, discharge, and dismiss from each and all of the Settled Claims, each and all of the Released Parties, and covenant not to sue any Released Person with respect to any Released Claim.

B.       On behalf of the Releasing Parties, as of the date the Settlement becomes effective, I/we hereby agree that the Releasing Parties are permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Settled Claims against any Released Person.

C.       The foregoing releases shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date.

D.  I/We hereby warrant and represent that I/we have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, in whole or in part, any matter released herein**.**

E.    I/We hereby warrant and represent that I/we have included information about all of my/our transactions in FCHS common stock during the Class Period.

## VIII.   DECLARATION

UNDER THE PENALTY OF PERJURY, I/WE CERTIFY THAT:

A.       The number shown on this form is my correct Social Security or Taxpayer Identification number.

9

**Exhibit A-4**
**Proof of Claim**

      B.      I am/we are NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code.

**NOTE:**      If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out the word "NOT" in the sentence above.

      C.      I/We declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned and any supporting documents attached hereto are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim and Release was executed this _____ day of _____, 202__ in

_____.
    (City/State/Country)

                            _____
                            Signature of Claimant

                            _____
                            (Print your name here)

                            _____
                            Signature of Joint Claimant, if any

                            _____
                            (Print your name here)

                            _____
                            Signature of person signing on Claimant's behalf

                            _____
                            (Print your name here)

                            _____
                            Capacity of person signing on Claimant's behalf, if other than an individual, (e.g., Executor, President, Custodian, etc.)

**Exhibit A-4**
**Proof of Claim**

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

**Reminder Checklist:**

1. Remember to sign the above release and declaration.

2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website.

3. Do not send originals of common stock certificates.

4. Keep copies of the completed Proof of Claim form and documentation for your own records.

5. If you desire an acknowledgment of receipt of your Proof of Claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent.  **You will bear all risks of delay or non-delivery of your claim.**

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7. Do not use highlighter on the Proof of Claim or supporting documentation.

8. If you have any questions or concerns regarding your claim or how to complete and submit this Proof of Claim, please contact the Claims Administrator at: info@websiteaddress.com.

11

**Exhibit B**
**Order and Final Judgment**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| MAZ PARTNERS LP, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | **Case No. 6:19-cv-00619-PGB-LRH** |
| v. | |
| FIRST CHOICE HEALTHCARE SOLUTIONS, INC. and CHRISTIAN ROMANDETTI, SR., | |
| Defendants. | |

### [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for a hearing pursuant to the Order of this Court entered on [Month] __, 2020 ("Preliminary Approval Order"), on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), executed as of October 8, 2020, and filed with the Court on that date. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court has received declarations attesting to the mailing of the Postcard Notice, publication of the Summary Notice, and mailing and distribution of the Full Notice and Proof of Claim and Release Form and compliance with 28 U.S.C. § 1715 in accordance with the Preliminary Approval Order. Due and adequate notice having thus been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing therefore, it is hereby **ORDERED**:

1

**Exhibit B**
**Order and Final Judgment**

1.      This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all Parties to the Action and all Settlement Class Members.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, a Settlement Class consisting of all persons or entities who purchased or otherwise acquired First Choice Healthcare Solutions, Inc. ("FCHS" or "First Choice") common stock during the period between April 1, 2014, and November 14, 2018, both dates inclusive, and who did not sell all such securities prior to November 14, 2018, including Lead Plaintiff, and excluding: (i) Defendants; the officers, directors, and employees of First Choice during the Class Period (the "Excluded D&Os"); members of Defendants' and Excluded D&Os immediate families, legal representatives, heirs, agents, affiliates, successors or assigns; and any entity in which Defendants, the Excluded D&Os, or their immediate families have or had a controlling interest; and (ii) Steward Health Care System LLC and its affiliates, successors, and assigns. Also excluded from the Settlement Class are those persons or entities who or which timely and validly requested exclusion from the Settlement Class, listed on Exhibit 1 hereto.

3.      Solely for the purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met:  (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the members of the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the other members of the Settlement Class; (d) Lead Plaintiff and Lead Counsel will fairly and

2

**Exhibit B**
**Order and Final Judgment**

adequately protect the interests of the members of the Settlement Class in connection with the Settlement; (f) common questions of law and fact predominate over questions affecting only individual members of the Settlement Class; (g) resolution of the claims in this Action by way of the Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

4.      In its order granting preliminary approval to the Settlement (Dkt. No. ___), the Court preliminarily certified the Settlement Class pursuant to Rules 23(a) and 23(b)(3).  The Court hereby reaffirms and finally concludes that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff MAZ Partners LP is an adequate class representative and designates MAZ Partners LP as "Class Representative" for the Settlement Class.  The Court also appoints Lead Counsel, Wolf Popper LLP, as "Class Counsel" for the Settlement Class, and Ron Cohen of the law firm of Rice Pugatch Robinson Storfer & Cohen PLLC as "Local Counsel" for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.      This Court finds that the distribution of the Postcard Notice and Full Notice, and the publication of the Summary Notice, and the form and methodology of notice, all implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order: (i) constituted the best notice practicable under the circumstances; (ii) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses and an award to Lead Plaintiff, pursuant to 15 U.S.C. § 78u–4(a)(4), of

3

**Exhibit B**
**Order and Final Judgment**

its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees, reimbursement of litigation expenses and an award to Lead Plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(4) of costs and expenses (including lost wages), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the settling parties and hereby fully and finally approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.  Accordingly, the Parties and their counsel are hereby authorized and directed to implement and consummate the Settlement in accordance with the terms and conditions set forth in the Stipulation and in this Order and Final Judgment.

7.      The Action and all Settled Claims are **DISMISSED WITH PREJUDICE** in their entirety.  The Parties shall bear their own costs, except as and to the extent provided in the Stipulation, this Order and Final Judgment ("Judgment"), or any other Order by this Court awarding attorneys' fees and expenses.

4

**Exhibit B**
**Order and Final Judgment**

8.      In accordance with the Stipulation, the term "Defendants" means First Choice and Romandetti.

9.      In accordance with the Stipulation, for purposes of this Judgment the term "Released Parties" means and includes each of the Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, representatives, successors, predecessors, assigns, assignees, partnerships, partners, principals, employees, trustees, trusts, immediate family members, insurers including but not limited to Defendants' Insurer, reinsurers, professional advisors, and attorneys, in their capacities as such, and such others as is usual and customary.

10.     In accordance with the Stipulation, for purposes of this Judgment the term "Settled Claims" means any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in any forum by the Settlement Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Released Parties, which arise out of, or relate in any way, directly or indirectly, to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Action, including without limitation, claims for violation of securities laws, negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, and breach of fiduciary duty, arising out of, based upon or related in any way to the allegations

5

**Exhibit B**
**Order and Final Judgment**

in the Action, including but not limited to: (i) any alleged market manipulation; (ii) First Choice's published statements, including public filings; and (iii) the purchase or acquisition of First Choice common stock.  Specifically excluded from Settled Claims are all claims asserted in the litigation styled *Zurilo v. Romandetti,* Case No: 6:20-cv-387-Orl-40LRH (M.D. Fla.), to the extent such claims were asserted derivatively on behalf of First Choice.

11.    Upon the Effective Date, Class Representative and all other Settlement Class Members and all other Persons claiming through or on behalf of any of them, shall be: (a) deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed all Settled Claims against the Released Parties; (b) subject to and bound by the provisions of the Stipulation and this Judgment, the releases contained herein, and by all other proceedings, rulings, orders, determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class; and (c) permanently barred and enjoined from, to the fullest extent allowed under Section 21D(f)(7) of the Exchange Act, 15 U.S.C. § 78u-4(f)(7), and the common law of the U.S. Court of Appeals for the Eleventh Circuit, commencing, instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting all claims, including, but not limited to, claims for contribution, indemnification or equitable indemnification against any Party or third person, including, but not limited to, any trustee appointed in a Chapter 7 or 11 bankruptcy proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor related, directly or indirectly, to the facts of this Action.

12.    Upon the Effective Date, Defendants, anyone acting or purporting to act for any

6

**Exhibit B**
**Order and Final Judgment**

Defendant, and the Released Parties shall be: (a) deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff/Class Representative, Settlement Class Members, Lead Counsel, and Local Counsel from all claims, demands, rights, duties, remedies, liabilities and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in the Action by Defendants or the successors and assigns of any of them against Plaintiff, any Settlement Class Member or any of their attorneys, which arise out of or relate in any way to the institution, prosecution or Settlement of this Action or the Settled Claims, including but not limited to all claims for malicious prosecution or sanctions; provided, however, that Defendants' Claims do not include any claims to enforce any of the terms of this Stipulation or of the Order and Final Judgment, and any claims that could be asserted in response to such a claim to enforce; and (b) permanently barred and enjoined from commencing, instituting, maintaining or continuing to prosecute any Defendants' Claims against Class Representative, Settlement Class Members, Lead Counsel, and/or Local Counsel.

13.    All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement.  Such excluded Persons may not pursue any Settled Claims on behalf of those who are bound by this Judgment.

14.    This Judgment, the Stipulation, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, and all

7

**Exhibit B**
**Order and Final Judgment**

matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation: (a) shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind; (b) shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in any Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants; (c) shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants; (d) shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to the Stipulation to effectuate the release of Settled Claims and other liability protections granted to them in the Stipulation; (e) shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; (f) shall not be construed as or received in evidence as an admission, concession or presumption against Class Representative or any of the other Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; (g)

8

**Exhibit B**
**Order and Final Judgment**

shall not be used in any manner otherwise prohibited by the Stipulation; and (h) shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action or in any other proceeding. Notwithstanding any provision herein to the contrary, any Party or Released Person may file or introduce the Stipulation or this Judgment in any action or proceeding that may be brought to enforce the terms of the Stipulation and/or this Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action.  Further, any Released Person may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (d) application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to Settlement Class Members; and (e) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

16. Any orders regarding the Plan of Allocation of the Net Settlement Fund, attorneys' fees and expenses, or any award pursuant to 15 U.S.C. § 78u-4(a)(4)  to Class Representative of its costs and expenses (including lost wages) directly relating to the

9

**Exhibit B**
**Order and Final Judgment**

representation of the Settlement Class, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Judgment.

17.     No Settlement Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the Released Parties with respect to:   (a) any act, omission or determination of Lead Plaintiff's counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the escrow account; (f) any application for, or award of, attorney fees and expenses to Lead Plaintiff's counsel, or the allocation or distribution thereof as between them; (g) any losses suffered by, or fluctuations in the value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Taxes or Tax Expenses incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

18.     This Court finds that Class Representative, Lead Counsel, and Local Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

19.     This Court finds that during the course of the Litigation, the Class Representative and its counsel and the Defendants and their respective counsel at all times

10

**Exhibit B**
**Order and Final Judgment**

complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

20.    Nothing in this Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

21.    The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of the Stipulation, are not materially inconsistent with this Final Judgment and do not materially limit the rights of Settlement Class Members or the Released Parties under the Stipulation.

22.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Gross Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment (including its certification of the Settlement Class) shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23.    The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment.  The Clerk is hereby directed to immediately enter this Judgment.

**DONE and ORDERED** at Orlando, Florida, this __th day of [month], 202__.

11