# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MAZ PARTNERS LP, Individually and On Behalf of All Others Similarly Situated, <br><br>                     Plaintiff, <br><br> v. <br><br> FIRST CHOICE HEALTHCARE SOLUTIONS, INC. and CHRISTIAN ROMANDETTI, SR., <br><br>                     Defendants. | **Case No. 6:19-cv-00619-PGB-LRH** |

**DECLARATION OF WALTER SCHENKER IN SUPPORT OF**
**MAZ PARTNERS LP'S UNOPPOSED MOTION FOR**
**(1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;**
**(2) PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS; AND**
**(3) APPROVAL OF NOTICE TO THE SETTLEMENT CLASS**

I, Walter Schenker, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a principal of the general partner of Court-appointed Lead Plaintiff MAZ Partners LP ("MAZ" or "Lead Plaintiff"), a hedge fund.  I am also the portfolio manager for MAZ.  I have the authority to execute this Declaration on behalf of MAZ.

2.      I make this declaration upon personal knowledge, and in support of Lead Plaintiff's Motion for (1) Preliminary Approval of Class Action Settlement; (2) Preliminary Certification of the Settlement Class; and (3) Approval of Notice to the Settlement Class in the above-captioned Action.

3.      MAZ purchased 250,859 shares of First Choice Healthcare Solutions, Inc. ("FCHS") common stock, and in making those purchases, I relied on the accuracy and completeness of FCHS's public statements.

1

4.      MAZ subsequently learned that the U.S. Department of Justice ("DOJ") had indicted and the U.S. Securities and Exchange Commission ("SEC") had filed suit against Defendant Christian Romandetti, Sr., who was FCHS's Chairman of the Board of Directors, President, and Chief Executive Officer.  The DOJ and SEC alleged that Romandetti had engaged in and oversaw an undisclosed stock manipulation scheme that artificially inflated the price of FCHS common stock.  Defendants Romandetti and FCHS made numerous misleading public statements that failed to disclose the alleged stock manipulation scheme.

5.      Beginning with the investigation of the facts underlying this Action and throughout the litigation, I, on behalf of MAZ, have been actively involved in the litigation.

6.      I, on behalf of MAZ, consulted with Wolf Popper LLP ("Wolf Popper") concerning MAZ's investments in FCHS, the DOJ criminal complaint and SEC civil complaint (collectively, the "Government Litigations,"), the facts alleged and disclosed in the Government Litigations, and MAZ's legal options.

7.      MAZ and Wolf Popper had a pre-existing relationship, and Wolf Popper was MAZ's counsel (and counsel to the class) in *In re: PHC, Inc. Shareholder Litigation*, No. 11-11049-PBC (D. Mass), a securities class action in which MAZ served as class representative.

8.       Following my discussions with Wolf Popper, I reviewed a draft complaint against FCHS and Romandetti.  I, on behalf of MAZ, authorized Wolf Popper to file a class action complaint against FCHS and Romandetti, and to file a motion for appointment as lead plaintiff in this Action and any related actions on behalf of MAZ.

9.      Defendants thereafter filed motions to dismiss.  I was provided with copies of the motions to dismiss and with drafts of the oppositions to the motions.  I, on behalf of MAZ,

2

reviewed the motions to dismiss, discussed them and draft oppositions with Wolf Popper, and authorized Wolf Popper to file the opposition to the motions to dismiss.

10. When Magistrate Judge Hoffman subsequently rejected the vast majority of Defendants' arguments and recommended that the motions to dismiss be denied, I was provided with a copy of her report and recommendation, which I discussed with Wolf Popper.

11. Defendants both filed objections to the Magistrate Judge's report and recommendation. I was provided with copies of their objections and with drafts of the opposition to the objections, which I discussed with Wolf Popper. I, on behalf of MAZ, also authorized Wolf Popper to file the opposition to the objections.

12. This Court subsequently issued an order adopting and confirming the Magistrate Judge's report and recommendation, and denying the motions to dismiss. I was provided with a copy of the order, which I discussed with Wolf Popper.

13. Wolf Popper prepared requests for the production of documents directed to the Defendants, which I reviewed and discussed with Wolf Popper before I, on behalf of MAZ, authorized their service.

14. Based on my understanding of the risks of proceeding with litigation, including the risk that MAZ and the proposed Class would not prevail through trial and appeals, as well as risks associated with FCHS's financial difficulties and uncertain prospects, I, on behalf of MAZ, authorized MAZ's counsel to participate in a mediation before an impartial third party, with a view toward reaching a settlement that was fair and reasonable to the Class. Prior to the mediation, I discussed and reviewed draft pre-mediation statements with Wolf Popper before I, on behalf of MAZ, authorized Wolf Popper to submit the pre-mediation statement to

the mediator.  I was provided with, and reviewed, Defendants' pre-mediation statements, which I also discussed with Wolf Popper.

15.    I attended the entirety of the mediation, which took place virtually, and I, on behalf of MAZ and the proposed Class, authorized the eventual gross Settlement at $1 million, following conversations with Wolf Popper.

16.    I, on behalf of MAZ and the proposed Settlement Class, approved entering into the proposed Settlement based on my understanding of the risks and costs of continued litigation, compared to the amounts that MAZ and other Settlement Class members will prospectively receive from the Settlement.

17.    I received my MBA with a major in finance from Columbia University, and have been in the investment business for well over 40 years.  Given my professional background, I gave my feedback on various pleadings, responses to motions, and the pre-mediation statement in connection with the Action.

18.    I believe that the $1 million Settlement in this Action is an excellent result for the Settlement Class, given the circumstances.

19.    I understand that the $1 million will prospectively be reduced by requested attorneys' fees of 25% ($250,000), and reimbursement of litigation expenses (not to exceed $28,000).  I and MAZ consider those fees and reimbursement of expenses to be reasonable and appropriate given counsel's litigation efforts and the $1 million Settlement Amount.

20.    I am informed by MAZ's counsel that under the Private Securities Litigation Reform Act of 1995, MAZ is entitled to request reimbursement for "reasonable costs and expenses (including lost wages) directly relating to the representation of the Class."  15 U.S.C.

4

§ 78u-4(a)(4). While I do not keep records of my time like counsel, I estimate that I expended in excess of 40 hours that I would otherwise have spent working on behalf of MAZ reviewing draft and final pleadings, briefs, discovery requests, and other documents filed or served in this Action, participating in a full-day mediation that lasted beyond normal working hours, and discussing the various matters with counsel referenced above.

21.     I am not paid by the hour by MAZ. However, based upon my annual compensation and benefits provided by MAZ, I estimate that my hourly rate would be $250 per hour. I consider $5,000 in compensation to be reasonable and appropriate. I and MAZ have received no compensation for my time expended as part of the litigation.

22.     MAZ's support for the Settlement is not contingent upon a request for compensation for out of pockets costs or my requested reimbursement of $5,000. I understand that the Court may award MAZ less or no compensation, and such a result would not change MAZ's support for the Settlement.

23.     MAZ would not have commenced a litigation if MAZ had not suffered losses as a result of investing in FCHS common stock. I, on behalf of MAZ, had a responsibility to maximize the recovery for MAZ's investors and of similarly situated investors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15 day of December, 2020.

By: _Walter Schenker_____
Walter Schenker

5