**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAZ PARTNERS LP, Individually and On
Behalf of All Others Similarly Situated,

Plaintiff,

v.

FIRST CHOICE HEALTHCARE
SOLUTIONS, INC. and CHRISTIAN
ROMANDETTI, SR.,

Defendants.

**Case No. 6:19-cv-00619-PGB-LRH**

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for a hearing pursuant to the Order of this Court entered on March 1, 2021 (ECF No. 67, "Preliminary Approval Order"), on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement (ECF No. 64-1, the "Stipulation"), executed as of October 8, 2020, and filed with the Court on December 28, 2020. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court has received declarations attesting to the mailing of the Postcard Notice, publication of the Summary Notice, and mailing and distribution of the Full Notice and Proof of Claim and Release Form and compliance with 28 U.S.C. § 1715 in accordance with the Preliminary Approval Order. Due and adequate notice having thus been given to the Settlement Class as required by the Preliminary

1

Approval Order, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing therefore, it is hereby **ORDERED**:

1.     This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all Parties to the Action and all Settlement Class Members.

2.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, a Settlement Class consisting of all persons or entities who purchased or otherwise acquired First Choice Healthcare Solutions, Inc. ("FCHS" or "First Choice") common stock during the period between April 1, 2014, and November 14, 2018, both dates inclusive, and who did not sell all such securities prior to November 14, 2018, including Lead Plaintiff, and excluding: (i) Defendants; the officers, directors, and employees of First Choice during the Class Period (the "Excluded D&Os"); members of Defendants' and Excluded D&Os immediate families, legal representatives, heirs, agents, affiliates, successors or assigns; and any entity in which Defendants, the Excluded D&Os, or their immediate families have or had a controlling interest; and (ii) Steward Health Care System LLC and its affiliates, successors, and assigns.

3.     Solely for the purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class

pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met:  (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the members of the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the other members of the Settlement Class; (d) Lead Plaintiff and Lead Counsel will fairly and adequately protect the interests of the members of the Settlement Class in connection with the Settlement; (f) common questions of law and fact predominate over questions affecting only individual members of the Settlement Class; (g) resolution of the claims in this Action by way of the Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

4.      In its order granting preliminary approval to the Settlement (ECF No. 67), the Court preliminarily certified the Settlement Class pursuant to Rules 23(a) and 23(b)(3).  The Court hereby reaffirms and finally concludes that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff MAZ Partners LP is an adequate class representative and designates MAZ Partners LP as "Class Representative" for the Settlement Class. The Court also appoints Lead Counsel, Wolf Popper LLP, as "Class Counsel" for the Settlement Class, and Ron Cohen of the law firm of Lorium PLLC f/k/a Rice Pugatch Robinson Storfer & Cohen PLLC as "Local Counsel" for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.    This Court finds that the distribution of the Postcard Notice and Full Notice, and the publication of the Summary Notice, and the form and methodology of notice, all implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order: (i) constituted the best notice practicable under the circumstances; (ii) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses and an award to Lead Plaintiff, pursuant to 15 U.S.C. § 78u–4(a)(4), of its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees, reimbursement of litigation expenses and an award to Lead Plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(4) of costs and expenses (including lost wages), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the settling parties and hereby fully and finally approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.  Accordingly, the Parties and their counsel are hereby authorized and directed to implement and consummate the Settlement in accordance with the terms and conditions set forth in the Stipulation and in this Order and Final Judgment.

7.     The Action and all Settled Claims are **DISMISSED WITH PREJUDICE** in their entirety.  The Parties shall bear their own costs, except as and to the extent provided in the Stipulation, this Order and Final Judgment ("Judgment"), or any other Order by this Court awarding attorneys' fees and expenses.

8.     In accordance with the Stipulation, the term "Defendants" means First Choice and Romandetti.

9.     In accordance with the Stipulation, for purposes of this Judgment the term "Released Parties" means and includes each of the Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, representatives, successors, predecessors, assigns, assignees, partnerships, partners, principals, employees, trustees, trusts, immediate family members, insurers including but not limited to Defendants' Insurer, reinsurers, professional

advisors, and attorneys, in their capacities as such, and such others as is usual and customary.

10.    In accordance with the Stipulation, for purposes of this Judgment the term "Settled Claims" means any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in any forum by the Settlement Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Released Parties, which arise out of, or relate in any way, directly or indirectly, to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Action, including without limitation, claims for violation of securities laws, negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, and breach of fiduciary duty, arising out of, based upon or related in any way to the allegations in the Action, including but not limited to: (i) any alleged market manipulation; (ii) First Choice's published statements, including public filings; and (iii) the purchase or acquisition of First Choice common stock.  Specifically excluded from Settled Claims are all claims asserted in the litigation styled *Zurilo v. Romandetti,*

Case No: 6:20-cv-387-Orl-40LRH (M.D. Fla.), to the extent such claims were asserted derivatively on behalf of First Choice.

11. Upon the Effective Date, Class Representative and all other Settlement Class Members and all other Persons claiming through or on behalf of any of them, shall be: (a) deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed all Settled Claims against the Released Parties; (b) subject to and bound by the provisions of the Stipulation and this Judgment, the releases contained herein, and by all other proceedings, rulings, orders, determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class; and (c) permanently barred and enjoined from, to the fullest extent allowed under Section 21D(f)(7) of the Exchange Act, 15 U.S.C. § 78u-4(f)(7), and the common law of the U.S. Court of Appeals for the Eleventh Circuit, commencing, instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting all claims, including, but not limited to, claims for contribution, indemnification or equitable indemnification against any Party or third person, including, but not limited to, any trustee appointed in a Chapter 7 or 11 bankruptcy proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor related, directly or indirectly, to the facts of this Action.

12. Upon the Effective Date, Defendants, anyone acting or purporting to act for any Defendant, and the Released Parties shall be: (a) deemed to have, and

by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff/Class Representative, Settlement Class Members, Lead Counsel, and Local Counsel from all claims, demands, rights, duties, remedies, liabilities and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in the Action by Defendants or the successors and assigns of any of them against Plaintiff, any Settlement Class Member or any of their attorneys, which arise out of or relate in any way to the institution, prosecution or Settlement of this Action or the Settled Claims, including but not limited to all claims for malicious prosecution or sanctions; provided, however, that Defendants' Claims do not include any claims to enforce any of the terms of this Stipulation or of the Order and Final Judgment, and any claims that could be asserted in response to such a claim to enforce; and (b) permanently barred and enjoined from commencing, instituting, maintaining or continuing to prosecute any Defendants' Claims against Class Representative, Settlement Class Members, Lead Counsel, and/or Local Counsel.

13.     This Judgment, the Stipulation, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, and all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation: (a) shall not be offered or received

8

against any of the Defendants as evidence of a presumption, concession, or admission of any kind; (b) shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in any Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants; (c) shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants; (d) shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to the Stipulation to effectuate the release of Settled Claims and other liability protections granted to them in the Stipulation; (e) shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; (f) shall not be construed as or received in evidence as an admission, concession or presumption against Class Representative or any of the other Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages

9

recoverable in the Action would not have exceeded the Settlement Amount; (g) shall not be used in any manner otherwise prohibited by the Stipulation; and (h) shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action or in any other proceeding. Notwithstanding any provision herein to the contrary, any Party or Released Person may file or introduce the Stipulation or this Judgment in any action or proceeding that may be brought to enforce the terms of the Stipulation and/or this Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action.  Further, any Released Person may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (d) application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to

Settlement Class Members; and (e) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

15. Any orders regarding the Plan of Allocation of the Net Settlement Fund, attorneys' fees and expenses, or any award pursuant to 15 U.S.C. § 78u-4(a)(4) to Class Representative of its costs and expenses (including lost wages) directly relating to the representation of the Settlement Class, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Judgment.

16. No Settlement Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the Released Parties with respect to: (a) any act, omission or determination of Lead Plaintiff's counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the escrow account; (f) any application for, or award of, attorney fees and expenses to Lead Plaintiff's counsel, or the allocation or distribution thereof as between them; (g) any losses suffered by, or fluctuations in the value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Taxes or Tax Expenses incurred in

connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

17.    This Court finds that Class Representative, Lead Counsel, and Local Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

18.    This Court finds that during the course of the Litigation, the Class Representative and its counsel and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

19.    Nothing in this Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

20.    The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of the Stipulation, are not materially inconsistent with this Final Judgment and do not materially limit the rights of Settlement Class Members or the Released Parties under the Stipulation.

21.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Gross Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment (including its certification of the Settlement Class) shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22.    The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Judgment.

**DONE and ORDERED** at Orlando, Florida, this 2d day of August 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

13