**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAZ PARTNERS LP, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

v.

FIRST CHOICE HEALTHCARE
SOLUTIONS, INC. and CHRISTIAN
ROMANDETTI, SR.,

                Defendants.

**Case No. 6:19-cv-00619-PGB-LRH**

**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION
EXPENSES AND LEAD PLAINTIFF PSLRA AWARD**

This matter came on for hearing on July 26, 2021 (the "Final Approval

Hearing") on Lead Plaintiff's Motion for an Award of Attorneys' Fees and

Reimbursement of Litigation Expenses.  The Court having considered all matters

submitted to it at the Final Approval Hearing and otherwise; and it appearing that

notice of the Final Approval Hearing substantially in the form approved by the

Court was mailed to all Settlement Class Members who or which could be identified

with reasonable effort, and that a Summary Notice of the hearing substantially in

the form approved by the Court was published in *PR Newswire* pursuant to the

specifications of the Court; and the Court having considered and determined the

fairness and reasonableness of the award of attorneys' fees and reimbursement of

litigation expenses, as well as the Lead Plaintiff award pursuant to the Private

Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)) ("PSLRA") requested,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 28, 2020 (ECF 64-1, the "Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.     The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.     Notice of Lead Plaintiff's motion for an award of attorneys' fees and reimbursement of litigation expenses and the Lead Plaintiff PSLRA Award was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and reimbursement of litigation expenses and the Lead Plaintiff PSLRA Award satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA, due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     Lead Counsel for the Settlement Class is hereby awarded attorneys' fees in the amount of 25% of the Gross Settlement Fund, plus $29,895.11 in reimbursement of litigation expenses, which sums the Court finds to be fair and

reasonable. Lead Counsel's award of attorneys' fees and reimbursement of litigation expenses shall both be paid from the Gross Settlement Fund. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

a. The Settlement has created a fund of $1,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Proof of Claim and Release Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b. The requested fee has been reviewed and approved as reasonable by Lead Plaintiff;

c. Copies of the Postcard Notice were mailed to a total of at least 7,679 potential Settlement Class Members and their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Gross Settlement Fund and for reimbursement of litigation expenses in an amount not to exceed $30,000, and that Lead Plaintiff would be seeking a PSLRA award of $5,000 from the

3

Gross Settlement Fund, and no objections to the requested fees and expenses were received;

d.  Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

e.  The Action raised a number of complex issues;

f.  Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

g.  Plaintiff's Counsel devoted over 1,341 hours, with a lodestar value of over $935,000, to achieve the Settlement; and

h.  The amount of attorneys' fees awarded and expenses to be reimbursed from the Gross Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.  In accordance with 15 U.S.C. § 78u-4(a)(4), Lead Plaintiff MAZ Partners LP is hereby awarded $5,000 from the Gross Settlement Fund as reimbursement for its reasonable costs and expenses directly related to their representation of the Settlement Class.

7.  Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

4

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**DONE and ORDERED** this 2d day of August 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

5