# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MAZ PARTNERS LP,

       Plaintiff,

v.                                                    Case No:   6:19-cv-619-PGB-LHP

FIRST CHOICE HEALTHCARE
SOLUTIONS, INC. and CHRISTIAN
ROMANDETTI, SR.,

       Defendants.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **LEAD PLAINTIFF MAZ PARTNERS LP'S MOTION FOR APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 82)** |
| **FILED:** | **June 14, 2022** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On March 29, 2019, Plaintiff MAZ Partners LP ("MAZ") filed a putative class action complaint against First Choice Healthcare Solutions, Inc. ("First Choice") and Christian Romandetti, Sr. (collectively, "Defendants"), alleging violations of the federal securities laws.   Doc. No. 1.   The allegations of the complaint relate to an alleged "classic pump and dump scheme" perpetrated by First Choice's former CEO and board chairman, Defendant Romandetti.   *Id.* ¶¶ 3, 19, 78, 94.   On MAZ's motion, the Court appointed MAZ as the lead plaintiff and appointed the law firm of Wolf Popper, LP as lead counsel representing the putative class.   Doc. Nos. 34–35.   Defendants' motions to dismiss were subsequently denied, and they filed answers to the complaint.   Doc. Nos. 13, 28, 37, 45, 48–49.

On May 28, 2020, the parties notified the Court that they had reached a settlement.   Doc. No. 58.   Thereafter, MAZ filed a motion for preliminary approval of the class action settlement, preliminary certification of the settlement class, and approval of notice to the settlement class.   Doc. No. 64.   The Court granted the motion, preliminarily approved the settlement, certified a settlement class for the purposes of effectuating the settlement, designated MAZ as class representative of the settlement class, and set the matter for a final approval hearing.   Doc. No. 67.   The Court also approved the form and content of the notice to the settlement class, and authorized lead counsel to retain A.B. DATA, LTD. to implement the terms of the stipulated settlement, give notice of the settlement, and

administer the settlement fund.   *Id.* at 5–6.   The Court also established several procedures regarding class members' participation in the settlement, exclusion from the settlement class, and objection to the proposed settlement.   *Id.* at 6–10. The Court retained jurisdiction related to the proposed settlement.   *Id.* at 12.

On July 23, 2021, the Court held a final approval hearing, at which it considered MAZ's motion for final approval of the class action settlement (Doc. No. 69), as well as MAZ's motion for attorney's fees (Doc. No. 70).   Doc. No. 77.   The Court granted both motions, and thereafter entered an Order Approving Plan of Allocation of Net Settlement Fund, a Final Judgment and Order of Dismissal with Prejudice, and an Order Awarding Attorneys' Fees and Litigation Expenses and Lead Plaintiff PSLRA Award.   Doc. Nos. 78–81.

Now before the Court is MAZ's Motion for Approval of Distribution of Net Settlement Fund.   Doc. No. 82.   In the motion, MAZ requests that the Court enter a "Distribution Order" to:

> (1) approve the Claims Administrator A.B. Data, Ltd.'s ("A.B. Data") administrative determinations regarding the acceptance and rejection of claims submitted in connection with the Settlement of the above-captioned action ("Action");
>
> (2) direct distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Settlement Class Members whose Proof of Claim and Release Forms have been accepted;
>
> (3) approve the plan for re-distribution and/or donation of any funds remaining in the Net Settlement Fund following the distribution to Settlement Class Members;

(4) direct payment out of the Settlement Fund to A.B. Data in the amount of $34,069.15, for the balance of its fees and expenses incurred and to be incurred in connection with the administration and distribution of the Net Settlement Fund;

(5) authorize the destruction of paper copies of Proof of Claim and Releases ("Claim Form"), and all related paper documents, one year after distribution of the Net Settlement Fund, and authorize the destruction of electronic files containing claim records three years after distribution of the Net Settlement Fund;

(6) bar claims other than for willful misconduct or fraud against persons involved in the claims administration and distribution process;

(7) bar Settlement Class Members from making further claims against the Net Settlement Fund beyond the amount allocated to them; and

(8) for such other and further relief as this Court deems appropriate.

*Id.* at 1–2.   MAZ states that should the Court enter the Distribution Order, "Authorized Claimants"[1] will receive their pro rata share of the settlement fund in accordance with the "Plan of Allocation."[2]  *Id.* at 2.   With the motion, MAZ submits the Declaration of Eric J. Miller, Senior Vice President of A.B. Data, Ltd.'s Class Action Administration Division.   Doc. No. 82-1.

---

[1] "Authorized Claimant" means any Claimant whose claim for recovery has been allowed by the Claims Administrator pursuant to the terms of this Stipulation or by order of the Court.   *See* Doc. No. 64-1, at 6, ¶ 3.

[2] "Plan of Allocation" means the plan for allocating the Net Settlement Fund, as set forth in Exhibit A-2 to the parties' stipulated settlement agreement.   *See* Doc. No. 64-1, at 10, ¶ 30; Doc. No. 64-1, at 59–74.

No responses to MAZ's motion have been filed, and thus, the filing is deemed unopposed.  *See* Local Rule 3.01(c).   The motion has been referred to the undersigned.   Upon review, the undersigned ordered Lead Counsel to file a proposed order regarding the motion, which Lead Counsel has timely submitted. *See* Doc. Nos. 83–84.   Thus, the matter is ripe for disposition.

Having now considered Lead Plaintiff Maz Partners LP's Motion for Approval of Distribution of Net Settlement Fund and Incorporated Memorandum of Law (Doc. No. 82), the Declaration of Eric J. Miller filed in support of the motion (Doc. No. 82-1), and the Proposed Order Approving Distribution of Net Settlement Fund (Doc. No. 84), as well as the Court's Order Approving Plan of Allocation of Net Settlement Fund (Doc. No. 79) and Final Judgment and Order of Dismissal with Prejudice (Doc. No. 80), the undersigned will respectfully recommend that the Court enter the Proposed Order Approving Distribution of Net Settlement Fund. *See* Doc. No. 84.   The terms as set forth in the Proposed Order are in compliance with the Court's Order Approving Plan of Allocation of Net Settlement Fund, and the Court's Final Judgment and Order of Dismissal with Prejudice, Doc. Nos. 79–80, and the undersigned does not find any of the terms to be objectionable or problematic.  *See also Pritchard v. Apyx Med. Corp.*, No. 8:19-cv-00919-SCB-AEP, 2021 WL 2451356, at *1 (M.D. Fla. June 15, 2021) (entering similar class distribution order); *In re Rayonier Inc. Sec. Litig.*, No. 3:14-cv01395-J-32JBT, Doc. No. 178 (M.D.

Fla. Nov. 26, 2018) (same); *Bd. of Trs. of City of Lake Worth Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:10-cv-845-J-32MCR, Doc. No. 123 (M.D. Fla. Jan. 31, 2013) (same).

Accordingly, the undersigned respectfully **RECOMMENDS** that that Court:

1. **GRANT** Lead Plaintiff Maz Partners LP's Motion for Approval of Distribution of Net Settlement Fund and Incorporated Memorandum of Law (Doc. No. 82); and

2. **ENTER** the Proposed Order Approving Distribution of Net Settlement Fund (Doc. No. 84).

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 5, 2022.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

- 6 -

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy